**SCHUBERT JONCKHEER & KOLBE LLP**
Robert C. Schubert (S.B.N. 62684)
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Tel: (415) 788-4220
Email: rschubert@sjk.law

*Counsel for Lead Plaintiff Movant and*
*Proposed Liaison Counsel for the Class*

**LOWEY DANNENBERG, P.C.**
Uriel Rabinovitz
Christian Levin
Andrea Farah
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone:  914-997-0500
Email: urabinovitz@lowey.com
        clevis@lowey.com
        afarah@lowey.com

*Counsel for Lead Plaintiff Movant and*
*Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR D. MENASHE, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BIOGEN INC., MICHAEL VOUNATSOS, JEFFREY D. CAPELLO, and MICHAEL R. MCDONNELL,<br><br>    Defendants. | No. 2:20-cv-10399-JVS<br><br>**LEONARD SHAPIRO'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Hon. James V. Selna<br>Hearing Date: February 22, 2021<br>Time: 1:30 PM<br>CTRM: Courtroom 2 |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................................ii

PRELIMINARY STATEMENT .........................................................................................1

ARGUMENT ......................................................................................................................3

   I.     THE BIOGEN INVESTOR GROUP IS INADEQUATE AND

        ATYPICAL ................................................................................................3

   II.    MS. SHASH IS INADEQUATE AND ATYPICAL .........................................6

   III.   MR. SHAPIRO SHOULD BE APPOINTED LEAD PLAINTIFF...............8

   IV.   MR. SHAPIRO'S SELECTION OF COUNSEL SHOULD BE

        APPROVED ..............................................................................................10

CONCLUSION .................................................................................................................11

LEONARD SHAPIRO'S OPPOSITION TO
COMPETING LEAD PLAINTIFF MOTIONS                    Case No. 2:20-cv-10399-JVS

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Apple v. LJ Int'l Inc.*,
    No. 07-cv-6076 GAF, 2008 WL 11343371 (C.D. Cal Feb. 8, 2008) ...........................4

*Borteanu v. Nikola Corp.*,
    No. 20-cv-01797-PHX-SPL, 2020 WL 7392795 (D. Ariz. Dec. 15, 2020) .................3

*In re Cavanaugh,*
    306 F. 3d 726 (9th. Cir. 2002) .......................................................................... 8, 10

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ........................................................................................8

*In re Donnkenny Inc. Sec. Litig.*,
    171 F.R.D. 156 (S.D.N.Y. 1997) .................................................................................3

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) ...................................................................................7

*Frias v. Dendreon Corp.,*
    835 F. Supp. 2d 1067 (W.D. Wash. 2011) ..................................................................5

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) .......................................................................................9

*In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.,*
    209 F.R.D. 447 (C.D. Cal. 2002) ............................................................................ 3, 5, 6

*Jakobsen v. Aphria, Inc.*,
    No. 18 CIV. 11376 (GBD), 2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) .................6

*Karp v. Diebold Nixdorf, Inc.*,
    No. 19 CIV. 6180 (LAP), 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019)
    *adhered to on reconsideration*, No. 19 CIV. 6180 (LAP),
    2019 WL 6619351 (S.D.N.Y. Dec. 5, 2019)................................................................7

*Kinney v. Capstone Turbine Corp.*,
    No. 15-cv-8914 DMG, 2016 WL 5341948 (C.D. Cal. Feb. 29, 2016) ........................4

*Kniffin v. Micron Tech., Inc.*,
   379 F. Supp. 3d 259 (S.D.N.Y. 2019)..............................................................................3

*In re Level 3 Commc'ns, Inc., Sec. Litig.*,
   No. 09-CV-00200-PAB-CBS, 2009 WL 10684924 (D. Colo. May 4, 2009) ................5

*Lomingkit v. Apollo Educ. Grp. Inc.*,
   No. CV-16-00689-PHX-DLR, 2016 WL 3345514 (D. Ariz. June 16, 2016) .............10

*In re Network Assocs., Inc. Sec. Litig.*,
   76 F. Supp. 2d 1017 (N.D. Cal. 1999) ...........................................................................4

*Perez v. HEXO Corp.*,
   No. 19 CIV. 10965 (NRB), 2020 WL 905753 (S.D.N.Y. Feb. 25, 2020),
   *reconsideration denied sub nom. In re HEXO Corp. Sec. Litig.*,
   No. 19 CIV. 10965 (NRB), 2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020) ............ 6, 7

