**SCHUBERT JONCKHEER & KOLBE LLP**
Robert C. Schubert (S.B.N. 62684)
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Tel: (415) 788-4220
Email: rschubert@sjk.law

*Counsel for Lead Plaintiff Movant and*
*Proposed Liaison Counsel for the Class*

**LOWEY DANNENBERG, P.C.**
Uriel Rabinovitz
Christian Levis
Andrea Farah
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Email: urabinovitz@lowey.com
        clevis@lowey.com
        afarah@lowey.com

*Counsel for Lead Plaintiff Movant and*
*Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR D. MENASHE, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>BIOGEN INC., MICHAEL VOUNATSOS, JEFFREY D. CAPELLO, and MICHAEL R. MCDONNELL,<br><br>        Defendants. | No. 2:20-cv-10399-JVS<br><br>**REPLY MEMORANDUM OF LAW OF LEONARD SHAPIRO IN SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>CLASS ACTION<br><br>JUDGE: Hon. James V. Selna<br>Hearing Date: February 22, 2021<br>Time: 1:30 PM<br>CTRM: Courtroom 2 |

Leonard Shapiro respectfully submits this reply memorandum of law in further support of his Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel (ECF No. 12) and in reply to the competing lead plaintiff opposition (ECF No. 19). Mr. Shapiro's motion seeks entry of an Order: (1) appointing Mr. Shapiro as Lead Plaintiff on behalf of all persons and entities other than the defendants in the above-captioned actions ("Defendants") who purchased Biogen securities during the Class Period; (2) approving Mr. Shapiro's selection of Lowey Dannenberg, P.C. ("Lowey") as Lead Counsel and Schubert Jonckheer & Kolbe LLP ("Schubert") as Liaison Counsel; and (3) denying all competing motions.

## PRELIMINARY STATEMENT

Only one competing movant filed an opposition memorandum to Shapiro's lead plaintiff motion: Nadia Shash. The other movant, The Biogen Investor Group, made up of Alexander Bondarenko, Igor Rabinovich, and Roman Suleymanov, filed a Notice of Non-Opposition to the competing motions for Lead Plaintiff and approval of Lead Counsel (ECF No. 21).

Mr. Shapiro has offered a sworn declaration in compliance with Central District of California Local Rule 7-6 ("L.R."), demonstrating that he is a sophisticated investor with 45 years of experience in investing in the securities markets. *See* ECF No. 23-1. Mr. Shapiro lost $177,155.14 in his transactions of Biogen securities. *See* ECF No. 12-5. While Ms. Shash claims to have a larger financial interest than Mr. Shapiro, Ms. Shash fails to provide evidence from which the Court could evaluate her typicality and adequacy to serve as lead plaintiff. In fact, Ms. Shash offered no information, whether via a sworn declaration or any other acceptable proffer, regarding her experience in securities markets, her trading history, or her investment strategy.

Ms. Shash argues that because Mr. Shapiro is an options trader, he does not meet the adequacy and typicality requirements of Rule 23(a). *See* ECF No. 19 at 16. As

1

the courts in this District have previously held, options traders are typical, and their interests are aligned with other members of the class. *See, e.g.*, *Hoexter v. Simmons,* 140 F.R.D. 416, 421 (D. Ariz. 1991). Unlike Ms. Shash, Mr. Shapiro offered a sworn declaration, providing information that amply satisfies the typicality and adequacy requirements under Rule 23(a), making him the most adequate plaintiff to serve as Lead Plaintiff.

## ARGUMENT

## I.    MR. SHAPIRO IS THE PRESUMED MOST ADEQUATE LEAD PLAINTIFF

The Ninth Circuit has explained that the PSLRA provides a "clear path that the district court must follow in selecting the lead plaintiff." *In re Cavanaugh,* 306 F.3d 726, 729 (9th Cir. 2002); *Alwazzan v. STAAR Surgical Co.*, No. SACV 20-1533 (JVS), 2020 WL 7872963, at *3-4 (C.D. Cal. Oct. 29, 2020) (Selna, J.). After determining that notice of the action is appropriate and timely, the district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Cavanaugh,* 306 F.3d at 730.

