Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

*Additional Counsel on Signature Page*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR D. MENASHE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIOGEN INC., MICHEL VOUNATSOS, JEFFREY D. CAPELLO, and MICHAEL R. MCDONNELL,<br><br>Defendants. | Case No. 2:20-cv-10399-JVS-KS<br><br>**REPLY MEMORANDUM OF LAW OF NADIA SHASH IN FURTHER SUPPORT OF HER LEAD PLAINTIFF MOTION**<br><br><u>CLASS ACTION</u><br><br>JUDGE: James V. Selna<br>HEARING: February 22, 2021<br>TIME: 1:30 PM<br>CTRM: 10C (Santa Ana) |

1

Lead Plaintiff Movant Nadia Shash ("Movant" or "Ms. Shash") respectfully submits this Reply in further support of her lead plaintiff motion. Dkt. No. 8.

### **ARGUMENT**

Ms. Shash is the presumptive lead plaintiff under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and her motion should be granted. Ms. Shash has the largest financial interest.  She lost $1,659,460—nearly 10x greater than that of Leonard Shapiro ("Mr. Shapiro"), at $177,155. Dkt. Nos. 10-3 and 12-5.[1]  Ms. Shash has made the preliminary showing of adequacy and typicality required by the PSLRA by submitting a sworn certification under the PSLRA.  Dkt. No. 10-2; *Veal v. LendingClub Corp.*, 2018 WL 5879645, at *4 (N.D. Cal. Nov. 7, 2018) ("'When the court makes [this] initial determination, it must rely on the ... complaint and sworn certification; there is no adversary process to test the substance of those claims.'  [] As such, [Ms. Shash] need only make a *prima facie* showing that [she] satisfies the Rule 23 requirements of typicality and adequacy." (quoting *In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002))); *In re Wrap Techs., Inc. Sec. Exch. Act Litig.*, 2021 WL 71433, at *3 (C.D. Cal. Jan. 7, 2021) (adequacy found from a PSLRA certification); *Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *6 (C.D. Cal. Sept. 29, 2017) (typicality found from a "sparse" PSLRA certification).

Additionally, as explained in her opening papers, Ms. Shash is the founder and chief executive officer of a company certified with U.S. Small Business Administration 8(a) Program and an Economically Disadvantaged Woman Owned Small Business (EDWOSB) that provides cutting-edge acquisition, program, financial and logistical support to the federal government.  Dkt. Nos. 9 at 9 and 19

---

[1] The movant in second place, the Biogen Investor Group, has conceded to Ms. Shash and filed a non-opposition on January 27, 2021. Dkt. No. 21.

2

REPLY MEMORANDUM OF LAW OF NADIA SHASH IN FURTHER
SUPPORT OF HER LEAD PLAINTIFF MOTION
Case No. 2:20-cv-10399-JVS-KS

at 5-6; Declaration of Laurence M. Rosen in Support of Reply Memorandum of Law of Nadia Shash in Further Support of Her Lead Plaintiff Motion ("Rosen Reply Decl."), Ex. A, filed herewith.  Ms. Shash has 10 years of investing experience.  *Id.*  Ms. Shash is a licensed attorney and member of the State Bar of Georgia and the District of Columbia Bar.  *Id.*  Ms. Shash obtained her J.D. from the University of Michigan Law School and her B.S. from University of Southern California - Marshall School of Business.  *Id.*  Thus, Ms. Shash is the presumptive lead plaintiff.  *Cavanaugh*, 306 F.3d at 730 ("the presumptive lead plaintiff [is] the one who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.") (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)).

Because Mr. Shapiro has failed to rebut the presumption in favor of Ms. Shash with the requisite "proof" that Ms. Shash is inadequate or atypical, Ms. Shash's motion should be granted and Mr. Shapiro's motion should be denied. *Cavanaugh*, 306 F.3d at 730, 732 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, [s]he becomes the presumptively most adequate plaintiff."); *Andrade v. Am. Apparel, Inc.*, 2011 WL 13130706, at *8 (C.D. Cal. Mar. 15, 2011) ("Under the Reform Act, the statutory presumption that a party is the most adequate plaintiff can be rebutted by showing that 'the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II))); *Feyko v. Yuhe Int'l Inc.*, 2012 WL 682882, at *3 (C.D. Cal. Mar. 2, 2012) ("[Mr. Shapiro] fails to provide this court with anything other than speculation, which is insufficient to rebut the lead plaintiff presumption").

3

Mr. Shapiro advances two arguments in opposition—both of which lack any merit.

