Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR D. MENASHE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIOGEN INC., MICHEL VOUNATSOS, JEFFREY D. CAPELLO, and MICHAEL R. MCDONNELL,<br><br>Defendants. | Case No. 20-CV-10399-JVS-KS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)** |

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

PROCEDURAL HISTORY.....................................................................................1

ARGUMENT...........................................................................................................2

  I.  THIS ACTION COULD HAVE BEEN BROUGHT IN THE DISTRICT OF MASSACHUSETTS ......................................................................2

  II. A TRANSFER TO THE DISTRICT OF MASSACHUSETTS WOULD SERVE THE CONVENIENCE OF PARTIES AND WITNESSES AND THE INTERESTS OF JUSTICE...................................................................3

    A.  The Convenience of Party and Non-Party Witnesses Weighs in Favor of Transfer ...............................................................................3

    B.  The Interests of Justice Weigh In Favor of Transfer.............................4

    C.  Appointment of a Lead Plaintiff Obviates the Need for a Change of Circumstances .............................................................................7

CONCLUSION .......................................................................................................8

i

# TABLE OF AUTHORITIES

**Pages**

## Cases

*Adachi v. Carlyle/Galaxy San Pedro L.P.*,
   595 F. Supp. 2d 1147 (S.D. Cal. 2009)..................................................................7

*Cox v. Ashcroft*,
   2008 WL 802314 (E.D. Cal. Mar. 25, 2008) .......................................................7

*Elec. Workers Pension Fund, Local 103 v. Nuvelo, Inc.*,
   2007 WL 2068107 (S.D.N.Y. July 20, 2007) .......................................................6

*Global Decor, Inc. v. Cincinnati Ins. Co.*,
   2011 WL 2437236 (C.D. Cal. June 16, 2011) ...................................................2, 6

*Herman v. W. Union Co.*,
   2017 WL 5643145 (C.D. Cal. Mar. 30, 2017).....................................................5

*In re Anadarko Petroleum Corp.*,
   2012 WL 12894796 (S.D.N.Y. Mar. 19, 2012) ....................................................7

*In re Yahoo! Inc.*,
   2008 WL 707405 (C.D. Cal. Mar. 10, 2008)......................................................3, 5

*In re: American Funds Fee Litigation*,
   04-cv-05593 (C.D. Cal) .......................................................................................5

*In re: Apollo Grp., Inc. Sec. Litig.*,
   08-cv-16971 (D. Ariz.)..........................................................................................7

*In re: WorldCom, Inc. Sec. Litig.*,
   02-cv-03288 (S.D.N.Y.).........................................................................................7

*King v. Novartis Pharm. Corp.*,
   2014 WL 2711810 (D. Ariz. June 16, 2014) .......................................................8

*Metz v. U.S. Life Ins. Co. in City of New York*,
   674 F. Supp. 2d 1141 (C.D. Cal. 2009) ............................................................2, 3

*Meyer Mfg. Co. v. Telebrands Corp.*,
   No. CIV. S-11-3153 LKK, 2012 WL 1189765 (E.D. Cal. Apr. 9, 2012) ............. 6

*Morgan & Sampson Pac. v. Int'l Vitamin Corp.*,
   2011 WL 13225130 (C.D. Cal. Jan. 24, 2011) ...................................................... 5

*Reese v. Malone*,
   No. 07-7511 (C.D. Cal. June 19, 2008) ................................................................ 7

*Simpson v. Homestore.Com, Inc.*,
   01-cv-11115 (C.D. Cal) ....................................................................................... 5

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) ............................................................................................. 2

**Statutes**

15 U.S.C. § 78aa ............................................................................................................ 2

15 U.S.C. § 78u-4(a)(3)(A)(i)(I I) ................................................................................. 8

28 U.S.C. § 1404(a) ............................................................................................. 1, 2, 3, 8

iii

## INTRODUCTION

This is a securities class action brought on behalf of investors in Biogen Inc. There is an action pending in the United States District Court for the District of Massachusetts ("Massachusetts Court"), where the same lead plaintiff has been appointed. The Court should transfer this action to Massachusetts. **The Defendants do not oppose transfer**.

