**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

*Counsel for Plaintiffs*
*and the Putative Class*

[Additional Counsel on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NADIA SHASH and AMJAD KHAN Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br>     v.<br><br>BIOGEN INC., MICHEL VOUNATSOS, ALFRED W. SANDROCK, JR., and SAMANTHA BUDD-HAEBERLEIN,<br><br>          Defendants. | **CASE No.: 1:21-cv-10479-IT**<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE** |

## TABLE OF CONTENTS

I.    ON A MOTION TO DISMISS, THE COURT'S MAIN FOCUS IS THE COMPLAINT..................................................................................................................... 1

II.   THE COURT CANNOT TAKE JUDICIAL NOTICE OF THE DOCUMENTS DEFENDANTS PROFFER FOR THE TRUTH OF THEIR .......................................... 2

III.  THE COMPLAINT DOES NOT INCORPORATE THE ENTIRETY OF DEFENDANTS' EXHIBIT A AND EVEN IF IT DID IT WOULD NOT INCORPORATE THE PORTIONS IT DISPUTES FOR THE TRUTH OF THEIR CONTENTS........................................................................................................................ 3

IV.   CONCLUSION ................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alharbi v. Beck*,
  62 F. Supp. 3d 202 (D. Mass. 2014) ........................................................................................ 2

*Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*,
  267 F.3d 30 (1st Cir. 2001) .................................................................................................... 1

*Cebollero-Bertran v. Puerto Rico Aqueduct & Sewer Auth.*,
  4 F.4th 63 (1st Cir. 2021) ...................................................................................................... 1

*Cosenza v. City of Worcester, Massachusetts*,
  355 F. Supp. 3d 81 (D. Mass. 2019) ...................................................................................... 4

*Freeman v. Town of Hudson*,
  714 F.3d 29 (1st Cir. 2013) .................................................................................................... 4

*In re Foistner*,
  No. AP 17-1083-BAH 2018 WL 3532900 (Bankr. D.N.H. July 20, 2018)............................. 4

*Kader v. Sarepta Therapeutics, Inc.*,
  2016 WL 1337256 (D. Mass. Apr. 5, 2016) ........................................................................... 2

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018)................................................................................................... 3

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308 (2007) ............................................................................................................... 1

*Tutor Perini Corp. v. Banc of Am. Sec. LLC*,
  2013 WL 5376023 (D. Mass. Sept. 24, 2013).......................................................................... 1

**Rules**

Fed. R. Evid. 201 (b)................................................................................................................... 2

## I.    ON A MOTION TO DISMISS, THE COURT'S MAIN FOCUS IS THE COMPLAINT

On a motion to dismiss, the court accepts the facts alleged in the Complaint as true, draws reasonable inferences from them, and determines whether they state a claim. *Cebollero-Bertran v. Puerto Rico Aqueduct & Sewer Auth.*, 4 F.4th 63, 69 (1st Cir. 2021). While there are exceptions in which courts can consider extrinsic documents, these exceptions are "narrow" in the First Circuit. *Tutor Perini Corp. v. Banc of Am. Sec. LLC*, 2013 WL 5376023, at *3 (D. Mass. Sept. 24, 2013) (quoting *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001)). The Private Securities Litigation Reform Act ("PSLRA") does not change the scope of the record on motions to dismiss. In ruling on motions to dismiss a private securities fraud complaint, courts only consider the complaint "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, [1] documents incorporated into the complaint by reference, and [2] matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

Defendants ask the Court to consider extrinsic documents that, they say, are either incorporated by reference into the complaint or subject to judicial notice. Presumably, the extrinsic documents Defendants ask the Court to consider are those attached to the Declaration of William J. Trach In Support of Defendants' Motion to Dismiss the Second Amended Complaint ("Trach Dec."), but Defendants do not specify which of the Trach Dec.'s 23 exhibits they claim are incorporated by reference and which are subject to judicial notice, or why.

For the following reasons, the Court should strike the "facts" set out in Table 1 below from the record.

