**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| NADIA SHASH and AMJAD KHAN, Individually and On Behalf of All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>BIOGEN INC., MICHEL VOUNATSOS, ALFRED W. SANDROCK, JR., and SAMANTHA BUDD HAEBERLEIN,<br><br>  Defendants. | Civil Action No.: 1:21-cv-10479-IT |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

Defendants Biogen Inc., Michel Vounatsos, Alfred W. Sandrock, Jr., M.D., Ph.D., and Samantha Budd Haeberlein, Ph.D., respectfully submit this opposition to Plaintiffs' Request for Judicial Notice ("RJN," ECF No. 71).

Plaintiffs ask the Court to take judicial notice of an April 7, 2022 decision by the Center for Medicare and Medicaid Services ("CMS") and accompanying press release concerning Medicare coverage for monoclonal antibody therapies that target amyloid for the treatment of Alzheimer's disease, including ADUHELM™. *See* RJN Ex. 1 (CMS press release announcing decision); Ex. 2 (CMS decision). Under the coverage decision, (a) for therapies approved under the FDA's accelerated approval pathway, such as ADUHELM™, CMS will cover the therapies for Medicare patients enrolled in clinical trials (e.g., confirmatory trials) approved by the Food and Drug Administration ("FDA") or National Institutes of Health; and (b) for therapies that

receive traditional (full) FDA approval, CMS will cover the therapies for those Medicare patients who participate in CMS-approved clinical studies.  *See* RJN, Ex. 1 at 1; Ex. 2 at 1–3.

The Court should deny Plaintiffs' request for judicial notice on several grounds:

*First,* the RJN should be denied because Plaintiffs filed it in contravention of Local Rule 7.1(b)(3), which requires litigants to seek leave of Court before filing additional papers in connection with a motion.  Plaintiffs are not seeking to bring a new judicial decision to the Court's attention.  Rather, Plaintiffs are seeking to put new, extra-record evidence before the Court without the Court's permission and without meeting and conferring with Defendants.  This plainly violates the Local Rules and the RJN should be denied for that reason alone.

*Second,* the RJN should be denied because Plaintiffs have not even attempted to explain the relevance of the CMS decision or how it bears on Defendants' pending Motion to Dismiss. The operative complaint alleges that certain statements Defendants made in 2019 and 2020 interpreting the results of the aducanumab clinical trials were false or misleading.  CMS's April 2022 decision about Medicare coverage was issued more than a year after the end of the putative class period, and does not address Defendants' 2019 and 2020 public statements interpreting the trial results.  Nor can CMS's subsequent decision provide insight into any Defendants' knowledge or intent during the putative class period, much less demonstrate that any Defendant intentionally misled shareholders about ADUHELM'S™ clinical trial results in 2019 or 2020. *See Urman v. Novelos Therapeutics, Inc.*, 796 F. Supp. 2d 277, 284 (D. Mass. 2011) (holding that "post-class period events and statements"—including new information about manufacturing process used to develop drug therapy at issue—"are irrelevant to the scienter determination and consideration thereof would be equivalent to the classic fraud by hindsight case") (citation and quotation marks omitted).

*Finally,* the RJN should be denied because Plaintiffs do not articulate why the Court should take judicial notice of the documents.  Plaintiffs quote a portion of the 67-page CMS decision but do not explain why the Court should consider it.[1]  *See* RJN at 1–2.  Furthermore, the Court cannot consider the CMS decision or press release (or any portion of them) for the truth of the matters asserted, and Plaintiffs do not argue otherwise.  *See Greenspan v. Ransom House, Inc.*, 2012 WL 5188792, at *1 (1st Cir. Oct. 16, 2012) (unpublished).

For these reasons, Defendants respectfully request that the Court deny the RJN.

Dated:  April 26, 2022

Respectfully submitted,

*/s/ Audra J. Soloway*
Audra J. Soloway (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone: (212) 373-3289
Facsimile: (212) 492-0289
asoloway@paulweiss.com

William J. Trach (BBO #661401)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
william.trach@lw.com

*Counsel for Defendants Biogen Inc., Michel Vounatsos, Alfred W. Sandrock, Jr., and Samantha Budd Haeberlein*

---

[1] The portion of the CMS coverage decision quoted in the RJN notes that the FDA granted accelerated approval to ADUHELM™ based on the surrogate endpoint of reducing amyloid beta plaque in the brain, but did not grant traditional approval based on evidence of efficacy from a direct measure of clinical benefit.  *See* RJN at 1–2.  The FDA is requiring a phase 4 (post-marketing) clinical trial to confirm ADUHELM'S™ clinical benefit.  *See id.*  These facts are not in dispute and were previously addressed in Defendants' briefs.  *See, e.g.*, Mem. of Law in Supp. of Defs.' Mot. to Dismiss, ECF No. 61, at 11–12.

## CERTIFICATE OF SERVICE

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent on April 26, 2022 to those identified as non-registered participants.

/s/ Audra J. Soloway
Audra J. Soloway