UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


_____

NADIA SHASH and AMJAD KHAN,            )
Individually and On Behalf of All      )
Others Similarly Situated,             )
                                       )
          Plaintiffs,                  )
                                       )
     v.                                )   Civil Action No.
                                       )   1:21-cv-10479-IT
BIOGEN INC., MICHAEL VOUNATSOS,        )
ALFRED W. SANDROCK, JR., and SAMANTHA  )
BUDD HAEBERLEIN,                       )
                                       )
          Defendants.                  )
                                       )
_____


BEFORE THE HONORABLE INDIRA TALWANI, DISTRICT JUDGE


SCHEDULING VIDEOCONFERENCE



Friday, January 12, 2024
2:19 p.m.






John J. Moakley United States Courthouse
Courtroom No. 9
One Courthouse Way
Boston, Massachusetts


Robert W. Paschal, RMR, CRR
Official Court Reporter
rwp.reporter@gmail.com

**A P P E A R A N C E S**


On behalf of the Plaintiffs:

    THE ROSEN LAW FIRM, PA
    BY:  LAURENCE M. ROSEN
    609 W. South Orange Avenue
    Suite 2P
    South Orange, NJ  07079
    (973) 313-1887
    lrosen@rosenlegal.com


On behalf of the Defendants:

    PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
    BY:  AUDRA J. SOLOWAY
        THEODORE V. WELLS, JR.
        GREGORY F. LAUFER
        SAMANTHA BUI
    1285 Avenue of the Americas
    New York, NY  10019
    (212) 373-3000
    asoloway@paulweiss.com
    twells@paulweiss.com
    glaufer@paulweiss.com
    sbui@paulweiss.com

**P R O C E E D I N G S**

(In open court at 2:19 p.m.)

THE DEPUTY CLERK:  United States District Court is now in session, the Honorable Judge Indira Talwani presiding.

This is Case Number 21-cv-10479, Shash, et al., v. Biogen Inc., at al.  Will counsel please identify themselves for the record.

MR. HORNE:  Good afternoon, Your Honor.  Jonathan Horne from the Rosen Law Firm for plaintiffs.

THE COURT:  Good afternoon.

MS. SOLOWAY:  Good afternoon, Your Honor.  Audra Soloway from Paul, Weiss, Rifkind, Wharton & Garrison for the defendants.  And with me are my colleagues, Ted Wells, Gregory Laufer, and Samantha Bui.  And I also have my client on the line as well.  Thank you, Your Honor.

THE COURT:  Good afternoon.

So this is a post-remand conference, and I have your joint statement.  So let's start with the question about the motion to dismiss.  It seems to me that there are two separate questions.  One is a procedural question, and one is a substantive question.

The procedural question is whether the defendants may file a second motion to dismiss, and the substantive question is whether the defendants may attack the pleadings for failing to state a claim.  I think those are separate

questions.  So let me give you my read on it, and then I'll hear if counsel has any persuasive arguments to think about it differently.

I did reserve on one of the issues raised by the defendants, and I suggested that I didn't need to reach it and that, if I was reversed on the findings I had made, on the determinations I had made, the First Circuit could remand it for me to consider that issue.

The First Circuit remanded it but didn't specifically identify that issue and, in fact, said the issue can go forward.  So from that, it seems to me I'm in the position where, essentially, I would have been if I had said what the First Circuit has now said, which is much of the claims are gone, but this one claim can go forward.  And had I issued that, there would be an answer due a few weeks later.  I think that's where we are.

There's a second question, which is the substantive.  That's the procedural question.  And that procedural question has implications for discovery in this case, because as long as you've got pending motions to dismiss, your discovery is stayed, and that's not necessarily the case.  You don't have that.

The second question is whether there is a legal issue that is not satisfied as a matter of law.  And I don't -- I don't want to prejudge that issue, but it seems to

me that there is some space as to whether the First Circuit intended for that legal issue to have been resolved.

If the legal issue is resolved, then fine.  When you would get to summary judgment, you would say, well, that's how the law stands as to that point.  If the legal issue is not resolved, then to preclude a motion for judgment on the pleadings would essentially have me do the lifting on the legal issue in the context of summary judgment when it could be addressed on the face of the pleadings.

So my suggestion here or my inclination here, absent being convinced otherwise, is that I do not allow the defendants to file a second motion to dismiss.  I direct the defendants to answer the complaint.  But I don't want to preclude the defendants from filing a motion for judgment on the pleadings, at which point the plaintiffs can certainly argue in response that it is -- the issue is foreclosed by the substance of the First Circuit's decision or that it's not.  But I can hash out that legal issue in that context rather than on a joint statement pursuant to Local Rule 16.1.