*In re Quintus Sec. Litig.*,
   201 F.R.D. 475 (N.D. Cal. 2001) ...................................................................................7

*Ross v. Abercrombie & Fitch Co.*,
   No. 2:05-CV-819, 2007 WL 895073 (S.D. Ohio Mar. 22, 2007) ..................................4

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................... 9, 10

**Other Authorities**

Local Rule of the Central District of California 7-6 ........................................................7

LEONARD SHAPIRO'S OPPOSITION TO
COMPETING LEAD PLAINTIFF MOTIONS                                    Case No. 2:20-cv-10399-JVS

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Leonard Shapiro ("Mr. Shapiro" or "Movant") respectfully submits this memorandum of points and authorities in further support of his Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (ECF No. 12), seeking an entry of an Order: (1) appointing Mr. Shapiro as Lead Plaintiff on behalf of all persons and entities other than the defendants in the above-captioned actions ("Defendants") who purchased or otherwise acquired securities of Biogen Inc. ("Biogen" or the "Company") during the Class Period; (2) approving Mr. Shapiro's selection of Lowey Dannenberg, P.C. ("Lowey") as Lead Counsel and Schubert Jonckheer & Kolbe LLP ("Schubert") as Liaison Counsel; and (3) denying all competing motions.

## **PRELIMINARY STATEMENT**

Mr. Shapiro is a sophisticated investor with 45 years of experience in the securities markets. *See* Declaration of Leonard Shapiro filed herewith as Exhibit A. Mr. Shapiro lost $177,155.14 in his transactions of Biogen securities. *See* ECF No. 12-3. Two other lead plaintiff motions were filed, each claiming a larger financial interest than Mr. Shapiro: (i) The Biogen Investor Group,[1] consisting of three individuals from Minnesota, Pennsylvania, and Florida who claim an aggregate loss of $1,304,106; and (ii) Nadia Shash ("Shash") who claims a loss of $1,659,460. *See* ECF Nos. 8 and 14.

However, neither of the competing movants have made the initial showing of Rule 23 adequacy and typicality required to trigger the "most adequate plaintiff" presumption under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(iii). It is critical to note that courts determining the most adequate

---

[1]     The Biogen Investor Group consists of Alexander Bondarenko ("Bondarenko"), Igor Rabinovich ("Rabinovich"), and Roman Suleymanov ("Suleymanov") (ECF No. 16).

1

LEONARD SHAPIRO'S OPPOSITION TO
COMPETING LEAD PLAINTIFF MOTIONS                           Case No. 2:20-cv-10399-JVS

lead plaintiff do not merely perform a rote comparison of alleged losses. Instead, numerical loss is only the first step in the process. The second step is analyzing a proposed lead plaintiff's typicality and adequacy under Rule 23.

The Biogen Investor Group appears to be a group of movants brought together by counsel solely to create the largest financial interest. Their members are dispersed throughout the country with no specific client driven reasons provided for their grouping. The Joint Declaration submitted by the Biogen Investor Group (ECF No. 16-4) is the type of general conclusory declaration that courts have repeatedly rejected. In fact, the Joint Declaration fails to demonstrate that Biogen Investor Group is a well-functioning group, while providing no class driven reason why the grouping is necessary.

The second movant, Ms. Shash, also failed to demonstrate her adequacy and typicality. Ms. Shash did not provide any background information—via a sworn declaration or any other acceptable proof—about herself and her ability and commitment to prosecute this action on behalf of the Class. This lack of information prevents other movants from properly vetting her intentions and experience in seeking lead plaintiff appointment. *See* ECF No. 9 at 8.

In contrast to the inadequate and atypical movants noted above, Mr. Shapiro is a sophisticated investor with 45 years of experience investing in the securities markets and is perfectly suitable to zealously prosecute this action on behalf of the Class. *See* Ex. A at ¶¶ 2-5.

Under these circumstances, and considering his substantial losses, experience, and motivation, the Court should appoint Mr. Shapiro Lead Plaintiff and approve his selection of Lead Counsel and Liaison Counsel. The Court should also decline to appoint the Biogen Investor Group or Ms. Shash as Lead Plaintiffs for failing to satisfy the pertinent requirements of Rule 23.