Mr. Shapiro is the only movant who satisfies the typicality and adequacy requirements under Rule 23(a), making him the presumed most adequate lead plaintiff. Unlike Ms. Shash, Mr. Shapiro asserted he is an experienced investor with 45 years of experience investing in the securities markets in the form of a declaration filed pursuant to L.R. 7-6 (requiring declarations and other written evidence for factual contentions in any motion and opposition to motions). Mr. Shapiro traded Biogen securities in his own account, without the use of brokers, dealers, or other third parties, and by exercising his own discretion over the trades he placed in Biogen.

REPLY OF LEONARD SHAPIRO IN SUPPORT OF
HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF LEAD COUNSEL                                    Case No. 2:20-cv-10399-JVS

*See* Declaration of Mr. Shapiro, ECF No. 23-1. Mr. Shapiro traded Biogen securities based on the information that was available about the Company through the Company's regulatory filings, public disclosures, and other public sources. *Id.* Mr. Shapiro is the best positioned plaintiff to monitor and prosecute this action on behalf of other Biogen investors.

In her moving papers, though Ms. Shash alleges she has the largest loss, she fails to satisfy the typicality and adequacy requirements required by Rule 23(a). In fact, Ms. Shash failed to provide any information, whether via a sworn declaration or any other written evidence, regarding her experience in securities markets, her trading history, her investment strategy, nor any indication whether the trades she allegedly executed were made by her personally or by her broker, dealer, or some other third party who may have exercised its own discretion to trade in Biogen securities. Ms. Shash merely provided the Court an unsupported four-sentence statement attempting to summarize her educational and professional background. In her moving papers and opposition, Ms. Shash advised the Court that she is an attorney, "has been investing for 10 years," and is a "CEO and founder" of a small business. ECF No. 9 at 8.  As such, Ms. Shash's representations are not sufficient for the Court to determine her adequacy and typicality. *See In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2009) (declining to appoint plaintiff movants who "provide no briefing and proffer no declarations concerning their ability to act as lead plaintiffs").

As the Court observed in *Perez v. HEXCO Corp.*, No. 19 CIV. 10965 (NRB), 2020 WL 905753, at *2 (S.D.N.Y. Feb. 25, 2020), *reconsideration denied sub nom. In re HEXO Corp. Sec. Litig.*, No. 19 CIV. 10965 (NRB), 2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020) (*"Hexo"*), an investor "seeking to be appointed lead plaintiff—though he need only make a preliminary showing that he satisfies the requirements of Rule 23, [ ] 'nonetheless needs to provide enough information to make that preliminary showing.'" *Id.* at *2 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y.

3

2005)). "This is particularly true where [ ] the lead plaintiff applicant is an individual rather than an institutional investor." *Hexo,* 2020 WL 905753 at *2. Ms. Shash failed to provide enough information to make a preliminary showing of her adequacy and typicality, and her motion for appointment as lead plaintiff should be denied.

## II.     MR. SHAPIRO'S PUT OPTION TRADING DOES NOT DISQUALIFY HIM AS PRESUMPTIVE LEAD PLAINTIFF

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class: "The test of typicality is whether other members [of the class] have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quotation and citation omitted). Mr. Shapiro suffered financial harm as a result of the alleged misconduct by Defendants, which is precisely the same misconduct that injured other members of the Class in the same way during the same Class Period. As such, the claims and defenses of Mr. Shapiro are typical of the class.

Ms. Shash's only substantive argument opposing the appointment of Mr. Shapiro as Lead Plaintiff is that he "*only* engaged in options trading" (ECF No. 19 at 16). This one-line attempt at disqualifying Mr. Shapiro is flawed and fails to discuss Mr. Shapiro's trading patterns with specificity. As detailed in his opening papers (ECF No. 12-1 at 9), Mr. Shapiro sold 30 put options for Biogen shares, receiving $25,371.94 in option premiums, and then purchased 2,800 Biogen shares for $896,000. As a result of the disclosures of the fraud, Mr. Shapiro suffered a loss of $177,155.44. The mere engagement in options trading is insufficient to render a plaintiff atypical, especially considering that Mr. Shapiro spent $896,000 on 2,800 shares of Biogen stock. *Id.*

Courts have found option traders—like Mr. Shapiro—to be typical and to have interests aligned with class members. Option traders have met both the typicality and