First, he contends that the background information Ms. Shash provided in her brief (which is nearly the same type of information he provided[2]) should have been provided by way of declaration and thus, Ms. Shash did not make the requisite preliminary showing of adequacy and typicality to trigger the lead plaintiff presumption. Dkt. No. 23 at 6, 10-12. This argument is wrong on multiple levels.

Preliminarily, personal background information is not required to trigger the lead plaintiff presumption. The PSRLA only requires the submission of a sworn certification attesting to matters required by the statute including, among other things, the movant's willingness to serve as a representative party of the class and providing testimony at deposition and trial. 15 U.S.C. § 78u-4(a)(2)(A). Background information is generally required when unrelated investors attempt to form a group—not when an individual—like Ms. Shash—is seeking lead plaintiff status. *See Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, 589 F.Supp.2d 388, 392 (S.D.N.Y. 2008); *cf. Kaslingam v. Tilray*, 2020 WL 4530357, at * 3 (S.D.N.Y. Aug. 6, 2020) (rejecting argument that background information is required to make a preliminary showing of adequacy and typicality); *Cavanaugh*, 306 F.3d at 732 ("a straightforward application of the statutory scheme ... provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case. Once that comparison is made ... further inquiry must focus on that plaintiff alone and be limited to determining whether [s]he satisfies the other statutory requirements.").

___

[2] *Compare* Dkt. No. 9 at 9 *with* Dkt. No. 23-1.

4

REPLY MEMORANDUM OF LAW OF NADIA SHASH IN FURTHER
SUPPORT OF HER LEAD PLAINTIFF MOTION
Case No. 2:20-cv-10399-JVS-KS

In any event, Ms. Shash provided relevant background information in both her opening and opposing papers. *See* Dkt. Nos. 9 at 9 and 19 at 5-6; *Shapiro v. Biogen Inc., et al.,* case no. 1:21-cv-10017-IT (D. Mass.) (the "*Shapiro* Action") Dkt. Nos. 10 at 9 and 16 at 2. Mr. Shapiro contends that this background information should have been provided by way of declaration citing *In re Gemstar–TV Guide Int'l, Inc. Sec. Litig.,* 209 F.R.D. 447, 451 (C.D. Cal. 2002). However, *Gemstar* is off the mark because the movants were unrelated movants seeking to be appointed lead plaintiff as a group. *Gemstar* 209 F.R.D. 447, 451.[3]

In contrast, Courts routinely appoint lead plaintiff based on a PSRLA certification and representations made in the briefs when the movant is an individual, like Ms. Shash. *E.g., Borteanu v. Nikola Corp.*, 2020 WL 7392795, at *7 (D. Ariz. Dec. 15, 2020) (finding investor made a preliminary showing of adequacy and typicality based on biographical information asserted in initial brief); *Alwazzan*, 2020 WL 7872963, at *4 (preliminary showing of adequacy and typicality found citing opening memorandum of points and authorities in support of lead plaintiff motion); *Wrap*, 2021 WL 71433, at *3 (lead plaintiff appointed who provided no biographical information); *Waterford Twp. Police*, 2017 WL 10667732, at *6 (typicality found from a "sparse" PSLRA certification). That said, Ms. Shash has filed herewith a declaration providing the same background information set forth in her opening brief. Rosen Reply Decl., Ex. A, herewith.

Mr. Shapiro's reliance on *Perez v. HEXO Corp.*, 2020 WL 905753 (S.D.N.Y. Feb. 25, 2020) actually undermines his own motion. In *Hexo* a lead plaintiff movant was rejected for failure to include any background information

---

[3] It is notable that Mr. Shapiro appears to have known that as well, by citing *Gemstar* to show that the Biogen Investor Group is unrelated and inadequate. Dkt. No. 23 at 9.

REPLY MEMORANDUM OF LAW OF NADIA SHASH IN FURTHER
SUPPORT OF HER LEAD PLAINTIFF MOTION
Case No. 2:20-cv-10399-JVS-KS

about himself in *his opening papers*, even though the movant provided background information in later rounds of briefing—like Mr. Shapiro did here. The court explained that "[n]otwithstanding this additional [] information … [Mr. Shapiro's] failure to provide any information regarding his experience in his preliminary motion, ***the Court questions whether [Mr. Shapiro] will meaningfully oversee and control the prosecution of this consolidated class action***." *Hexo*, 2020 WL 905753, at \*3 (emphasis added).

In contrast to *Hexo* and Mr. Shapiro, Ms. Shash provided her background information in her opening papers. Dkt. No. 9 at 9. Mr. Shapiro's suggestion that Ms. Shash did not provide enough information is nonsense. Ms. Shash provided nearly identical background information in her opening papers as Mr. Shapiro did for the first time in his opposition. Moreover, given Ms. Shash's unique name and accomplished background a simple Google search of her name yields a plethora information about her online—the same cannot be said of Mr. Shapiro.