This class action alleges that a Massachusetts-headquartered company and its Massachusetts-based executives made false statements from Massachusetts. The lead plaintiff is but a short flight away from Boston but is separated from this courthouse by the entire country. The principal witnesses reside within the Massachusetts Court's subpoena power and within commuting distance of the courthouse where a trial would be held. It is thus more convenient to the witnesses and the parties for this case to proceed in Massachusetts. It is fairer to the jury pool, too, as Boston residents have more of a stake in adjudicating the liability of a Massachusetts company than those of Los Angeles.

The Court should transfer this case to the Massachusetts Court pursuant to 28 U.S.C. § 1404(a).

## PROCEDURAL HISTORY

Victor Menashe, a resident of Oregon, filed this action in November, setting in motion the process through which the Court would select a lead plaintiff. Dkt. No. 1. Before the deadline to move for appointment as lead plaintiff, another putative class member filed a securities class action on behalf of the same class in the Massachusetts Court. *Shapiro v. Biogen Inc., et al.*, case no. 1:21-cv-10017-IT (D. Mass.) (the "Massachusetts Action"). Within a week of each other, this Court and the Massachusetts Court appointed as lead plaintiff Nadia Shash. Dkt. No. 30 at 1; Massachusetts Action, Dkt. No. 27 at 1. But before Ms. Shash's appointment, the Massachusetts plaintiff voluntarily dismissed his case without prejudice. The Massachusetts action remains open, but the parties take different positions

1

concerning whether the Massachusetts Court retains subject-matter jurisdiction. To avoid uncertainty, Plaintiffs request that this Court transfer the case to the Massachusetts Court. Defendants do not oppose the relief requested.

## ARGUMENT

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of this section is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

In deciding a motion to transfer venue, district courts engage in a "two-step analysis" and consider: (1) whether the case could have been brought in the forum to which the transfer is sought, and, if so, (2) whether a transfer would serve the convenience of the parties and witnesses and the interests of justice. *See, e.g., Global Decor, Inc. v. Cincinnati Ins. Co.,* 2011 WL 2437236, at *1-2 (C.D. Cal. June 16, 2011). Although the moving party bears the burden of showing that a transfer would be appropriate, "[a] district court has broad discretion in determining whether to transfer venue." *Id.* at *1.

## I.   THIS ACTION COULD HAVE BEEN BROUGHT IN THE DISTRICT OF MASSACHUSETTS

Pursuant to § 27 of the Securities Exchange Act of 1934, a suit under the Act may be brought "in the district wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa. Because the Defendant Company is headquartered in Massachusetts, the District of Massachusetts is a proper venue for this action. Indeed, a case *was* brought in Massachusetts.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a) – NO. 20-CV-10399-JVS-KS

## II.    A TRANSFER TO THE DISTRICT OF MASSACHUSETTS WOULD SERVE THE CONVENIENCE OF PARTIES AND WITNESSES AND THE INTERESTS OF JUSTICE

In deciding a motion to transfer pursuant to § 1404(a), "the Court must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice." *In re Yahoo! Inc.,* 2008 WL 707405, at *2 (C.D. Cal. Mar. 10, 2008). In this case, the convenience of the parties and the witnesses and the interests of justice all favor transfer to the District of Massachusetts.

### A. The Convenience of Party and Non-Party Witnesses Weighs in Favor of Transfer

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under§ 1404(a)." *Metz v. U.S. Life Ins. Co.,* 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009). "Convenience of witnesses includes both non-party witnesses outside the scope of the Court's subpoena power and the geographic location of any witnesses likely to testify in the case." *In re Yahoo! Inc.*, 2008 WL 707405, at *3.

Substantially all of the likely witnesses are located in Massachusetts, or at least on the East Coast. Biogen is headquartered in Cambridge, Massachusetts. It only has another U.S. office, in North Carolina, chiefly devoted to manufacturing.[1] 2020 10-K, (Feb. 3, 2021) at 47-48. The other defendants in this action, Michael Vounatsos, Jeffrey D. Capello, Michael R. McDonnell, as well as additional Massachusetts Action defendants Alfred W. Sandrock, Jr. and Samantha Budd Haeberlin, all worked out of Massachusetts. During the Class Period, Biogen sold

---

[1] 2020 10-K, at 47-47 (available at https://www.sec.gov/ix?doc=/Archives/edgar/data/0000875045/000087504521000010/biib-20201231.htm).

3

$3 billion in a bond offering. Eight of nine underwriters were either based on the East Coast or had their U.S. headquarters there.