1

## II.   THE COURT CANNOT TAKE JUDICIAL NOTICE OF THE DOCUMENTS DEFENDANTS PROFFER FOR THE TRUTH OF THEIR

Defendants appear to be seeking judicial notice of Exhibits B, K, L, M, N, and P to the Trach Dec. ("Disputed Judicial Notice Exhibits").[1] These are documents containing analyses made and conclusions drawn by individuals at the FDA. While the Court could take judicial notice of the Disputed Judicial Notice Exhibits, it cannot do so for the truth of the matters asserted therein, and Defendants do not offer them for any other reason.

The Court cannot take judicial notice of facts "subject to reasonable dispute." Fed. R. Evid. 201 (b). That these facts are set out in a document subject to judicial notice does not change anything. *Alharbi v. Beck*, 62 F. Supp. 3d 202, 209 (D. Mass. 2014). Indeed, the case Defendants cite in support of judicial notice notes that "[t]he Court is not considering the FDA's statements for the truth of the matter asserted." *Kader v. Sarepta Therapeutics, Inc.*, 2016 WL 1337256, at *11 (D. Mass. Apr. 5, 2016).

Defendants hardly conceal that they seek judicial notice of the Disputed Judicial Notice Exhibits for the truth of their contents. Defendants Memorandum of Law in support of their motion to dismiss ("Def.Br.") 21 ("Plaintiffs' falsity arguments also cannot be squared" with FDA conclusion), 22 n.7 (reviewers "rebutted" Dr. Massie). While the Court could take judicial notice of these Exhibits for the fact of their publication, Defendants do not offer a proper use for those documents. Thus, whether the Court formally takes judicial notice of the Exhibits' existence and publication is irrelevant, because it cannot consider them for any purpose.

Judicial notice is particularly inappropriate in this case. Plaintiffs' facts are drawn from expert reports penned by Dr. Tristan Massie and his team, all professional statisticians. The

---

[1] Defendants do not maintain that any of the Disputed Judicial Notice Exhibits were mentioned in the Complaint. Trach Dec. ¶3, 12-15, 17.

Advisory Committee's world-class experts endorsed the analyses. Second Amended Complaint, Dkt. # 58 ("Compl."), ¶¶282-93.  Aducanumab's approval caused 80% of neurologists to lose faith in the FDA and is currently under investigation by the House of Representatives and the Department of Health and Human Services' Office Investigator General. *Id.* ¶¶329, 330, 334. Indeed, Defendants ask the Court to find the FDA's conclusions about neurology are indisputably true *even though the American Neurological Association disputes them*. *Id.* ¶317d.

Defendants' request is a particularly egregious example of "the overuse and improper application of judicial notice." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Defendants here succumbed to the "alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint", which poses "especially significant [risks of premature dismissal] in SEC fraud matters." *Id.* The Court should reject their "unscrupulous use of extrinsic documents to resolve competing theories against the complaint[.]". *Id.* Plaintiffs bringing securities fraud cases, like all others, are entitled to press claims they sufficiently plead.

## III. THE COMPLAINT DOES NOT INCORPORATE THE ENTIRETY OF DEFENDANTS' EXHIBIT A AND EVEN IF IT DID IT WOULD NOT INCORPORATE THE PORTIONS IT DISPUTES FOR THE TRUTH OF THEIR CONTENTS

Defendants also ask the Court to find that Exhibit A to the Trach Declaration is incorporated by reference to the Complaint. Exhibit A is the full 343-page report submitted to the Advisory Committee. The body of that report is a written presentation by Defendant Biogen and the FDA. Appendix 1 thereto is a clinical review, while Appendix 2 is Dr. Tristan Massie's draft statistical review report ("Draft Massie Report"). Defendants ask the Court to find that the body and Appendix 1 are incorporated into the Complaint, take the claims contained therein as true, and ignore the Complaint's well-pled allegations based on the Draft Massie Report.

A mere mention of Exhibit A is not sufficient to incorporate it by reference. *Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013). Here, the Complaint cites the body of the 343-page report and its Appendix 1 only for (a) the fact of their publication, and (b) their effusive statements in favor of aducanumab's approval. ¶¶263.a; 266-71. These are exactly the sort of "[l]imited quotations" that "do[] not constitute incorporation by reference." *Cosenza v. City of Worcester, Massachusetts*, 355 F. Supp. 3d 81, 87 n.1 (D. Mass. 2019).