So that's -- that is my thought.  Counsel want to be heard?

MR. HORNE:  Um --

MS. SOLOWAY:  Your Honor --

Go ahead, Jonathan.  Sorry.

MR. HORNE:  I was going to say we would like to be

heard on the second issue, but we understand the defendants may want to be heard on the first.

THE COURT:  Okay.  So let's start with the first. Defendants, as to my suggesting that -- or recommending here that you go ahead and answer, and if you need to file a motion for judgment on the pleadings, that that would come when you -- I think under the rules, a reasonable time, not to interfere with trial.

MS. SOLOWAY:  So, Your Honor, on the procedural issue, I think our view is that it is appropriate to file a motion under 12(b)(6) for a couple of reasons.  What the plaintiffs submitted in their submission are two different legal doctrines.  One is this idea that the appellate court can affirm on any ground that's put forward it, and the -- sorry, I see Your Honor shaking your head.

THE COURT:  And I'm not persuaded by that, but I am persuaded -- I am motivated by them saying, essentially, okay, you stated a claim; go forward.

And that -- you could have insisted in front of them, not reserve the right, but you could have insisted, "it's important to really get this resolved right now.  We want you, First Circuit, to address it."  They probably would have remanded it if you had said to them, "Please address this."  But if you simply say, "We reserve it," they're not going to do anything about it.

MS. SOLOWAY:  Well, I think, Your Honor, in light of your -- and, you know, if I misunderstood this, then I apologize.  I think we understood from the hearing in front of Your Honor that you felt that the best path here was that if there was any portion of this case that came back to you, that at that time, you would address the reliance issue.

We, therefore, told the First Circuit we were reserving rights on that issue, and I think, you know, there certainly is no issue.  We have made clear from beginning to end of this that we intend to make that argument.  The plaintiffs are not surprised, I'm sure, to hear that we're making this argument.  We made it in our motion to dismiss.

So we're prepared to file our brief, Your Honor, next week.  We can get this resolved very quickly, and we don't think there's anything in the rules or in the procedural history here that prevents us from filing a second motion to dismiss.

And, in fact, in some of the cases that are cited on the discovery stay issue, this is exactly what happened, right?  There were a number of motions to dismiss.  In some cases, it was even because there was a motion to dismiss that then went up to the appellate court and then came back down.

And the defendants filed serial motions to dismiss, and discovery was stayed until the sufficiency of the pleadings was addressed.

THE COURT:  So I don't see the rules allowing serial motions to dismiss.  I do see -- what the rules say is, if you rule one way, the case is over; and if you rule another way, they have to answer.  It doesn't say, depending on how the ruling goes, you can bring another.

I think your stronger argument, which is what my remand comment was related to, is there's an argument in your original motion to dismiss that hadn't been addressed.  The problem with that is the First Circuit blew by it.

So I just think -- you know, there's a -- there is no difference in your standard, and there is no -- no requirement that you wait till right before trial to bring a motion for judgment on the pleadings.  The additional burden is -- it may be the question of discovery, which we can address next, but it is the problem that you file an answer and then file your motion for judgment on the pleadings, if that's what you want to do.

MS. SOLOWAY:  I think, Your Honor, what the First Circuit did here by addressing the three issues that were before it and remanding, in our view, is just they addressed three issues, and they sent it back to you.  We don't read their ruling as suggesting now the case should move forward or suggesting any particular procedural path.

THE COURT:  What do you do with the fact that they didn't -- one, didn't specifically identify that that issue

was still open; and, to the contrary, they said, based on what's in front of them, it states a claim, and now we're -- that's what they've said?

MS. SOLOWAY:  I would look to the language in, actually, some of the cases that the plaintiffs cite which describe what the import of the mandate rule is.  I think what the mandate rule --

THE COURT:  That -- that is a question -- the mandate rule, the import of the mandate rule is what legal issues are foreclosed or not foreclosed.  I don't think the mandate rule helps us.

And you may think I'm being hypertechnical here, but I do think there is a technical separation in the rules between 12(b) and a 12(c) motion.  And it seems to me that where the First Circuit didn't say go back and think about the rest of the motion to dismiss, but instead said -- states a claim here, keep going, I'm at a 12(c) stage, not a 12(b) stage.

MS. SOLOWAY:  Well, Your Honor, I'm not sure what the source of authority would be for that, and we could certainly look to see if there are cases that address squarely that point.  I didn't see that issue addressed in any of the cases that either we cited or the plaintiff cited in our submissions.

THE COURT:  Okay.  I -- I don't -- I don't see -- I

don't see any big problem with the way I'm looking at it, and I don't -- and I don't see any -- the idea of proceeding with a 12(b)(6), another 12(b)(6) motion here, seems unsupported. And I'm -- I'm going to have you answer, and you can file your 12(c).