2

LEONARD SHAPIRO'S OPPOSITION TO
COMPETING LEAD PLAINTIFF MOTIONS

Case No. 2:20-cv-10399-JVS

## ARGUMENT

## I.   THE BIOGEN INVESTOR GROUP IS INADEQUATE AND ATYPICAL

Although the PSLRA allows groups to serve as lead plaintiffs, one of the primary purposes of the PSLRA is to "prevent lawyer-driven litigation." *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.,* 209 F.R.D. 447, 451 (C.D. Cal. 2002) (quoting *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997)).  "An aggregate lead plaintiff can defeat the purpose of appointing a lead plaintiff altogether." *Borteanu v. Nikola Corp.,* No. 20-cv-01797-PHX-SPL, 2020 WL 7392795, at * 5 (D. Ariz. Dec. 15, 2020). "Due to the hesitancy to appoint groups as lead plaintiff, courts often focus on evidence of cohesion in the group."  *Id.* District Courts routinely require "an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs." *Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 262 (S.D.N.Y. 2019).  Courts in this district have required a group to meet strict criteria, including that it must:

> [P]rovide appropriate information about its members, structure, and intended functioning. Such information should include descriptions of its members, including any preexisting relationships among them; an explanation of how it was formed and how its members would function collectively; and a description of the mechanism that its members and the proposed lead counsel have established to communicate with one another about the litigation. If the proposed group fails to explain and justify its composition and structure to the court's satisfaction, its motion should be denied or modified as the court sees fit.

3

LEONARD SHAPIRO'S OPPOSITION TO
COMPETING LEAD PLAINTIFF MOTIONS

Case No. 2:20-cv-10399-JVS

*Apple v. LJ Int'l Inc.*, No. 07-cv-6076 GAF, 2008 WL 11343371 *3 (C.D. Cal Feb. 8, 2008) (quoting *In re Network Assocs., Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1026-27 (N.D. Cal. 1999) (quoting Amicus Brief of SEC at 12 & 15 *Parnes v. Digital Lightwave, Inc.*, No. 99-11293 (11th Cir. Aug. 25, 1999)))).

The Biogen Investor Group is made up of three individuals: Bondarenko, Rabinovich, and Suleymanov.  *See* ECF No. 16-4 at ¶¶ 1-3.  While Bondarenko and Rabinovich assert that they are brothers in law (*id.* at ¶¶ 2-3), it remains unclear how they are related or previously were associated, if at all, with Suleymanov.  Courts in similar situations have declined to approve such disparate groups as lead plaintiffs.  *See Kinney v. Capstone Turbine Corp.*, No. 15-cv-8914 DMG, 2016 WL 5341948 at *3 (C.D. Cal. Feb. 29, 2016) ("a prior-existing relationship between half of the group's members does not create a pre-litigation relationship as to the rest of the group") (*citing Ross v. Abercrombie & Fitch Co.*, No. 2:05-CV-819, 2007 WL 895073, at *4 (S.D. Ohio Mar. 22, 2007) (upholding decision by magistrate judge declining to appoint group of four individuals as lead plaintiff in part because "only two…had any prior relationship")).

The constituents of the Biogen Investor Group are also geographically dispersed among three states: Minnesota, Pennsylvania, and Florida (ECF No. 16-4 at ¶¶ 2-4). The distance between members of the Biogen Investor Group "would impede their ability to manage and to control . . . litigation in California." *In re Network,* 76 F. Supp. 2d at 1030.

The Biogen Investor Group's Joint Declaration fails to overcome these inadequacies. Their Declaration has presented no explanation of the group's formation, its operational structure, or how its members intend to work as a cohesive group and make uniform decisions on behalf of the Class. *See generally,* ECF No. 16-4. The Joint Declaration does not even attempt to explain how the investors are