4

adequacy requirements of Fed. R. Civ. P. 23(a) and have been certified as class representatives to represent the purchasers of all securities of the subject companies, including common stock. *See Hoexter*, 140 F.R.D. at 421 ("'Traders in puts and calls rely on the integrity of the information disseminated in the market just as do purchasers and sellers of the underlying security.' *Moskowitz,* 128 F.R.D. at 631 (quoting *Tolan v. Computervision Corp.*, 696 F. Supp. 771, 779 (D. Mass. 1998))"); *In re Fannie Mae Sec. Litig.*, 247 F.R.D. 32, 42 (D.D.C. 2008) ("In particular, I concur with those courts who have concluded that trading on the belief that the stock price will fluctuate does not necessarily mean that option traders do not rely on the integrity of the market information to predict those fluctuations."); *In re Scientific—Atlanta, Inc. Sec. Litig.,* 571 F. Supp. 2d 1315, 1329-30 (N.D. Ga. Sept. 7, 2007) (finding put options sellers entitled to rebuttable presumption of reliance because put options sellers bet on the integrity of the price of the underlying stock as do stock purchasers); *Crossen v. CV Therapeutics,* No. 03-CV-3709 (SI), 2005 WL 1910928, at *4 (N.D. Cal. Aug. 10, 2005) (court appointed a lead plaintiff as class representative that primarily sold call option contracts, finding that "[g]enerally, investors who trade options are entitled to the fraud-on-the-market presumption because the value of options is directly related to the value of common stock."); *In re Sepracor Inc., Sec. Litig.* 233 F.R.D. 52, 56 (D. Mass. 2005) (appointing an option trader who did not own common stock as one of the representatives of a class that included purchasers of all equity securities).

Ms. Shash's second argument in opposing Mr. Shapiro's appointment as lead plaintiff is similarly unconvincing. Ms. Shash argues that errors in Mr. Shapiro's opening papers demonstrate that he is atypical and inadequate under Rule 23. *See* ECF No. 19. What Ms. Shash fails to provide is a showing that these clerical errors are so substantial as to overcome the statutory presumption in favor of Mr. Shapiro. *In re Advanced Tissue Scis. Sec. Litig.*, 184 F.R.D 346, 351 (S.D. Cal. 1998) (declining to rule that computational and typographical errors to be so substantial as to overcome the

REPLY OF LEONARD SHAPIRO IN SUPPORT OF
HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF LEAD COUNSEL                                                  Case No. 2:20-cv-10399-JVS

statutory presumption in favor of the presumptive Lead Plaintiff). The same outcome is warranted here where any clerical errors in Mr. Shapiro's submission are minor and easily corrected.

## CONCLUSION

For the foregoing reasons, Mr. Shapiro respectfully requests the Court issue an Order: (1) appointing Mr. Shapiro as Lead Plaintiff; (2) approving Mr. Shapiro's selection of Lowey as Lead Counsel and Schubert as Liaison Counsel; and (3) denying all competing motions.

Dated: February 8, 2021                    Respectfully submitted,

                                           */s/ Robert C. Schubert*
                                           Robert C. Schubert (S.B.N. 62684)
                                           **SCHUBERT JONCKHEER &
                                                KOLBE LLP**
                                           Three Embarcadero Center, Suite 1650
                                           San Francisco, California 94111
                                           Tel: (415) 788-4220
                                           Email: rschubert@sjk.law

                                           *Counsel for Lead Plaintiff Movant and*
                                           *Proposed Liaison Counsel for the Class*

                                           **LOWEY DANNENBERG, P.C**.
                                           Uriel Rabinovitz (*pro hac vice* forthcoming)
                                           Christian Levis(*pro hac vice* forthcoming)
                                           Andrea Farah (*pro hac vice* forthcoming)
                                           44 South Broadway, Suite 1100
                                           White Plains, New York 10601
                                           Tel: (914) 997-0500
                                           Email:urabinovitz@lowey.com
                                                clevis@lowey.com
                                                afarah@lowey.com

                                           *Counsel for Lead Plaintiff Movant and*
                                           *Proposed Lead Counsel for the Class*

REPLY OF LEONARD SHAPIRO IN SUPPORT OF
HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF LEAD COUNSEL                                    Case No. 2:20-cv-10399-JVS

## CERTIFICATE OF SERVICE

I, Robert C. Schubert, hereby certify that on February 8, 2021, I authorized a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Robert C. Schubert*
Robert C. Schubert

7

REPLY OF LEONARD SHAPIRO IN SUPPORT OF
HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF LEAD COUNSEL                         Case No. 2:20-cv-10399-JVS