<u>Second</u>, Mr. Shapiro speculates that Ms. Shash's trades in Biogen may not have been made by her "personally" but made by others such as "by her broker, dealer, or some other third party who may have exercised their own discretion to trade in Biogen securities." Dkt. No. 23 at 10. This argument is without merit.

Mr. Shapiro cites no case authorities for the proposition that such information is required or even relevant to lead plaintiff status—let alone sufficient to rebut the lead plaintiff presumption in favor of Ms. Shash. There is no bar against brokers or third parties making transactions on behalf of a lead plaintiff. *See Schueneman v. Arena Pharm., Inc.*, 2011 WL 3475380, at \*7 (S.D. Cal. Aug. 8, 2011) (lead plaintiff movant, whose broker executed the trades and even provided the information for his certification, is adequate). Even if Ms. Shash (or Mr. Shapiro), were to have relied on "secondary analyses of financial

6

REPLY MEMORANDUM OF LAW OF NADIA SHASH IN FURTHER
SUPPORT OF HER LEAD PLAINTIFF MOTION
Case No. 2:20-cv-10399-JVS-KS

statements, such as Moody's or Value Line, and the advice of stockbrokers and friends,'" that "would not defeat typicality with respect to market integrity reliance." *Swack v. Credit Suisse First Bos.*, 230 F.R.D. 250, 261 (D. Mass. 2005). Indeed, "[i]t is inevitable that some, if not most, investors rely on the advice of brokers and other specialists wholly or in part. … The fact that an investor seeking to be a class representative is in this category does not disqualify him; in fact, he is probably representative of a large number of class members." *In re Terayon Commc'ns Sys., Inc.*, 2003 WL 21383824, at *4 (N.D. Cal. Feb. 24, 2003); *see also In re Allstate Life Ins. Co. Litig.*, 2011 WL 6012985, at *2 (D. Ariz. Dec. 2, 2011) ("'each of the Lead Plaintiffs testified ... that they purchased the Bonds in reliance on their broker's recommendation, which was in turn based on the fraudulent Official Statements.' [] This assertion does not change the fundamental nature of the allegations of this case as rising from an affirmative misstatement.").

Nonetheless, Mr. Shapiro's speculation is wrong. Ms. Shash made all decisions regarding her buying and selling Biogen stock. Rosen Reply Decl., Ex. A, ¶ 5. Ms. Shash did not rely on an investment advisor, broker, or other third party in deciding to buy or sell Biogen stock. *Id.*; *see also Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1054 (N.D. Cal. 2001) ("Speculative assertions such as those offered by [Mr. Shapiro] are therefore insufficient to rebut the lead plaintiff presumption in this case.").

In short, Ms. Shash has the largest financial interest and has made a *prima facie* showing of her adequacy and typicality and thus, is the presumptive Lead Plaintiff. Because Mr. Shapiro has not rebutted the presumption in favor of Ms. Shash with proof that Ms. Shash is inadequate or atypical, Ms. Shash should be appointed Lead Plaintiff and her selection of The Rosen Law Firm, P.A. as Lead Counsel should be approved. Mr. Shapiro's motion should be denied.

7

REPLY MEMORANDUM OF LAW OF NADIA SHASH IN FURTHER
SUPPORT OF HER LEAD PLAINTIFF MOTION
Case No. 2:20-cv-10399-JVS-KS

*     *     *

While the Court need not reach Mr. Shapiro's motion because Ms. Shash's motion should be granted, Mr. Shapiro's opposition further demonstrates that he is unfit to serve as Lead Plaintiff.

As explained in Ms. Shash's opposition, Mr. Shapiro's opening memoranda filed in this Court is littered with errors and weighs against his fitness as Lead Plaintiff. Dkt. No. 19 at 16-17.  In opposition, Mr. Shapiro attempts to minimize these errors by casting them as "clerical errors" (Dkt. No. 23 at 13-14)—which is wrong.  The errors are plainly material: (a) incorrectly naming defendants (Dkt. Nos. 12-1 at 5 and 19 at 16); (b) incorrectly listing an additional claim to this action (Dkt. Nos. 12-1 at 5 and 19 at 16); (c) and including a half-page of irrelevant law regarding class period length (Dkt. Nos. 12-1 at 5 and 19 at 16).