The case is based in Massachusetts on the plaintiff side of the v. as well. Lead Plaintiff Ms. Shash works in, and is moving to, the Washington D.C. area. Further, four of Biogen's top 15 shareholders, who collectively hold 16.95 million shares (more than 10% of the total), are based in Boston. Since 2001, Biogen's annual general meeting has never been held anywhere but Massachusetts.

Third-party witnesses are largely located in Massachusetts. This case concerns the development of, and public statements about, the drug Aducanumab. Substantially all of the Biogen employees who worked on Aducanumab are located in Massachusetts. Indeed, the case has a particular focus on the statistics of the drug's clinical trials and, according to an April 2020 analyst report, five of six members of Aducanumab's statistical team reside in Massachusetts. The other resides in China. The relevant office of Biogen's partner on the drug, Eisai, is also located in Massachusetts. The relevant FDA employees work out of its Washington D.C. area offices, far closer to Boston than to Los Angeles.[2]

**B. The Interests of Justice Weigh In Favor of Transfer**

Courts consider several factors when evaluating the "interests of justice" prong, including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the

---

[2] The FDA's Office of Neuroscience is located in Silver Spring, Maryland. https://www.fda.gov/about-fda/center-drug-evaluation-and-research-cder/office-neuroscience-division-neurology-i. The FDA's Center for Drug Evaluation and Research, which includes the Office of Biostatistics, has offices in Silver Spring and Beltsville, Maryland. https://www.fda.gov/about-fda/center-drug-evaluation-and-research-cder/cder-contact-information.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a) – NO. 20-CV-10399-JVS-KS

difference in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof."[3] *Id.*

The applicable factors support transfer. The location of the operative facts weighs in favor of transfer.  In a securities fraud case like this one, the "alleged misrepresentations and omissions ... are deemed to occur in the district where they are transmitted or withheld[.]" *In re Yahoo! Inc.*, 2008 WL 707405, at *8; *see* id. at 9 ("Because Yahoo!'s headquarters is the 'factual center of this case, and the locus of all relevant decisionmaking,' plaintiffs' claims have stronger contacts with the Northern District."). This case is based on the allegedly fraudulent statements made by Massachusetts-based executives in Massachusetts. Further, third-party witnesses are located overwhelmingly in Massachusetts. *See Morgan & Sampson Pac. v. Int'l Vitamin Corp.*, 2011 WL 13225130, at *6 (C.D. Cal. Jan. 24, 2011) (Selna, J.) (transferring case because of location of witnesses). Indeed, Plaintiffs are not aware of any located in this District. While most third parties are currently employed by Biogen, this case will likely take at least five years to wind its way through trial. *See In re: American Funds Fee Litigation*, 04-cv-05593 (C.D. Cal) (six years from filing to resolution); *Simpson v. Homestore.Com, Inc.,* 01-cv-11115 (C.D. Cal) (ten years from filing to resolution). At that point, a significant number of witnesses will have left Biogen, and could be compelled to testify at trial by the Massachusetts Court, but not by this Court.

Because all the witnesses are located in Massachusetts or on the East Coast, it will be significantly less expensive to litigate in the Massachusetts Court. In addition, documents relating to the Company's alleged misstatements are likely to be located in the District of Massachusetts as well, further weighing in favor of

---

[3] This action does not involve written agreements between the parties, or issues of state law or public policy. Further, all district courts are equally familiar with, and capable of interpreting, the federal securities laws. *See Herman v. W. Union Co.,* 2017 WL 5643145, at *2 (C.D. Cal. Mar. 30, 2017).

5

transfer.  "Securities fraud litigation almost invariably involves production and review of a vast number of documents, almost all of which will be in the defendants' possession." *Elec. Workers Pension Fund, Local 103 v. Nuvelo, Inc.,* 2007 WL 2068107, at *5 (S.D.N.Y. July 20, 2007) (transferring securities case to the district of the corporate defendant's principal place of business in part because relevant documents were located there).  Although modern technology has made it easier for documents to be transferred between locations, "the possibility that documents can be produced electronically does not alter the conclusion that the cost of litigation will likely be less if the case were venued in the forum where the evidence is located." *Global Decor, Inc.*, 2011 WL 2437236, at *5.