The Complaint does rely on the Draft Massie Report and incorporates it as an exhibit. While the FDA website combined the three reports into one downloadable file, that decision is irrelevant. Dr. Massie's final report is a standalone document,[2] as are the slides he presented in a pre-recorded presentation for the Advisory Committee.[3] The FDA's arbitrary administrative decision to combine the documents into one downloadable file does not control whether they are all incorporated by reference into the Complaint.

In any case, the Court cannot take the facts stated in documents incorporated by reference as true on a motion to dismiss. *In re Foistner*, No. AP 17-1083-BAH, 2018 WL 3532900, at *2 (Bankr. D.N.H. July 20, 2018). It would be perverse to do so here, as Plaintiffs cite the Draft Massie Report to dispute the body and Appendix 1 thereto: "The Draft Massie Report leveled devastating, unanswerable criticisms against the case Biogen made for aducanumab's approval." ¶275. As in *Foistner*, a complaint that incorporates by reference a criticism does not incorporate by reference, for the truth of its contents no less, the thing it is criticizing.

---

[2] Dr. Tristan Massie et al, Statistical Review and Evaluation, Application Number 761178Orig1s000, available at https://www.accessdata.fda.gov/drugsatfda_docs/nda/2021/761178Orig1s000StatR_Redacted.pdf

[3] https://www.fda.gov/advisory-committees/advisory-committee-calendar/november-6-2020-meeting-peripheral-and-central-nervous-system-drugs-advisory-committee-meeting

4

Thus, the facts set out in Defendants' Brief reproduced in Table 1 below are not properly before the Court:

TABLE 1

| Passage | Reason it is not before the Court |
|---|---|
| Def.Br. 19 beginning from "[s]everal of the FDA's statements in the Joint Briefing book also directly contradict Plaintiffs' alleged alternative interpretations of the trial data" through to the end of the paragraph. | Relies on portions of Exhibit A not incorporated into the Complaint for the truth of their contents |
| Def.Br. 19, all of footnote 5 beginning with "Several FDA reviewers specifically criticized Dr. Massie's analyses relied on by Plaintiffs." | Judicially noticed for the truth of its contents |
| Def.Br. 22, all of footnote 7 beginning with "Other FDA reviewers specifically rebutted Dr. Massie's statistical analysis." | Judicially noticed for the truth of its contents |
| Def.Br. 23, beginning from "[a]ny suggestion that Budd Haeberlein's statement is objectively false is also undermined by" Dunn's office's position in the Joint Briefing Book, through to the end of the paragraph. | Relies on portions of Exhibit A not incorporated into the Complaint for the truth of their contents |
| Def.Br. 24, the sentence beginning with "as with other scientific disagreements identified in the Complaint, the FDA again sided with Defendants in the Joint Briefing Book" through the end of the sentence. | Relies on portions of Exhibit A not incorporated into the Complaint for the truth of their contents |
| Def.Br. 24, all of footnote 8 beginning with "Dr. Krudys, for example, explained". | Relies on portions of Exhibit A not incorporated into the Complaint for the truth of their contents |

5

## IV.    CONCLUSION

For the foregoing reasons, the Court should strike the "facts" set out in Table 1 from the record.

Dated: November 4, 2021                    Respectfully submitted,

                                        **THE ROSEN LAW FIRM, P.A.**

                                        */s/Laurence M. Rosen*
                                        Laurence M. Rosen, Esq. (pro hac vice)
                                        Jonathan Horne, Esq. (pro hac vice)
                                        Joshua Baker, Esq. (BBO #695561)
                                        Sara Fuks (pro hac vice)
                                        275 Madison Avenue, 40th Floor
                                        New York, NY 100016
                                        Tel: (212) 686-1060
                                        Fax: (212) 202-3827
                                        lrosen@rosenlegal.com
                                        jhorne@rosenlegal.com
                                        jbaker@rosenlegal.com
                                        sfuks@rosenlegal.com

                                        *Counsel for Plaintiffs*

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2021, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE** was served by CM/ECF to parties registered to the Court's CM/ECF system.

/s/Laurence Rosen