Now, I'll let Mr. Horne address why he thinks you shouldn't be allowed to file a 12(c), although I don't think I'm going to be very receptive to his argument, but go ahead.

MR. HORNE:  Thank you, Your Honor.  I'll give it my best shot.

The First Circuit ruled -- and I'm sure the Court is aware, but I'm going to put the language anyway:  "We conclude that investors' pleadings adequately stated a claim."  And the Court has to give effect to every word of the ruling.  And, you know, the First Circuit has said we stated a claim, and we stated a claim whether here on a motion to dismiss or --

THE COURT:  Do you contend the First Circuit has considered this issue?

MR. HORNE:  We contend that the First Circuit has implicitly resolved this issue.

THE COURT:  I understand you think they've resolved the issue.  That isn't my question.  My question -- and maybe we'll start it this way -- did the plaintiffs brief this issue?

MR. HORNE:  We did not, Your Honor.

THE COURT:  Did the defendants brief this issue, other than a footnote saying, "We reserve"?

MS. SOLOWAY:  No, Your Honor.

THE COURT:  So if the First Circuit used overbroad language, as they will sometimes do, and I say that's the end of the game, and it goes up on appeal and the defendants raise this argument, do you really think that the First Circuit is going to say, "You know what?  Nobody ever briefed this to us, but the judge shouldn't have thought through this on its own; the defendants somehow waived their rights on this thing"?

I mean, is that really where this goes?  Because I really don't believe in wasting people's time.  And I just think that there is a legal issue out there that hasn't been addressed.

It may be that you are right that the substance -- I just haven't thought about this issue, so I don't know one way or another.  But it may be that there's enough in what the First Circuit said and everything else that there's nothing left of this issue.  But if it is a discrete legal issue that's still there that hasn't been addressed, both sides are served by my addressing it.

If I get it wrong, in your view, you get a clean appeal before there's more discovery.  If I get it right, in

your view, then at least the defendants can't go up to the First Circuit and say this was never even considered, which is the argument that --

You know, I mean, with all due respect with what the First Circuit is doing, if you're going to present them with something which I haven't considered, they're most likely going to send it back to me.  That was my comment before.

And I think the only mistake that had -- instead of saying you're reserving it, if you had specifically said this is who is not -- not addressed and we specifically ask that the remand direct the judge to now address it, we -- maybe we wouldn't be having this dispute.  But I just -- I have a hard time seeing, if you prevail in this case, the First Circuit saying to the defendant, "You know what?  You never get to have that argument heard."

MR. HORNE:  To be clear, Your Honor, the defendants would be allowed to present it at summary judgment.  In our view --

THE COURT:  And what is -- so from my point of view, then -- okay? -- if the issue can be addressed accepting your facts the way you have them and as a matter of law taking your facts as you have alleged, if I were to find for the defendant, is it really the case that it's worth everybody's time and money to be trying to get all of the

discovery on this if it's a legal question?

I mean, I -- you know, the way I -- I don't look at -- and I may -- I may differ from some of my colleagues, I'm not sure, or from judges around the -- I don't see motions to dismiss as "think about the issues light" and summary judgment as "think about the issues hard."  I think motions to dismiss or motions for judgment on the pleading is "Let's accept all of the plaintiff's facts.  Are they right or wrong about the law?"

And I don't see -- and if the answer is they're only right -- they're only going to win here if facts are a certain way, then absolutely, it's summary judgment.  But if the facts are the way you say they are and you still lose, why go through summary judgment for that?

MR. HORNE:  To be frank, Your Honor, we would have no objection to -- as a practical matter -- to briefing the issue right now.  Our issue is with the discovery stay that may, in theory --

THE COURT:  We haven't gotten to that point yet.  So that's the next argument.  Okay?  So I am going to have them answer.  They're welcome to bring a motion for judgment on the pleading.  The automatic stay disappears as soon as I -- we're proceeding forward for the motion to dismiss.

So the question then is should you be proceeding with discovery or not?  That's the next issue, which you can

be heard on.

MR. HORNE:  Your Honor, does the Court wish to hear from us now?

THE COURT:  Well, I got a few minutes, but maybe the more efficient thing is let's go through and adopt these dates; and if you think you have an argument for a stay, if the defendants think they have an argument for stay of discovery, they can file that motion.  And if you want to proceed with discovery, then don't.

I will tell you -- I will tell you this, for the defendants, is that it is a 2021 case; and although my three-year clock starts all over, people's memories don't.