4

LEONARD SHAPIRO'S OPPOSITION TO
COMPETING LEAD PLAINTIFF MOTIONS

Case No. 2:20-cv-10399-JVS

purportedly related, share common interests, or how the group plans to coordinate their efforts and activities in the Action. *Id.* As such, the Joint Declaration's conclusory statements and assurances about the Biogen Investor Group's commitment to "prosecute[] the case in a collaborative and likeminded manner" (*id.* ¶ 6) fail to meet the evidentiary showing required of a lead plaintiff group application under the PSLRA. *See Gemstar-TV*, 209 F.R.D. at 451 ("The group members provide little detail concerning the procedures they have implemented to 'provide for efficient prosecution of the action' . . . [or] how its members and attorneys will conduct 'regular meetings' efficiently or participate in the discovery process, given the group's size and the fact that its members and attorneys are scattered throughout the world.")[2]; *Frias v. Dendreon Corp.,* 835 F. Supp. 2d 1067, 1074 (W.D. Wash. 2011) ("The joint declaration contains myriad conclusory statements and generalizations, such as that they are a small, cohesive group who intend to work closely together and they will communicate, individually or as a group, with each other and with counsel, to the extent they determine necessary to fairly and adequately represent the interests of the Class."). In sum, "[t]hese types of generalities have little or no substance and do not further the position of this otherwise unrelated group of individuals as an adequate class representative." *Id.* at 1075. Such unrelated combinations do not meet the typicality and adequacy requirements of Rule 23.

Furthermore, the Court should not permit the members of the Biogen Investor Group to be considered individually as the Biogen Investor Group did not request that any of its constituents be appointed as lead plaintiff individually in the event the Court did not appoint the Biogen Investor Group. Therefore, none of the individuals themselves "made a motion" pursuant to the PSLRA and should not be considered further. *See In re Level 3 Commc'ns, Inc., Sec. Litig.*, No. 09-CV-00200-PAB-

---

[2]    All internal citations and quotations omitted unless otherwise stated.

5

LEONARD SHAPIRO'S OPPOSITION TO
COMPETING LEAD PLAINTIFF MOTIONS                                    Case No. 2:20-cv-10399-JVS

CBS, 2009 WL 10684924, at *5 (D. Colo. May 4, 2009) (declining to consider individual constituents of a group because neither individual "'made a motion' in response to the notice of the putative class action"); *Jakobsen v. Aphria, Inc.*, No. 18 CIV. 11376 (GBD), 2019 WL 1522598, at *4 (S.D.N.Y. Mar. 27, 2019) (declining to consider whether individual group members could be appointed as lead plaintiff as there were no separate motions to appoint any member of the group as a lead plaintiff on an individual basis).

In short, there is simply no evidence that the constituents have any meaningful connection between them nor any procedures in place to conduct an efficient prosecution of this action. Accordingly, the Court should deny the motion submitted by Biogen Investor Group.

## II. MS. SHASH IS INADEQUATE AND ATYPICAL

Here, Ms. Shash—who claims to be an attorney—proffered no sworn declaration or other acceptable proof from which the Court could evaluate her typicality and adequacy to serve as lead plaintiff. Ms. Shash failed to provide any information regarding her experience in securities markets, her trading history or strategy, nor any indication whether the trades she allegedly executed were made by her personally or by her broker, dealer, or some other third party who may have exercised their own discretion to trade in Biogen securities. *See In re Gemstar-TV,* 209 F.R.D. at 452 (declining to appoint plaintiff movants who "provide no briefing and proffer no declarations concerning their ability to act as lead plaintiffs"). Instead, Ms. Shash's selected counsel provided an unsupported four-sentence statement, purportedly summarizing Ms. Shash's educational and professional background. Counsel advised the Court that Ms. Shash is an attorney, "has been investing for 10 years," and is a "CEO and founder" of a small business. ECF No. 9 at 8. As the Court observed in *Perez v. HEXO Corp.*, No. 19 CIV. 10965 (NRB), 2020 WL 905753,

LEONARD SHAPIRO'S OPPOSITION TO
COMPETING LEAD PLAINTIFF MOTIONS                    Case No. 2:20-cv-10399-JVS

at *2 (S.D.N.Y. Feb. 25, 2020), *reconsideration denied sub nom. In re HEXO Corp. Sec. Litig.*, No. 19 CIV. 10965 (NRB), 2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020) ("*Hexo*"), an investor "seeking to be appointed lead plaintiff—though he need only make a preliminary showing that he satisfies the requirements of Rule 23, [ ] 'nonetheless needs to provide enough information to make that preliminary showing.'" *Id.* at *2 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)). "This is particularly true where [ ]the lead plaintiff applicant is an individual rather than an institutional investor." *Hexo,* 2020 WL 905753 at *2.