The errors continue.  In Mr. Shapiro's opposition filed in the related action in United States District Court for the District of Massachusetts, the *Shapiro* Action, where nearly identical lead plaintiff motions were filed by the parties, Mr. Shapiro argued that "Ms. Shash did not provide any background information," (*Shapiro* Action Dkt. No. 15 at 6) even though it is undisputed that Ms. Shash did provide background information about herself in her opening papers filed in the *Shapiro* Action.  (Dkt. No. 10 at 9).

Additionally, Mr. Shapiro's opposition and his other papers in this Court have the incorrect spelling of one of his attorney's name—"Levi*n*" instead of the correct "Levi*s*". *Compare* Dkt. Nos. 12 at 1 and 4, 12-1 at 1 and 17, 12-2 at 1, and 23 at 1 and 15 *with* https://www.lowey.com/project/christian-levis/ and *In re Apple Processor Litig.*, 832 F. App'x 507 (9th Cir. 2020); *see also* Dkt. No. 19 at 16.

8

REPLY MEMORANDUM OF LAW OF NADIA SHASH IN FURTHER
SUPPORT OF HER LEAD PLAINTIFF MOTION
Case No. 2:20-cv-10399-JVS-KS

Even if all of these errors can be cast as "clerical," the quantity and scope of the errors demonstrate that Mr. Shapiro is careless and inadequate. *Nager v. Websecure, Inc.*, 1997 WL 773717, at \*1 (D. Mass. Nov. 26, 1997) (inaccuracies "may be explainable, but [they] cast[] sufficient doubt on [Mr. Shapiro's] adequacy as a representative plaintiff").

Lastly, Mr. Shapiro's relevant transactions in Biogen involve the sale of puts and the assignment of shares from those puts. Dkt. Nos. 12-4 and 12-5. As discussed in Ms. Shash's opposition, courts have found options traders to be incapable of properly representing a class of stockholders given the fundamental differences between stocks and options. Dkt. No. 19 at 12-13 and 16; *see Di Scala v. Proshares Ultra Bloomberg Crude Oil, et al.*, 2020 WL 7698321, at \*4 (S.D.N.Y. Jul. 28, 2020) ("Appointing [Mr. Shapiro], whose losses overwhelmingly reflect his sale of put options, raises issues of his typicality and adequacy … Accordingly, because factual issues unique to [Mr. Shapiro] would likely threaten to become the focus of the litigation, the Court declines to appoint [Mr. Shapiro lead plaintiff" (internal quotation omitted)); *see also, , Bricklayers of W. Pa. Pension Plan v. Hecla Mining Co.*, 2012 WL 2872787, at \*4 (D. Idaho July 12, 2012); *Comrie v. Enterasys Networks, Inc.*, 837 A.2d 1, 18 n.87 (Del. Ch. 2003); *Cook v. Allergan PLC*, 2019 WL 1510894, at \*2 (S.D.N.Y. Mar. 21, 2019); *Micholle v. Ophthotech Corp.,* 2018 WL 1307285, at \*9 (S.D.N.Y. Mar. 13, 2018).

## CONCLUSION

For the foregoing reasons, Ms. Shash's motion should be granted in its entirety and the competing motions should be denied.

9

Dated: February 8, 2021                  Respectfully submitted,

                                         **THE ROSEN LAW FIRM, P.A.**

                                         /s/ Laurence M. Rosen
                                         Laurence M. Rosen, Esq. (SBN 219683)
                                         355 South Grand Avenue, Suite 2450
                                         Los Angeles, CA 90071
                                         Telephone: (213) 785-2610
                                         Facsimile: (213) 226-4684
                                         Email: lrosen@rosenlegal.com

                                         Phillip Kim, Esq. (admitted *pro hac vice*)
                                         275 Madison Avenue, 40th Floor
                                         New York, New York 10016
                                         Telephone: (212) 686-1060
                                         Fax: (212) 202-3827
                                         Email: pkim@rosenlegal.com

                                         *Counsel for Movant and [Proposed] Lead*
                                         *Counsel for the Class*

10

REPLY MEMORANDUM OF LAW OF NADIA SHASH IN FURTHER
SUPPORT OF HER LEAD PLAINTIFF MOTION
Case No. 2:20-cv-10399-JVS-KS

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the Managing Partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On February 8, 2021, I electronically filed the following **REPLY MEMORANDUM OF LAW OF NADIA SHASH IN FURTHER SUPPORT OF HER LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on February 8, 2021.

/s/ Laurence M. Rosen
Laurence M. Rosen

REPLY MEMORANDUM OF LAW OF NADIA SHASH IN FURTHER SUPPORT OF HER LEAD PLAINTIFF MOTION
Case No. 2:20-cv-10399-JVS-KS