It is also relevant that the Massachusetts Court is materially less congested than this one. *Meyer Mfg. Co. v. Telebrands Corp.*, No. CIV. S-11-3153 LKK, 2012 WL 1189765, at *6 (E.D. Cal. Apr. 9, 2012) (transferring case in part because transferee forum judges had fewer active cases on average). As of September 30, 2020, there were 374 cases pending per judge in the Massachusetts Court, compared to this District's 539. The median time from filing to disposition of a civil case was 11.2 months there, against 15.7 months here. See https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2020.pdf.

Finally, "[c]ourts also look to the so-called public factors such as relative docket congestion, the local public and jury pool's interest in the controversy, and issues relative to judicial economy." *Adachi v. Carlyle/Galaxy San Pedro L.P.*, 595 F. Supp. 2d 1147, 1151 (S.D. Cal. 2009). Any trial in this case would likely run more than a month. *See, e.g., In re: Apollo Grp., Inc. Sec. Litig.*, 08-cv-16971 (D. Ariz.) (two month trial); *In re: WorldCom, Inc. Sec. Litig.*, 02-cv-03288 (S.D.N.Y.) (settled after four weeks of trial). Simply put, it is fairer to burden Massachusetts' jurors with this extensive jury duty because Massachusetts has a greater stake in the resolution of the controversy.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a) – NO. 20-CV-10399-JVS-KS

### C. Appointment of a Lead Plaintiff Obviates the Need for a Change of Circumstances

Some courts apply the general rule that, for a plaintiff to prevail on a motion to transfer venue pursuant to Section 1404(a), the plaintiff "must show that there has been a change of circumstances since the suit was filed that warrants transfer." *Cox v. Ashcroft*, 2008 WL 802314, at *1 (E.D. Cal. Mar. 25, 2008). The courts too have considered the specific question whether a lead plaintiff in a securities class action must show a change of circumstances to prevail on a motion to transfer the case from a venue that the lead plaintiff did not select in the first place, however, have held that they do not. *See In re Anadarko Petroleum Corp.*, 2012 WL 12894796, at *4 (S.D.N.Y. Mar. 19, 2012) ("Defendants have not cited any authority suggesting that the 'change in circumstances' standard applies where a lead plaintiff who did not file a complaint in the district seeks a transfer. The logic behind the 'changed circumstances' rule is that 'the plaintiff initially has the choice of forum,' and thus it is 'sensible' to require a plaintiff who initially chooses a forum to explain why it is not in the interests of justice for the case to proceed in that forum. That logic does not apply where, as here, a lead plaintiff did not file a complaint in the forum but instead—as required by the Private Securities Litigation Reform Act ('PSLRA')—merely filed a motion for appointment as lead plaintiff."); *see also Reese v. Malone*, No. 07-7511, Dkt. No. 60 at 4-5 (C.D. Cal. June 19, 2008) ("it appears that Defendants may be suggesting that Plaintiffs' decision to move for appointment as Lead Plaintiffs in this District militates against allowing transfer. However, the Private Securities Litigation Reform Act requires 'any member of the purported class [to] move the court to serve as lead plaintiff.' 15 U.S.C. § 78u-4(a)(3)(A)(i)(I I). Accordingly, Plaintiffs were required to move this Court to serve as lead plaintiff.").

Ms. Shash did not file this action; Mr. Menashe did. Upon appointment as lead plaintiff, Ms. Shash elected to transfer this action to the Massachusetts Court,

a forum that is more convenient for her and overwhelmingly more convenient for Defendants.  The transfer should be granted.

Alternatively, even applying the general rule requiring a plaintiff to show a change of circumstances since the suit was filed that warrants transfer, that requirement would be met here.  A change in the identity of the plaintiffs can be just such a change of circumstances. *King v. Novartis Pharm. Corp.*, 2014 WL 2711810, at *3 (D. Ariz. June 16, 2014) (granting plaintiff's motion to transfer because of death of plaintiff and substitution with plaintiff's estate).

**CONCLUSION**

For the reasons stated above, the Court should transfer this action to the United States District Court for the District of Massachusetts under 28 U.S.C. § 1404(a).

Dated: March 16, 2021

**THE ROSEN LAW FIRM, P.A.**
/s/Laurence M. Rosen
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

8

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the Managing Partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On March 16, 2021, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on March 16, 2021.

/s/ Laurence M. Rosen
Laurence M. Rosen

9