And so while I feel -- while I don't think you should be deprived of the opportunity to make a legal argument that you may prevail on and while I don't want to burden myself with a summary judgment if there is, in fact, a good legal argument that you want to make, which I have no idea if there is or not, but I'm sort of suggesting you can go that way, at the same time, I think there is a concern of having discovery move expeditiously.

So you're welcome to make that motion, but why don't we go ahead and put these deadlines in and be cognizant of that would be my view, that we are now three years after the events in question, and I'm not sure that there's a particular reason for staying discovery.

So do I have a proposed schedule from both sides, or is this from one side?

MR. HORNE:  You have --

MS. SOLOWAY:  Your Honor, we had --

I'm sorry, Jonathan.

MR. HORNE:  No, go ahead.  I was going to say it's just from our side.

MS. SOLOWAY:  So, Your Honor, we had begun to discuss the schedule with the plaintiffs, but then we made the decision we wanted to file the motion.  And I think we probably would need to revisit the proposal that's in the submission and get back to Your Honor with a joint proposal, which I'm hopeful we would be able -- we would be able to do.

And, obviously, I'm going to need to talk to my client about whether we're going to make the motion for a stay of discovery or not at this point.

THE COURT:  Let me -- let me just do something very simple, which you are proposing starting the initial disclosures on December 11th, which is about a month ago, and presumably you want some time to actually put it forward.

I'm going to take all of the dates that you proposed.  I'm going to add six weeks to each date, and I'm going to put that as the scheduling order.  If you want to move to stay or to extend or to change, you can go ahead and do that.

If it's a joint motion, I'm more open to things. If it's a contested motion, then I'll have to figure it out. But why don't we just do that, and then we can proceed apace?

MS. SOLOWAY:  Your Honor, may I seek one accommodation on that proposal?  For the answer, I think that would mean that my answer is due in two weeks; and given the length of the complaint, that's -- it's actually quite a long exercise to go through the complaint when it's this length, an answer.  Could we have a month, please, on the answer?

THE COURT:  Sure.  So that's going to be adding -- well, just instead of it being --

MS. SOLOWAY:  Maybe for both the answer and the initial disclosures, we could set them out at, you know, four weeks from today.  And then for the other deadlines, I understand Your Honor is going to extend them by six weeks.

THE COURT:  Yeah, so we'll do initial disclosures and answers are out by eight weeks, and all the other dates -- I'm just -- I'll move them all out by eight weeks, I'm sure you thought, between how it's going to work.

The dates are moved out eight weeks, and you are not precluded for bringing a motion for judgment on the pleadings, but plaintiffs are certainly not precluded from arguing that the legal issues raised in that have been addressed by the First Circuit's mandate.

I can tell you, Mr. Horne, that the way I do think

about the mandate is really to think about what -- I try to think about what the Court actually addressed.

You know, it's sort of -- it's a mixture of law of the case versus mandate, right?  That things can develop as the law goes on, but what the First Circuit has addressed, they sort of leave it at that point and don't relitigate those things.

So if you think there's an argument there, you can make them.  If you just want to deal with the arguments that you already raised that I didn't address before in response to this argument that I didn't address before, that may be efficient for everyone.  I truly didn't address it, so I don't know what the answer is on it.

And if you need to bring a motion to stay, you can file it.  I am cognizant, though, that we are now some years out from the events at issue.

MS. SOLOWAY:  Understood, Your Honor.

MR. HORNE:  Thank you, Your Honor.  We appreciate the guidance on the Court's thinking.

THE COURT:  Anything else we need to address today?

MR. HORNE:  Nothing from plaintiffs, Your Honor.

THE COURT:  Oh, let's get a -- we usually put a fact -- end of fact discovery status conference.

THE DEPUTY CLERK:  Yes, Your Honor.  I have -- I apologize, Your Honor.  We're in February 2025; is that

correct?

THE COURT:  That sounds right.  Yep.

THE DEPUTY CLERK:  I have February 7, 2025, at 2:30.

THE COURT:  Sounds good right now.

MS. SOLOWAY:  Thank you, Your Honor.

MR. HORNE:  Thank you, Your Honor.

THE COURT:  Okay.  I'm guessing I'm going to see you before then.

MS. SOLOWAY:  I think so, Your Honor.  Thank you very much.

MR. HORNE:  Thank you.

THE COURT:  Okay.  We are in recess.

(Court in recess at 2:42 p.m.)

**CERTIFICATE OF OFFICIAL REPORTER**

I, Robert W. Paschal, Registered Merit Reporter and Certified Realtime Reporter, in and for the United States District Court for the District of Massachusetts, do hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing pages are a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 18th day of January, 2024.


/s/ Robert W. Paschal
_____

ROBERT W. PASCHAL, RMR, CRR
Official Court Reporter