Accordingly, courts have held that movants like Ms. Shash who proffer no evidence of their adequacy are not suitable to represent the class. *See Hexo,* 2020 WL 905753 at *3 (movant with the largest financial interest failed to make *prima facie* showing of his adequacy and typicality); *Cf. Karp v. Diebold Nixdorf, Inc.*, No. 19 CIV. 6180 (LAP), 2019 WL 5587148, at *2 (S.D.N.Y. Oct. 30, 2019), *adhered to on reconsideration*, No. 19 CIV. 6180 (LAP), 2019 WL 6619351 (S.D.N.Y. Dec. 5, 2019) (declining to appoint individual investor movants as lead plaintiff where movants had, *inter alia*, failed to make a preliminary showing of adequacy under Rule 23).

Additionally, Ms. Shash's contentions regarding her background, which are unsupported by a sworn declaration or other evidence, fail to conform to the Local Rules of the Central District of California ("L.R."), which clearly mandate that "[f]actual contentions involved in any motion and opposition to motions shall be presented, heard, and determined upon declarations and other written evidence. . . ." L.R. 7-6. Ms. Shash's failure to proffer such a sworn declaration demonstrates her inability to monitor and prosecute complex litigation and precludes her selection here as lead plaintiff. *Cf. In re Quintus Sec. Litig.*, 201 F.R.D. 475, 490 (N.D. Cal. 2001) (plaintiff who refused to submit a declaration answering questions related to his interest in the litigation could not "be counted on to monitor complex litigation").

7

LEONARD SHAPIRO'S OPPOSITION TO
COMPETING LEAD PLAINTIFF MOTIONS                                        Case No. 2:20-cv-10399-JVS

This omission clearly demonstrates that Ms. Shash is not properly overseeing the litigation she now desires to lead on behalf of an entire class of Biogen investors.

Ms. Shash failed to make a *prima facie* showing of her adequacy and typicality under Rule 23, and her motion to be appointed lead plaintiff should be denied.

## III.    MR. SHAPIRO SHOULD BE APPOINTED LEAD PLAINTIFF

Mr. Shapiro, with losses $177,155.14 (ECF No. 6-3), is the presumptive Lead Plaintiff as he has the remaining largest financial interest *and also* satisfies the typicality and adequacy requirements of Rule 23. In assessing whether a movant has made a *prima facie* showing of typicality and adequacy under Rule 23(a) determination, the district court should initially rely on the presumptive lead plaintiff's complaint or sworn certification. *In re Cavanaugh,* 306 F. 3d 726, 730-31 (9th. Cir. 2002) ("[T]here is no adversary process to test the substance" of movant's *prima facie* showing. (*citing In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001))).

As discussed in Mr. Shapiro's Declaration attached hereto as Ex. A, Mr. Shapiro has provided information that amply satisfies the typicality and adequacy requirements under Rule 23(a), making him the presumed most adequate plaintiff. Specifically, Mr. Shapiro is a sophisticated investor with 45 years of experience investing in the securities markets. Ex. A at ¶¶ 2-5. Mr. Shapiro traded Biogen securities in his own account, without the use of brokers, dealers, or other third parties, and by exercising his own discretion over the trades he placed in Biogen. *Id.* at ¶ 4. Mr. Shapiro traded Biogen securities based on the information that was available about the Company through the Company's regulatory filings, public disclosures, and other public sources. *Id.* at ¶¶ 4-5. As such, Mr. Shapiro is the best positioned of all of the movants to monitor and prosecute this action on behalf of other Biogen investors.

8

LEONARD SHAPIRO'S OPPOSITION TO
COMPETING LEAD PLAINTIFF MOTIONS

Case No. 2:20-cv-10399-JVS

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class: "The test of typicality is whether other members [of the class] have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Here, Mr. Shapiro suffered financial harm as a result of the alleged misconduct by Defendants, which is precisely the same misconduct that injured other members of the Class in the same way during the same Class Period. As such, the claims and defenses of Mr. Shapiro are typical of the Class.

Additionally, Mr. Shapiro—instead of hastily filing this case—diligently researched the underlying claims prior to filing the complaint in the District of Massachusetts, where Biogen is headquartered. *See Shapiro v. Biogen Inc.*, No. 1:21-cv-10017-IT (D. Mass.) (the "*Shapiro* Action"). As a result of his and his counsel's research, Mr. Shapiro named as defendants two additional individuals, each of which played a critical role in the alleged wrongdoing. *See* Complaint, *Shapiro* Action at ¶¶ 20-21. In fact, one of the individual defendants named in the *Shapiro* action—Biogen's Chief Medical Officer—is not even mentioned in the *Menashe* Action, despite that he (i) authored some of the alleged false and misleading statements and (ii) engaged in insider sales just days before the truth was revealed to the public. *See* Complaint, *Shapiro* Action at ¶¶ 44, 48-49, 92. Mr. Shapiro's diligence in researching and filing a far more comprehensive complaint than the *Menashe* Complaint amply demonstrates his ability to monitor and oversee this litigation.

To overcome the strong presumption entitling Mr. Shapiro to be appointed Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case, and any arguments to the contrary should be flatly rejected. For example, Ms. Shash's

9

LEONARD SHAPIRO'S OPPOSITION TO
COMPETING LEAD PLAINTIFF MOTIONS

Case No. 2:20-cv-10399-JVS

preoccupation with clerical errors in Mr. Shapiro's submission is a red herring and an attempt to blemish Mr. Shapiro's ability to serve as lead plaintiff, when in fact, it is Ms. Shash's own non-compliance with the Local Rules and the PSLRA's underlying requirements, that renders her inadequate.  In any event, Ms. Sash's speculative challenges do not satisfy the PSLRA's requirement that the most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive Lead Plaintiff—here, Mr. Shapiro—will not adequately protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Lomingkit v. Apollo Educ. Grp. Inc.*, No. CV-16-00689-PHX-DLR, 2016 WL 3345514, at *2 (D. Ariz. June 16, 2016).

As Mr. Shapiro has made a demonstration of his typicality and adequacy *and* has the largest remaining financial interest, and no movant has rebutted the presumption with proof, Mr. Shapiro must be appointed Lead Plaintiff.

## IV.    MR. SHAPIRO'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not interfere with Lead Plaintiff's selection unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also, Cavanaugh,* 306 F.3d at 734 n.14.

Mr. Shapiro has selected Lowey as Lead Counsel and Schubert as Liaison Counsel. The firms have the resources and expertise to litigate this action efficiently and aggressively.  As the firms' resumes reflect, Lowey and Schubert are highly experienced in the area of securities litigation and class actions and have successfully prosecuted numerous securities fraud class actions on behalf of investors.  ECF Nos. 12-6 and 12-7, respectively.   Thus, the Court may be assured that by approving Mr.

LEONARD SHAPIRO'S OPPOSITION TO
COMPETING LEAD PLAINTIFF MOTIONS

Case No. 2:20-cv-10399-JVS

Shapiro's selection of counsel, the members of the class will receive excellent legal representation.

### **CONCLUSION**

For the foregoing reasons, Mr. Shapiro respectfully requests the Court issue an Order: (1) appointing Mr. Shapiro as Lead Plaintiff; (2) approving Mr. Shapiro's selection of Lowey as Lead Counsel and Schubert as Liaison Counsel; and (3) denying all competing motions.

Dated:  February 1, 2021                    Respectfully submitted,

*/s/ Robert C. Schubert*
Robert C. Schubert (S.B.N. 62684)
**SCHUBERT JONCKHEER &**
    **KOLBE LLP**
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Tel: (415) 788-4220
Email: rschubert@sjk.law

*Counsel for Lead Plaintiff Movant and*
*Proposed Liaison Counsel for the Class*

**LOWEY DANNENBERG, P.C**.
Uriel Rabinovitz (*pro hac vice* forthcoming)
Christian Levin (*pro hac vice* forthcoming)
Andrea Farah (*pro hac vice* forthcoming)
44 South Broadway, Suite 1100
White Plains, New York 10601
Tel: 914-997-0500
Email: urabinovitz@lowey.com
        clevis@lowey.com
        afarah@lowey.com

*Counsel for Lead Plaintiff Movant and*
*Proposed Lead Counsel for the Class*

11

## CERTIFICATE OF SERVICE

I, Robert C. Schubert, hereby certify that on February 1, 2021, I authorized a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Robert C. Schubert*
Robert C. Schubert

12

LEONARD SHAPIRO'S OPPOSITION TO
COMPETING LEAD PLAINTIFF MOTIONS                                    Case No. 2:20-cv-10399-JVS