## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

NADIA SHASH and AMJAD KHAN,
Individually and on behalf of all others
Similarly situated,

      Plaintiffs,

      v.

BIOGEN INC.; MICHEL VOUNATSOS;
ALFRED W. SANDROCK, JR.; and
SAMANTHA BUDD HAEBERLEIN,

      Defendants.

**Civil Action No. 1:21-cv-10479-IT**

### DEFENDANTS' ANSWER TO THE SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

In responding to the allegations in the Second Amended Complaint for Violations of the Federal Securities Laws (the "Second Amended Complaint"), Defendants (i) incorporate into each response a denial of any allegations in the Second Amended Complaint to the extent such allegations assert or suggest that Defendants made any untrue statement of material fact or omitted to state a material fact necessary to make the statements made not misleading, and (ii) to the extent that any response is required, deny any allegations or averments in the introductory paragraphs, headings, and subheadings of the Second Amended Complaint. Defendants, by and through their undersigned attorneys Paul, Weiss, Rifkind, Wharton & Garrison LLP, respond to the specific allegations in the Second Amended Complaint as follows.

1. Paragraph 1, including its footnote, states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations, including any allegation that Defendants violated the Securities Exchange Act of 1934 ("Exchange Act") or caused any damages to any Biogen shareholder.

2.      Defendants deny the allegations in paragraph 2.  Defendants further state that no response is required to the extent that Plaintiffs claim losses allegedly caused by the FDA Peripheral and Central Nervous System Drugs Advisory Committee (PCNS) Meeting (hereinafter, "Advisory Committee Vote") on November 6, 2020, based on the First Circuit decision.  *See* First Cir. Op., Doc. No. 83.

3.      Defendants deny the allegations in paragraph 3, except admit that: (i) aducanumab-avwa is a human, immunoglobulin gamma 1 (IgG1) monoclonal antibody directed against aggregated soluble and insoluble forms of amyloid beta; (ii) the accumulation of amyloid beta plaques in the brain is a defining pathophysiological feature of Alzheimer's disease; (iii) aducanumab reduces amyloid beta plaques; and (iv) ADUHELM became the first treatment approved by the U.S. Food and Drug Administration (the "FDA") that targets the fundamental pathophysiology of the disease.

4.      Defendants deny the allegations in paragraph 4, except admit that EMERGE (1,638 patients) and ENGAGE (1,647 patients) were Phase 3 multicenter, randomized, double-blind, placebo-controlled, parallel-group studies.  The primary objective of the studies were to evaluate the efficacy of monthly doses of aducanumab in slowing cognitive and functional impairment as measured by changes in the Clinical Dementia Rating-Sum of Boxes (CDR-SB) score as compared with placebo in participants with early AD.

5.      Defendants deny the allegations in paragraph 5, except admit that in March 2019, following the results of a futility analysis conducted by an independent data monitoring committee, which indicated the trials were unlikely to meet their primary endpoint upon completion, Biogen and Eisai Co., Ltd. ("Eisai") announced the decision to discontinue the global Phase 3 trials (ENGAGE and EMERGE).

6.      Defendants deny the allegations in paragraph 6.

7.      Defendants deny the allegations in paragraph 7.

8.      Defendants deny the allegations in paragraph 8.

9.      Defendants deny the allegations in paragraph 9.

10.      Defendants deny the allegations in the first sentence of paragraph 10, except admit that the trials' protocol was amended in March 2017.  Defendants admit the remaining allegations in paragraph 10 and footnote 3, except deny that the APOE4 gene "predispose(s)" patients to Alzheimer's Disease and admits that the APOE4 gene increases the risk of Alzheimer's Disease and that ARIA is more frequent in APOE4 carriers than noncarriers.

11.      Defendants deny the allegations in paragraph 11, except admit that protocols were amended during the studies to enable more subjects to achieve the target dose of 10 mg/kg, and due to the differences in enrollment timing, the protocol amendments influenced more patients in Study 302 than Study 301 because Study 302 started later; therefore, more patients were enrolled after the amendment.

12.      No response is required because the claims related to the allegations in paragraph 12 and footnote 4 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent that a response is required, Defendants deny the allegations in paragraph 12 and footnote 4, except admit that Defendants believed, consistent with their public statements, that: (i) the Phase 3 EMERGE Study met its primary endpoint showing a significant reduction in clinical decline; (ii) results from a subset of patients in the Phase 3 ENGAGE Study who received sufficient exposure to high dose aducanumab support the findings from EMERGE; (iii) treatment with Aduhelm was clearly shown in all trials to substantially reduce amyloid beta plaques; and (iv) removing amyloid beta resulted in better clinical outcomes.

13.    No response is required because the claims related to the allegations in paragraph 13 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent that a response is required, Defendants deny the allegations in paragraph 13.

14.    No response is required to the extent the claims related to the allegations in paragraph 14 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent a response is required, Defendants deny the allegations in paragraph 14, except lack knowledge or information sufficient to form a belief as a third party's state of mind.

15.    Defendants deny the allegations in paragraph 15.

16.    Defendants deny the allegations in paragraph 16, except admit that: (i) the FDA Peripheral and Central Nervous System Drugs Advisory Committee had a meeting on November 6, 2022, to discuss an application for aducanumab; and (ii) background materials were published prior to the meeting, including a November 6, 2020 Advisory Committee briefing document, available at: https://www.fda.gov/media/143502/download ("Joint Report") and Appendix 2 of the Joint Report, prepared by Tristan Massie ("Massie Report").

17.    Defendants deny the allegations in paragraph 17, except admit that the opening price for Biogen common stock was $348.00 on November 5, 2020, and that the closing price for Biogen common stock was $328.90 on November 5, 2020, as reported by Bloomberg.

18.    Defendants deny the allegations in paragraph 18.

19.    Defendants deny the allegations in paragraph 19, except admit that: (i) trading of Biogen's stock was halted on November 6, 2020; (ii) the closing price for Biogen common stock was $328.90 on November 5, 2020; and (iii) the closing price for Biogen common stock was $236.26 on November 9, 2020, as reported by Bloomberg.  Defendants further state that no response is required to the extent that Plaintiffs claim losses allegedly caused by the Advisory

4

Committee Vote on November 6, 2020, based on the First Circuit decision. *See* First Cir. Op., Doc. No. 83.

20.    Defendants admit the allegations in paragraph 20.

21.    Defendants deny the allegations in paragraph 21, except admit that Dr. Sandrock and Dr. Dunn were attendees at the American Academy of Neurology 2019 Annual Meeting held in Philadelphia in May 2019.

22.    Defendants deny the allegations in paragraph 22, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the dates and attendees of and the discussions that occurred at internal FDA meetings.

23.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding internal FDA meetings, and otherwise deny the allegations in paragraph 23.

24.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding internal FDA meetings, and otherwise deny the allegations in paragraph 24.

25.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding internal FDA meetings, and otherwise deny the allegations in paragraph 25.

26.    Defendants deny the allegations in paragraph 26.

27.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the advisory committee members, and otherwise deny the allegations on paragraph 27.

5

28.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the activities of the American Neurological Association, and otherwise deny the allegations in paragraph 28.

29.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding an unnamed "third-party advisory panel's" findings, and otherwise deny the allegations in paragraph 29.

30.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.    Defendants deny the allegations in paragraph 32, except admit that two House Committees conducted a joint investigation regarding ADUHELM.

33.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.    Defendants deny the allegations in paragraph 35.

36.    Paragraph 36 states a legal conclusion to which Defendants need not respond.

37.    Paragraph 37 states a legal conclusion to which Defendants need not respond.

38.    Paragraph 38 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations to the extent they suggest any misstatement was made or damages incurred.

6

39.     Paragraph 39 states a legal conclusion to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations to the extent they suggest any misstatement was made or damages incurred.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants admit the allegations in the first and fourth sentences of paragraph 42. Defendants deny the allegations in the second and third sentences of paragraph 42, except admit that: (i) Biogen discovers, develops, and delivers innovative therapies, including in neurology, neuropsychiatry, specialized immunology, and rare diseases; and (ii) aducanumab was an investigational biologic studied for the treatment of Alzheimer's disease during the putative Class Period.

43.     Defendants deny the allegations in paragraph 43, except admit that Michel Vounatsos served as Biogen's CEO and as a Director from January 2017 to November 2022.

44.     Defendants deny the allegations in paragraph 44, except admit that Alfred W. Sandrock, Jr., M.D., Ph.D., served on Biogen's Executive Committee from 2015 to 2021, as Head of Research & Development from 2019 to 2021, and as Chief Medical Officer from 2012 to 2020.

45.     Defendants deny the allegations in paragraph 45, except admit that Samantha Budd Haeberlein, Ph.D., served as Biogen's Vice President of Clinical Development from February 2015 to March 2020 and as Senior Vice President, Head of Neurodegeneration Development from March 2020 to March 2023.

46.     Paragraph 46 creates a defined term to which Defendants need not respond.

47.     Defendants deny the allegations in paragraph 47.

48.    Defendants deny the allegations in paragraph 48.

49.    Paragraph 49 creates a defined term to which Defendants need not respond.

50.    Defendants deny the allegations in paragraph 50.

51.    No response is required to the extent allegations in paragraph 51 concern statements that were dismissed or statements on the July 22 earnings call that were dismissed and not reinstated based on the First Circuit decision.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent a response is required, Defendants deny the allegations in paragraph 51.

52.    Defendants admit the allegations in paragraph 52.

53.    Defendants admit that the allegations in paragraph 53, except lack knowledge or information sufficient to form a belief as to the truth of the date that the amyloid hypothesis was first proposed.

54.    Defendants admit the allegations in paragraph 54.

55.    Defendants deny the allegations in paragraph 55, except admit that amyloid beta is a peptide generated by sequential cleavage of its precursor protein (APP).  Monomers of amyloid beta can be of differing lengths and can self-aggregate, forming a range of aggregates from small soluble oligomers to larger aggregated forms which ultimately deposit in the brain. Aggregated forms of amyloid beta, including soluble oligomers and amyloid plaques, are directly toxic to synapses and neurons, while monomers are not considered to exhibit these detrimental properties.

56.    Defendants deny the allegations in paragraph 56, and lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the beliefs of unspecified "researchers," except admit that: (i) Alzheimer's disease is defined biologically by

the presence of two abnormal protein deposits: extracellular deposits of brain amyloid plaques (comprising amyloid beta peptides) and neurofibrillary tangles (comprising abnormal tau protein); and (ii) the amyloid hypothesis posits that flaws in the processes governing production, accumulation or disposal of beta amyloid are the primary cause of Alzheimer's.

57.    Defendants admit that the amyloid hypothesis is a leading theory explaining Alzheimer's, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 and footnote 5.

58.    Defendants deny the allegations in paragraph 58, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the views of unspecified researchers and practitioners.

59.    Defendants deny the allegations in paragraph 59, except admit aducanumab is a human IgG1 anti-amyloid beta monoclonal antibody and is derived from human B cells.

60.    Defendants admit the allegations in paragraph 60.

61.    Defendants deny the allegations in paragraph 61, except admit that: (i) Biogen had learned from prior research that certain antibodies that bound non-specifically to all forms of beta amyloid could not be dosed at levels high enough to safely engage its target in the brain, and (ii) thus searched for antibodies that specifically target aggregated forms of beta-amyloid.

62.    Defendants deny the allegations in paragraph 62, except admit the allegations in the first sentence of paragraph 62 and that aducanumab specifically targets and binds to oligomeric and fibrillar forms of beta amyloid.

63.    Defendants deny the allegations in paragraph 63.

64.    Defendants deny the allegations in paragraph 64, except admit that Defendant Vounatsos spoke at the JPMorgan Global Healthcare Conference on January 7, 2019, and that

9

Plaintiffs purport to quote from a transcript of the conference, but deny that they have quoted the entire document.

65.     Defendants deny the allegations in paragraph 65.

66.     Defendants admit the allegations in paragraph 66.  Defendants deny the allegations in footnote 6, except admit that aducanumab is a biologic and that Biogen submitted the aducanumab BLA to the FDA in July 2020.

67.     Defendants admit the allegations in paragraph 67.

68.     Defendants deny the allegations in paragraph 68 except admit that (i) Study 103 is also called PRIME or the Phase 1b study; (ii) the study began in 2012; (iii) Study 103 findings informed the Phase 3 program.

69.     Defendants admit the allegations in paragraph 69.

70.     Defendants admit the allegations in paragraph 70.

71.     Defendants admit the allegations in paragraph 71, except deny the allegations regarding the ApoE ε4 gene ("APOE4") percentages.

72.     Defendants deny the allegations in paragraph 72, except admit that APOE4 is a genetic risk factor that increases the lifetime risk of developing Alzheimer's disease.

73.     Defendants deny the allegations in paragraph 73, except admit that ARIA, or amyloid-related imaging abnormality, was the principal side effect of aducanumab, and that its incidence was dose-dependent and more common in APOE4 carriers.

74.     Defendants admit the allegations in paragraph 74.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 7 to the extent that the allegations make generalized statements as to unspecified drugs, except admit that

Biogen utilized dose titration, which has been shown to reduce the incidence of ARIA, a side effect of aducanumab.

75.    Defendants admit the allegations in paragraph 75.

76.    Defendants admit the allegations in paragraph 76.

77.    Defendants admit the allegations in paragraph 77, except deny that Studies 301 and 302 were identical.

78.    Defendants admit the allegations in paragraph 78.

79.    Defendants deny the allegations in paragraph 79, except admit that both APOE carriers and non-carriers were enrolled in Studies 301 and 302, and APOE carriers made up approximately two-thirds of each study population.

80.    Defendants admit the allegations in paragraph 80.

81.    Defendants admit the allegations in paragraph 81.

82.    Defendants admit the allegations in paragraph 82.

83.    Defendants admit the allegations in paragraph 83.

84.    Defendants admit the allegations in paragraph 84.

85.    Defendants admit the allegations in paragraph 85.

86.    Defendants admit the allegations in paragraph 86, including footnote 8.

87.    Defendants admit the allegations in paragraph 87, including footnote 9.

88.    Defendants admit the allegations in paragraph 88, including footnote 10.

89.    Defendants admit the allegations in paragraph 89.

90.    Defendants admit the allegations in paragraph 90.

91. Defendants deny the allegations in paragraph 91, except admit that at the initiation of the Phase 3 studies, both the aducanumab low and high doses differed based on the participants' APOE4 status.

92. Defendants admit the allegations in paragraph 92.

93. Defendants admit the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94 except admit that during the studies, protocols were amended for Studies 301 and 302 to enable more subjects to achieve the target dose of 10 mg/kg.

95. Defendants admit the allegations in paragraph 95.

96. Defendants deny the allegations in paragraph 96, except admit that at the start of the Phase 3 program, ARIA was managed using rules largely similar to those then in place for Study 103, which mandated dosing suspension under certain circumstances (e.g., if ARIA was accompanied by mild or moderate symptoms, or if ARIA-E was radiographically moderate or severe regardless of whether symptoms were present).  Dosing could be resumed at the next lower dose after the event resolved; these participants were then required to remain at that dose for the duration of the trial.  Under other circumstances (e.g., if symptoms of greater severity were present), dosing was required to be discontinued permanently.

97. Defendants admit the allegations in paragraph 97.

98. Defendants deny the allegations in paragraph 98, except admit that the protocol amendments had the effect of enabling more subjects to continue on aducanumab, and also enabled more of those participants to reach their assigned target dose.

99. Defendants admit the allegations in paragraph 99.

100.    Defendants deny the allegations in paragraph 100, except admit that for the patients who consented to amendment 4 (PV4), they would receive 10mg/kg after titration over 24 weeks.

101.    Defendants admit the allegations in paragraph 101.

102.    Defendants admit the allegations in paragraph 102.

103.    Defendants admit the allegations in paragraph 103.

104.    Defendants deny the allegations in paragraph 104, except admit that the prespecified criteria for futility were primarily based on conditional power for CDR-SB, which is the probability calculated on the data at the interim analysis that the final analysis would show statistical significance in favor of aducanumab.

105.    Defendants admit the allegations in paragraph 105, except deny the definition of "conditional power" in the first sentence.

106.    Defendants deny the allegations in paragraph 106, except admit that: (i) the use of pooled data was based on the fact that the pooling approach has better operating characteristics than the approach based on single-trial data, if there is only small to moderate heterogeneity on the treatment effects between the two  studies; and (ii) as the two Phase 3 studies were identically designed, large heterogeneity was not expected.

107.    Defendants deny the allegations in paragraph 107, except admit that: (i) the results of the prespecified futility analysis showed that estimated conditional power values, based on the pooled data, for the CDR-SB in the high-dose group were 12% for Study 302 and 0% for Study 301; and (ii) the probability of a statistically significant difference was below the prespecified cutoff of 20%.

13

108. Defendants admit the allegations in paragraph 108, and that Plaintiffs purport to quote from Biogen's March 21, 2019 press release, but deny that they have quoted the entire document.

109. Defendants deny the allegations in paragraph 109, except admit that the closing price for Biogen common stock was $320.59 on March 20, 2019, and the closing price for Biogen common stock was $226.88 on March 21, 2019, as reported by Bloomberg.

110. Defendants deny the allegations in paragraph 110, except admit that Plaintiffs purport to cite from the following analyst reports, but deny that they have quoted the entire documents: (i) the March 22, 2019 SVB Leerink report titled "Post-Aducanumab Future Uncertain; Changes Needed But How & When?"; (ii) the March 22, 2019 RBC Capital Markets report titled "Without Alzheimer's: What's Next and Where Do They Go From Here?"; (iii) the March 22, 2019 Morgan Stanley report titled "Base Business Risks No Longer Offset By Significant Upside Optionality; Downgrade to UW"; (iv) the March 22, 2019 BMO Capital Markets report titled "Little Right Now to Cling to; Maintain Market Perform; Target Lowered to $250"; (v) the March 21, 2019 Wells Fargo Securities report titled "BIIB: Downgrading to Market Perform on Alzheimer's Failure"; (vi) the March 21, 2019 UBS report titled "The Day After – Where to From Here? Downgrading to Neutral"; (vii) the March 21, 2019 Oppenheimer report titled "Post-Aducanumab, Attention Shifts to Cash Flows, PT to $290"; (viii) the March. 21, 2019 J.P. Morgan report titled "Much Adu About Everything; Failed Phase 3 Futility Analysis Delivers Big Blow to BIIB; D/g to Neutral"; (ix) the March 21, 2019 Cantor Fitzgerald report titled "Increased Risk after AD Failure; Downgrading to Neutral with $250 PT"; (x) the March 21, 2019 Canaccord Genuity Capital Markets report titled "Aducanumab Failure Means

BIIB at a Strategic Crossroads; lower to HOLD, $275 PT"; and (xi) the March 21, 2019 Barclays report titled "More Optionality Needed; PT to $250."

111.    Defendants deny the allegations in the paragraph 111, except admit that Plaintiffs purport to quote from a April 24, 2019 Jefferies report titled "Mgmt Addresses 3 Topics, but We Think Sorting through the Issues will Take Time," but deny that they have quoted the entire document.

112.    Defendants deny the allegations in paragraph 112, except admit that Plaintiffs purport to quote from a October 10, 2019 J.P. Morgan report titled "The Excavator Series – Chapter 1: BIIB . . . Can Biogen Dig Itself Out of this Hole?," but deny that they have quoted the entire document.

113.    Defendants deny the allegations in paragraph 113, except (i) admit that Plaintiffs purport to quote from a October 9, 2019 J.P. Morgan's report titled "The Excavator Series – Chapter 1: BIIB," but deny that they have quoted the entire document, and (ii) admit that on October 22, 2019, Biogen announced plans to pursue regulatory approval for aducanumab.

114.    Defendants deny the allegations in paragraph 114, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding unspecified investors in paragraph 114, and admit that Plaintiffs purport to quote from a April 19, 2020 Jefferies report titled "EPS Preview: All about Guidance Comments . . . Are We Really out of the Woods yet?", but deny that they have quoted the entire document.

115.    Defendants deny the allegations in paragraph 115, except admit that Plaintiffs purport to quote from a July 8, 2020 J.P. Morgan report titled "BIIB (Finally) ENGAGES the FDA on Adu; Now the Question is: How Will it EMERGE?", but deny that they have quoted the entire document.

15

116.    Defendants deny the allegations in paragraph 116, except admit that Plaintiffs purport to quote from a November 3, 2020 Wolfe Research report titled "On Adu, FDA Likely Goes Slow (Regardless of AdCom)," but deny that they have quoted the entire document.

117.    Defendants deny the allegations in paragraph 117.

118.    Defendants deny the allegations in paragraph 118, except admit that after the futility announcement, in an effort to understand why the studies had divergent outcomes based on the December 2018 dataset, Biogen ran the primary analyses using all data collected up to March 20, 2019.

119.    Defendants deny the allegations in paragraph 119, except admit that Plaintiffs purport to cite a June 23, 2021 *STAT* news article, and lack knowledge or information sufficient to form a belief as to the allegations in footnote 11.

120.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, except admit that Dr. Sandrock and Dr. Dunn were attendees at the American Academy of Neurology 2019 Annual Meeting held in Philadelphia in May 2019.

121.    Defendants deny the allegations in paragraph 121.

122.    Defendants deny the allegations in paragraph 122.

123.    Defendants deny the allegations in paragraph 123.

124.    Defendants deny the allegations in paragraph 124, except admit that Plaintiffs purport to quote from the Memorandum of the December 16, 2014 Meeting Minutes, but deny that they have quoted the entire document.

125.    Defendants deny the allegations in paragraph 125, except admit that Plaintiffs purport to quote from the Joint Report, but deny that they have quoted the entire document.

126.    Defendants deny the allegations in paragraph 126.

127.    Defendants deny the allegations in paragraph 127.

128.    Defendants deny the allegations in paragraph 128, except admit that Biogen and the FDA participated in a Type C meeting on June 14, 2019.

129.    Defendants deny the allegations in paragraph 129, except admit that Plaintiffs purport to quote from the meeting minutes from the June 14, 2019 Type C meeting involving Biogen and the FDA, available at www.accessdata.fda.gov/drugsatfda_docs/nda/2021/761178Orig1s000AdminCorres.pdf ("June 2019 Meeting Minutes"), but deny that they have quoted the entire document.

130.    Defendants deny the allegations in paragraph 130 and footnote 13, except admit that Plaintiffs purport to quote from the June 2019 Meeting Minutes, but deny that they have quoted the entire document.

131.    Defendants deny the allegations in paragraph 131.

132.    Defendants deny the allegations in paragraph 132, except admit that Plaintiffs purport to quote from the Joint Report, but deny that they have quoted the entire document.

133.    Defendants deny the allegations in paragraph 133.

134.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to all companies in paragraph 134, except admit that Biogen engaged in analysis with pre-specified primary and secondary endpoints in connection with the Phase 3 trials for aducanumab.

135.    Defendants deny the allegations in paragraph 135, except admit that data from clinical trials can be analyzed in multiple ways, reflecting the scientific judgments and opinions of reviewers.

136.     Defendants deny the allegations in paragraph 136, except admit that Plaintiffs purport to quote from an article by Ronald L. Wasserstein, *ASA Statement on Statistical Significance and P-Values*, The American Statistician, Volume 70, Issue 2, at 129-133 (2016), available at https://amstat.tandfonline.com/doi/full/10.1080/00031305.2016.1154108#.YHc4B-hKg2w ("ASA Statement"), but deny that they have quoted the entire document.

137.     Defendants deny the allegations in paragraph 137.

138.     Defendants deny the allegations in paragraph 138.

139.     Defendants deny the allegations in paragraph 139, except admit that a sponsor must submit certain clinical trial registration and results information, including primary and secondary outcome measures, to the ClinicalTrials.gov database.

140.     No response is required because the claims related to the allegations in paragraph 140 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent a response is required, Defendants deny the allegations in paragraph 140, except admit that: (i) during Biogen's Q3 2019 earnings call held on October 22, 2019, Defendant Vounatsos reported that, following the October 2019 Meeting with the FDA, Biogen believed the aducanumab clinical trial data, which showed that aducanumab had a dose-dependent effect on the underlying pathology as measured by amyloid-PET imaging and reduced clinical decline in patients with early Alzheimer's disease as measured by the pre-specified primary and secondary endpoints, supported a regulatory filing; (ii) Biogen presented topline results from the Phase 3 EMERGE and ENGAGE trials of aducanumab at the December 2019 Clinical Trials on Alzheimer's Disease conference on December 5, 2019; and (iii) Biogen held an investor Q&A call on December 5, 2019.

141.    No response is required because the claims related to the allegations in paragraph 141 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent a response is required, Defendants deny the allegations in paragraph 141.

142.    No response is required because the claims related to the allegations in paragraph 142 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent a response is required, Defendants deny the allegations in paragraph 142.

143.    Defendants deny the allegations in paragraph 143.

144.    Defendants deny the allegations in paragraph 144, except admit that (i) Study 302 (EMERGE) met its primary endpoint, and (ii) Study 301 (ENGAGE) did not meet its primary endpoint.

145.    Defendants deny the allegations in paragraph 145.

146.    Defendants deny the allegations in paragraph 146, except admit that Plaintiffs purport to quote from the June 2019 Meeting Minutes, but deny that they have quoted the entire document.

147.    Defendants deny the allegations in paragraph 147, except admit that Plaintiffs purport to quote from the October 29, 2019 RBC analyst report titled "Can Adu Really Be Approved? A Clinical and Statistical Deep Dive + Conference Call," but deny that they have quoted the entire document.

148.    Defendants deny the allegations in paragraph 148, including footnote 15.

149.    Defendants deny the allegations in paragraph 149 and footnote 16, except admit that for post-PV4 patients, 51% in EMERGE and 47% in ENGAGE received the full possible 14 doses of 10 mg/kg.

19

150.     Defendants deny the allegations in paragraph 150, except admit that while Studies 301 and 302 were identical in design, they started one month apart, with Study 301 starting first and remaining ahead in enrollment. Therefore, Protocol Versions 3 and 4 influenced more participants in Study 302 (81.3% and 55.9%, respectively).

151.     Defendants deny the allegations in paragraph 151, except admit that the Massie Report was filed as Appendix 2 to the Joint Report.

152.     Defendants deny the allegations in paragraph 152.

153.     Defendants deny the allegations in paragraph 153.

154.     Defendants deny the allegations in paragraph 154.

155.     Defendants deny the allegations in paragraph 155.

156.     Defendants deny the allegations in paragraph 156.

157.     Defendants deny the allegations in paragraph 157.

158.     Defendants deny the allegations in paragraph 158.

159.     Defendants deny the allegations in paragraph 159.

160.     Defendants deny the allegations in paragraph 160.

161.     Defendants deny the allegations in paragraph 161.

162.     Defendants deny the allegations in paragraph 162 and footnote 17.

163.     Defendants deny the allegations in paragraph 163.

164.     Defendants deny the allegations in paragraph 164.

165.     Defendants deny the allegations in paragraph 165.

166.     Defendants deny the allegations in paragraph 166.

167.     Defendants deny the allegations in paragraph 167.

168.    Defendants deny the allegations in paragraph 168, except lack knowledge or information sufficient to form a belief as to the allegations concerning the forum referenced in paragraph 333 and the statements made by anyone at the forum.

169.    Defendants deny the allegations in paragraph 169, and except admit that Plaintiffs purport to quote from the following documents, but deny that they have quoted the entire documents: (i) the December 6, 2019 BMO report titled "Post Hoc Analysis of A-mab Trials Clouds Interpretation"; (ii) the December 5, 2019 Cantor Fitzgerald report titled "Our Initial Takes from the Aducanumab Data at CTAD"; (iii) the December 5, 2019 Morningstar report titled "Alzheimer's Disease Drug Aducanumab Creates High Uncertainty Around Biogen's Fair Value Estimate"; (iv) the December 5, 2019 RBC report titled "BIIB Makes Case for Adu Activity, as Docs Pine for any Effective AD Drug"; (v) the December 5, 2019 Guggenheim report "BIIB - Rich and Complex Dataset; KOLs Positive (Biased?) on Adu's Benefit in AD; More than Fair Chance of Approval"; and (vi) the February 3, 2020 SVB Leerink report titled "Bullish on Aducanumab but Interesting Even Without It."

170.    Defendants deny the allegations in paragraph 170, except admit that Plaintiffs purport to quote from the following documents, but deny that they have quoted the entire documents: (i) the December 5, 2019 Cowen report titled "Aducanumab's Ph. III Data Presented at CTAD; Unlikely to Change the Debate Much," and (ii) the December 5, 2019 Credit Suisse report titled "CTAD 2019 and Expert Call Takeaways – Our Questions May Never be Fully Answered but It May Not Matter."

171.    No response is required because the claims related to the allegations in paragraph 171 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent a response is required, Defendants deny the allegations in paragraph 171, except admit

that Defendant Sandrock spoke during Biogen's earnings call for the third quarter of 2019, held on October 22, 2019, and that Plaintiffs purport to quote from the transcript of this call, but deny that they have quoted the entire document.

172.     No response is required because the claims related to the allegations in paragraph 172 have been dismissed. *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83. To the extent a response is required, Defendants deny the allegations in paragraph 172.

173.     No response is required because the claims related to the allegations in paragraph 173 have been dismissed. *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83. To the extent a response is required, Defendants deny the allegations in paragraph 173, except admit that Defendant Sandrock spoke during Biogen's earnings call for the third quarter of 2019, held on October 22, 2019, and that Plaintiffs purport to quote from the transcript of that call, but deny that they have quoted the entire document.

174.     No response is required because the claims related to the allegations in paragraph 174 have been dismissed. *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83. To the extent a response is required, Defendants deny the allegations in paragraph 174.

175.     No response is required because the claims related to the allegations in paragraph 175 have been dismissed. *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83. To the extent a response is required, Defendants deny the allegations in paragraph 175, except admit that Defendant Budd-Haeberlein spoke during Biogen's earnings call for the third quarter of 2019, held on October 22, 2019, and that Plaintiffs purport to quote from the transcript of the call, but deny that they have quoted the entire document.

22

176. No response is required because the claims related to the allegations in paragraph 176 have been dismissed. *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83. To the extent a response is required, Defendants deny the allegations in paragraph 176.

177. No response is required because the claims related to the allegations in paragraph 177 have been dismissed. *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83. To the extent a response is required, Defendants deny the allegations in paragraph 177, except admit that Defendant Budd-Haeberlein spoke during Biogen's earnings call for the third quarter of 2019, held on October 22, 2019, and that Plaintiffs purport to quote from the transcript of the call, but deny that they have quoted the entire document.

178. No response is required because the claims related to the allegations in paragraph 178 have been dismissed. *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83. To the extent a response is required, Defendants deny the allegations in paragraph 178.

179. No response is required because the claims related to the allegations in paragraph 179 have been dismissed. *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83. To the extent a response is required, Defendants deny the allegations in paragraph 179, except admit that Defendant Budd-Haeberlein spoke during Biogen's earnings call for the third quarter of 2019, held on October 22, 2019, and that Plaintiffs purport to quote from a transcript of the call, but deny that they have quoted the entire document.

180. No response is required because the claims related to the allegations in paragraph 178 have been dismissed. *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83. To the extent a response is required, Defendants deny the allegations in paragraph 178.

181. No response is required because the claims related to the allegations in paragraph 181 have been dismissed. *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83. To the

extent a response is required, Defendants deny the allegations in paragraph 181, except admit that Defendant Budd-Haeberlein spoke during Biogen's presentation at the 12th Clinical Trials on Alzheimer's Disease ("CTAD") on December 5, 2019, and Plaintiffs purport to quote from a transcript of the presentation, but deny that they have quoted the entire document.

182.   No response is required because the claims related to the allegations in paragraph 182 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent a response is required, Defendants deny the allegations in paragraph 182.

183.   No response is required because the claims related to the allegations in paragraph 183 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent a response is required, Defendants deny the allegations in paragraph 183, except admit that Defendant Budd-Haeberlein spoke during the investor Q&A call held on December 5, 2019, and that Plaintiffs purport to quote from a transcript of the call, but deny that they have quoted the entire document.

184.   No response is required because the claims related to the allegations in paragraph 184 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent a response is required, Defendants deny the allegations in paragraph 184.

185.   No response is required because the claims related to the allegations in paragraph 185 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent a response is required, Defendants deny the allegations in paragraph 185, except admit that Defendant Sandrock spoke during Biogen's earnings call for the fourth quarter of 2019, held on January 30, 2020, and Plaintiffs purport to quote from a transcript of the call, but deny that they have quoted the entire document.

186.    No response is required because the claims related to the allegations in paragraph 186 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent a response is required, Defendants deny the allegations in paragraph 186.

187.    No response is required because the claims related to the allegations in paragraph 187 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent a response is required, Defendants deny the allegations in paragraph 187, except admit that Defendant Budd-Haeberlein spoke during Biogen's presentation at AAT-AD/PD on April 2, 2020, and that Plaintiffs purport to quote from a transcript of the presentation, but deny that they have quoted the entire document.

188.    No response is required because the claims related to the allegations in paragraph 188 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent a response is required, Defendants deny the allegations in paragraph 188.

189.    No response is required because the claims related to the allegations in paragraph 189 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent a response is required, Defendants deny the allegations in paragraph 189, except admit that Defendant Vounatsos spoke during Biogen's earnings call for the second quarter of 2020, held on July 22, 2020, and that Plaintiffs purport to quote from a transcript of the call, but deny that they have quoted the entire document.

190.    No response is required because the claims related to the allegations in paragraph 190 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent a response is required, Defendants deny the allegations in paragraph 190.

191.    Defendants admit that Defendant Sandrock spoke during Biogen's earnings call for the second quarter of 2020, held on July 22, 2020, and that Plaintiffs purport to quote from a

transcript of the call, but deny that they have quoted the entire document.  Defendants deny that Defendant Sandrock made any materially false or misleading statement, or otherwise misstated his honestly-held opinion in any way, made any statement with scienter, and made any statement that caused any loss to Plaintiffs or is actionable in any way.  Defendants further state that no response is required to the extent this allegation concerns statements on the July 22 earnings call that were dismissed and not reinstated in the First Circuit decision.  *See* First Cir. Op., Doc. No. 83.

192.    Defendants deny the allegations in paragraph 192.  Defendants further state that no response is required to the extent this allegation concerns statements on the July 22 earnings call that were dismissed and not reinstated in the First Circuit decision.  *See* First Cir. Op., Doc. No. 83.

193.    No response is required because the claims related to the allegations in paragraph 193 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent a response is required, Defendants deny the allegations in paragraph 193, except admit that Defendant Budd-Haeberlein spoke during Biogen's presentation at the Alzheimer's Association International Conference on July 29, 2020, and that Plaintiffs purport to quote from the transcript of the presentation, but deny that they have quoted the entire document.

194.    No response is required because the claims related to the allegations in paragraph 194 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent a response is required, Defendants deny the allegations in paragraph 194.

195.    No response is required because the claims related to the allegations in paragraph 195 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent a response is required, Defendants deny the allegations in paragraph 195, except admit that Defendant Budd-Haeberlein spoke during Biogen's presentation at the 23rd Chinese National

Conference of Neurology, and Plaintiffs purport to quote from the transcript of the presentation, but deny that they have quoted the entire document.

196.    No response is required because the claims related to the allegations in paragraph 196 have been dismissed. *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83. To the extent a response is required, Defendants deny the allegations in paragraph 196.

197.    No response is required because the claims related to the allegations in paragraph 197 have been dismissed. *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83. To the extent any response is required, Defendants deny the allegations.

198.    No response is required because the claims related to the allegations in paragraph 198 have been dismissed. *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83. To the extent any response is required, Defendants deny the allegations, except admit that Plaintiffs purport to quote from a December 5, 2019 *Washington Post* article by Fredrick Kunkle, titled "Biogen's Potential New Drug for Alzheimer's Disease Gets Cautiously Optimistic Review following Presentation," but deny that they have quoted the entire document.

199.    No response is required because the claims related to the allegations in paragraph 199 have been dismissed. *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83: To the extent any response is required, Defendants deny the allegations, except admit that following the Phase I clinical trial, Defendants believed, consistent with their public statements, that removing amyloid beta resulted in better clinical outcomes, and that Plaintiffs purport to quote from the following documents, but deny that they have quoted the entire documents: (i) the January 26, 2018 Barclays report titled "Literature Review: Questioning the Amyloid-beta Hypothesis," and (ii) the February 26, 2019 J.P. Morgan report titled "Takeaways from our Alzheimer's KOL Call."

27

200.    No response is required because the claims related to the allegations in paragraph 200 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent any response is required, Defendants deny the allegations, except admit that Plaintiffs purport to quote from the June 2019 Meeting Minutes, but deny that they have quoted the entire document.

201.    No response is required because the claims related to the allegations in paragraph 201, including footnote 18, have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

202.    No response is required because the claims related to the allegations in paragraph 202 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

203.    No response is required because the claims related to the allegations in paragraph 203 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

204.    No response is required because the claims related to the allegations in paragraph 204 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

205.    No response is required because the claims related to the allegations in paragraph 205 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

206.    No response is required because the claims related to the allegations in paragraph 206 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

207.    No response is required because the claims related to the allegations in paragraph 207 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

208.    No response is required because the claims related to the allegations in paragraph 208 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

209.    No response is required because the claims related to the allegations in paragraph 209 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

210.    No response is required because the claims related to the allegations in paragraph 210 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent any response is required, Defendants deny the allegations, except admit that Plaintiffs purport to quote from a December 4, 2020 UBS report titled "Thoughts and Feedback Now the Dust has Settled + Post-AdCom Expert Call Transcript," but deny that they have quoted the entire document.

211.    No response is required because the claims related to the allegations in paragraph 211 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent any response is required, Defendants deny the allegations, except admit that Plaintiffs purport to quote from the following documents, but deny that they have quoted the entire documents: (i) the December 5, 2019 *Washington Post* article by Fredrick Kunkle, titled "Biogen's Potential New Drug for Alzheimer's Disease Gets Cautiously Optimistic Review following Presentation"; (ii) the October 29, 2019 RBC report titled "Can Adu Really Be Approved? A Clinical and Statistical Deep Dive + Conference Call"; (iii) the December 5, 2019

29

Credit Suisse report titled "CTAD 2019 and Expert Call Takeaways – Our Questions may Never be Fully Answered but it may not Matter"; (iv) the December 5, 2019 BTIG report titled "Biogen's CTAD Adventure – Call Quite Positive.  No Really New Analysis, but Dose Response ~Flat – Good for Safety, Tau Details Interesting"; (v) the December 5, 2019 Oppenheimer report titled "More Aducanumab More Better"; (vi) the December 23, 2019 SVB Leerink report titled "Biostatistician Call Suggests Sufficient Evidence of Efficacy for Adu Approval"; (vii) the February 3, 2020 SVB Leerink report titled "Bullish on Aducanumab but Interesting Even Without it"; (viii) the October 13, 2020 SVB Leerink report titled "Thinking about Aducanumab Ahead of the November FDA AdCom"; and (ix) the November 3, 2020 Wells Fargo report titled "BIIB: Considering Aducanumab Risk-Reward ahead of FDA Briefing Docs."

212.     No response is required because the claims related to the allegations in paragraph 212 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent any response is required, Defendants deny the allegations, except admit that Plaintiffs purport to quote from the December 5, 2019 Biogen Investor Q&A call transcript, but deny that they have quoted the entire document.

213.     No response is required because the claims related to the allegations in paragraph 213 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent any response is required, Defendants deny the allegations, except admit that Plaintiffs purport to quote from the Memorandum of the December 16, 2014 Meeting Minutes, but deny that they have quoted the entire document.

214.     No response is required because the claims related to the allegations in paragraph 214 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

30

215.    No response is required because the claims related to the allegations in paragraph 215 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

216.    No response is required because the claims related to the allegations in paragraph 216 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

217.    No response is required because the claims related to the allegations in paragraph 217 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

218.    No response is required because the claims related to the allegations in paragraph 218 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

219.    No response is required because the claims related to the allegations in paragraph 219 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

220.    No response is required because the claims related to the allegations in paragraph 220 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

221.    No response is required because the claims related to the allegations in paragraph 221 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent any response is required, Defendants deny the allegations, except admit that Plaintiffs purport to quote from the transcript of Biogen's earnings call for the third quarter of 2019, held on October 22, 2019, but deny that they have quoted the entire document.

31

222.   No response is required because the claims related to the allegations in paragraph 222, including footnote 19, have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

223.   No response is required because the claims related to the allegations in paragraph 223 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent any response is required, Defendants deny the allegations, except admit that Plaintiffs purport to quote from the transcript of Biogen's earnings call for the third quarter of 2019, held on October 22, 2019, but deny that they have quoted the entire document.

224.   No response is required because the claims related to the allegations in paragraph 224 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

225.   No response is required because the claims related to the allegations in paragraph 225 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent any response is required, Defendants deny the allegations, except admit that Plaintiffs purport to quote from the transcript of Biogen's earnings call for the third quarter of 2019, held on October 22, 2019, but deny that they have quoted the entire document.

226.   No response is required because the claims related to the allegations in paragraph 226 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

227.   No response is required because the claims related to the allegations in paragraph 227 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent any response is required, Defendants deny the allegations, except admit that Plaintiffs

purport to quote from a transcript of Defendant Vounatsos's October 23, 2019 interview with MSNBC, but deny that they have quoted the entire document.

228.   No response is required because the claims related to the allegations in paragraph 228 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

229.   No response is required because the claims related to the allegations in paragraph 229 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent any response is required, Defendants deny the allegations, except admit that Plaintiffs purport to quote from the December 5, 2019 Biogen Investor Q&A call transcript, but deny that they have quoted the entire document.

230.   No response is required because the claims related to the allegations in paragraph 230 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

231.   No response is required because the claims related to the allegations in paragraph 231 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent any response is required, Defendants deny the allegations, except admit that Plaintiffs purport to quote from the December 3, 2019 Credit Suisse report titled "Everything You Need for CTAD: Framing Expectations into the Aducanumab Presentation in San Diego," but deny that they have quoted the entire document.

232.   No response is required because the claims related to the allegations in paragraph 232 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

233.    No response is required because the claims related to the allegations in paragraph 233 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

234.    No response is required because the claims related to the allegations in paragraph 234 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

235.    No response is required because the claims related to the allegations in paragraph 235 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

236.    No response is required because the claims related to the allegations in paragraph 236 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

237.    No response is required because the claims related to the allegations in paragraph 237 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent any response is required, Defendants deny the allegations, except admit that Plaintiffs purport to quote from the June 2019 Meeting Minutes, but deny that they have quoted the entire document.

238.    No response is required because the claims related to the allegations in paragraph 238 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent any response is required, Defendants deny the allegations, except admit that Plaintiffs purport to quote from the December 5, 2019 Biogen Investor Q&A call transcript, but deny that they have quoted the entire document.

239.    No response is required because the claims related to the allegations in paragraph 239 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

240.    No response is required because the claims related to the allegations in paragraph 240 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

241.    No response is required because the claims related to the allegations in paragraph 241 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

242.    No response is required because the claims related to the allegations in paragraph 242 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

243.    No response is required because the claims related to the allegations in paragraph 243 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

244.    No response is required because the claims related to the allegations in paragraph 244 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

245.    No response is required because the claims related to the allegations in paragraph 245 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

246.    No response is required because the claims related to the allegations in paragraph 246 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

247.    No response is required because the claims related to the allegations in paragraph 247 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

248.    No response is required because the claims related to the allegations in paragraph 248 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent any response is required, Defendants deny the allegations, except admit that Plaintiffs purport to quote from the December 5, 2019 Biogen Investor Q&A call transcript, but deny that they have quoted the entire document.

249.    No response is required because the claims related to the allegations in paragraph 249 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

250.    No response is required because the claims related to the allegations in paragraph 250 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

251.    No response is required because the claims related to the allegations in paragraph 251 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

252.    No response is required because the claims related to the allegations in paragraph 252 have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  To the extent any response is required, Defendants deny the allegations, except admit that Plaintiffs

36

purport to quote from a December 23, 2019 SVB Leerink report titled "Biostatistician Call Suggests Sufficient Evidence of Efficacy for Adu Approval," but deny that they have quoted the entire document.

253.    No response is required because the claims related to the allegations in paragraph 253 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

254.    No response is required because the claims related to the allegations in paragraph 254 have been dismissed., and to the extent any response is required, Defendants deny the allegations  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

255.    No response is required because the claims related to the allegations in paragraph 255 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

256.    No response is required because the claims related to the allegations in paragraph 256 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

257.    No response is required because the claims related to the allegations in paragraph 257, including footnote 20, have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

258.    No response is required because the claims related to the allegations in paragraph 258 have been dismissed, and to the extent any response is required, Defendants deny the allegations.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

259.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 259, except admit that Plaintiffs purport to quote from the

37

webpage *Advisory Committees: Critical to the FDA's Product Review Process*, U.S. Food & Drug Administration, available at https://www.fda.gov/drugs/information-consumers-and-patients-drugs/advisory-committees-critical-fdas-product-review-process, but deny that they have quoted the entire document.

260.    Defendants deny the allegations in Paragraph 260.

261.    Defendants deny the allegations in paragraph 261, except admit that Plaintiffs purport to quote from a October 24, 2019 SVB Leerink report titled "KOL Interview Suggests Confidence About Aducanumab Approval," and a November 20, 2019 Cowen report titled "Aducanumab's FDA Review Will Test the Extent of FDA's Regulatory Flexibility," but deny that they have quoted the entire documents.

262.    Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 262, except admit that the FDA publicly released various briefing materials in the morning of November 4, 2020, in advance of the November 6, 2020 advisory committee meeting ("FDA Briefing Materials").

263.    Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 263, except admit that Plaintiffs purport to characterize the items in the FDA Briefing Materials.

264.    Defendants deny the allegations in paragraph 264, except admit that the FDA made positive statements in the Joint Report.

265.    Defendants deny the allegations in paragraph 265, except admit that the Joint Report set out Biogen's position accompanied by the FDA's commentary.

266.    Defendants admit the allegations in paragraph 266.

38

267.    Defendants deny the allegations in paragraph 267, except admit that the FDA found that EMERGE was a positive study, and deny knowledge or information sufficient to form a belief as to the FDA's internal "hypothesis."

268.    Defendants deny the allegations in paragraph 268, except admit that the FDA wrote that "[t]he results of Study 103 are appropriately viewed as supportive evidence of the effectiveness of aducanumab."

269.    Defendants admit the allegations in paragraph 269.

270.    Defendants admit the allegations in the first sentence of paragraph 270, and lack knowledge or information sufficient to form a belief as to the allegations in the second sentence.

271.    Defendants admit the allegations in paragraph 271.

272.    Defendants admit the first sentence in paragraph 272, and otherwise deny the remaining allegations in paragraph 272, except admit that Plaintiffs purport to quote from the following documents, but deny that they have quoted the entire documents:  (i) the November 4, 2020 Morgan Stanley report "Briefing Documents Supportive of Aducanumab Approval"; and (ii) the November 5, 2020 RBC report, titled "BIIB at the Helm, as FDA Shows Aduhelm Support; Dissenters to Be Held at Bay?".

273.    Defendants deny the allegations in paragraph 273, except admit that (i) the Massie Report was included as Appendix 2 to the Joint Report and bore a "draft" watermark, and (ii) Plaintiffs purport to quote from a November 4, 2020 UBS analyst report titled "First pass of briefing docs suggest FDA has constructive view- this changes everything," but deny that they have quoted the entire document.

274.    Defendants deny the allegations in paragraph 274.

275.    Defendants deny the allegations in paragraph 275.

276.    Defendants deny the allegations in paragraph 276, except admit that Plaintiffs purport to quote from the following documents, but deny that they have quoted the entire documents: (i) the November 4, 2020 Cantor Fitzgerald report titled "Aducanumab briefing docs look very supportive to core BIIB arguments"; (ii) the November 4, 2020 Guggenheim report titled "Adu Briefing Docs Are Out, Draft Questions Sets Up For A Positive Vote; Approval More Likely Than Not"; (iii) the November 4, 2020 H.C. Wainwright report titled "Positive Brief Considerations on AdCom Briefing Documents Release, Ahead of Friday"; (iv) the November 4, 2020 Jefferies report titled "Hot Debate but FDA Clearly Reads Positive on Efficacy, Safety"; (v) the November 4, 2020 RBC report titled "FDA Drinks the Adu Kool-Aid, Showing Surprising Openness to Approval Despite Mixed Data; Friday's AdCom Still Key"; and (vi) the November 4, 2020 Barclays report titled "Adu Briefing Documents Highlight Supportive FDA Stance"; and (vii) the February 8, 2021 Barron's article titled "Biogen Goes All-In on Alzheimer's Drug – FDA approval would cause the stock to soar.  Rejection would lay bare biotech's problems.  Investors have a few months to place their bets."

277.    Defendants deny the allegations in paragraph 277, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnotes 23 and 24, except admit that Plaintiffs purport to quote from the following documents, but deny that they have quoted the entire documents: (i) the November 4, 2020 J.P. Morgan report titled, "To Be Brief . . . the FDA Wants to Approve Adu"; (ii) the November 4, 2020 J.P. Morgan report titled "A Closer Look at the Adu Briefing Docs and The Tale of Two FDAs"; (iii) the November 4, 2020 Raymond James report titled "Briefing Documents: 'Do Stats Matter?"; (iv) the November 5, 2020 Raymond James report titled "A House Divided: Deeper Look Into Split FDA Take on Aducanumab"; (v) the November 4, 2020 UBS report titled, "First pass of briefing docs suggest

40

FDA has constructive view – this changes everything" ; (vi) the November 5, 2020 UBS report titled "BIIB Aducanumab Expert Call Takeaways"; and (vii) the November 6, 2020 *ScienceMag* article by Derek Lowe titled "Aducanumab at the FDA."

278.    Defendants deny the allegations in paragraph 278, except admit that the closing price for Biogen common stock was $355.63 on November 4, 2020, as reported by Bloomberg.

279.    Defendants deny the allegations in paragraph 279, except admit that the closing price for Biogen common stock was $328.90 on November 5, 2020, as reported by Bloomberg.

280.    Defendants admit that the Advisory Committee meeting began in the morning of Friday, November 6, and that trading in Biogen's shares was halted on November 6 and resumed on Monday, November 9, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the remaining allegations in paragraph 280.  Defendants further state that no response is required to the extent that Plaintiffs claim losses allegedly caused by the Advisory Committee Vote on November 6, 2020, based on the First Circuit decision.  *See* First Cir. Op., Doc. No. 83.

281.    Defendants lack knowledge or information sufficient to form a belief as to the inner workings of the Advisory Committee, except admit that Plaintiffs purport to quote from the November 6, 2020 Final Summary Minutes of the Peripheral and Central Nervous System Drugs Advisory Committee Meeting (hereinafter, "FDA Advisory Committee Meeting Summary"), available at https://www.fda.gov/media/145690/download, but deny that they have quoted the entire document.  Defendants further state that no response is required to the extent that Plaintiffs claim losses allegedly caused by the Advisory Committee Vote on November 6, 2020, based on the First Circuit decision.  *See* First Cir. Op., Doc. No. 83.

282.    Defendants deny the allegations in paragraph 282.  Defendants further state that no response is required to the extent that Plaintiffs claim losses allegedly caused by the Advisory Committee Vote on November 6, 2020, based on the First Circuit decision.  *See* First Cir. Op., Doc. No. 83.

283.    Defendants deny the allegations in paragraph 283, and lack knowledge or information sufficient to form a belief as to a third party's state of mind, except admit that Plaintiffs purport to quote from the November 6, 2020 transcript of the Peripheral and Central Nervous System Drugs Advisory Committee (PCNS) Meeting (hereinafter, "Advisory Committee Meeting Transcript"), available at https://www.fda.gov/media/145691/download, but deny that they have quoted the entire document.  Defendants further state that no response is required to the extent that Plaintiffs claim losses allegedly caused by the Advisory Committee Vote on November 6, 2020, based on the First Circuit decision.  *See* First Cir. Op., Doc. No. 83.

284.    Defendants deny the allegations in paragraph 284, and lack knowledge or information sufficient to form a belief as to a third party's state of mind, except admit that Plaintiffs purport to quote from the Advisory Committee Meeting Transcript, but deny that they have quoted the entire document.  Defendants further state that no response is required to the extent that Plaintiffs claim losses allegedly caused by the Advisory Committee Vote on November 6, 2020, based on the First Circuit decision.  *See* First Cir. Op., Doc. No. 83.

285.    Defendants deny the allegations in paragraph 285, and lack knowledge or information sufficient to form a belief as to a third party's state of mind, except admit that Plaintiffs purport to quote from the Advisory Committee Meeting Transcript, but deny that they have quoted the entire document.  Defendants further state that no response is required to the

extent that Plaintiffs claim losses allegedly caused by the Advisory Committee Vote on November 6, 2020, based on the First Circuit decision. *See* First Cir. Op., Doc. No. 83.

286.    Defendants deny the allegations in paragraph 283, and lack knowledge or information sufficient to form a belief as to a third party's state of mind, except admit that Plaintiffs purport to quote from the Advisory Committee Meeting Transcript, but deny that they have quoted the entire document. Defendants further state that no response is required to the extent that Plaintiffs claim losses allegedly caused by the Advisory Committee Vote on November 6, 2020, based on the First Circuit decision. *See* First Cir. Op., Doc. No. 83.

287.    Defendants deny the allegations in paragraph 287, and lack knowledge or information sufficient to form a belief as to a third party's state of mind, except admit that Plaintiffs purport to quote from the Advisory Committee Meeting Transcript, but deny that they have quoted the entire document. Defendants further state that no response is required to the extent that Plaintiffs claim losses allegedly caused by the Advisory Committee Vote on November 6, 2020, based on the First Circuit decision. *See* First Cir. Op., Doc. No. 83.

288.    Defendants deny the allegations in paragraph 288, and lack knowledge or information sufficient to form a belief as to a third party's state of mind, except admit that Plaintiffs purport to quote from the Advisory Committee Meeting Transcript, but deny that they have quoted the entire document. Defendants further state that no response is required to the extent that Plaintiffs claim losses allegedly caused by the Advisory Committee Vote on November 6, 2020, based on the First Circuit decision. *See* First Cir. Op., Doc. No. 83.

289.    Defendants deny the allegations in paragraph 289, and lack knowledge or information sufficient to form a belief as to a third party's state of mind, except admit that Plaintiffs purport to quote from the Advisory Committee Meeting Transcript, but deny that they

have quoted the entire document.  Defendants further state that no response is required to the extent that Plaintiffs claim losses allegedly caused by the Advisory Committee Vote on November 6, 2020, based on the First Circuit decision.  *See* First Cir. Op., Doc. No. 83.

290.    Defendants deny the allegations in paragraph 290, and lack knowledge or information sufficient to form a belief as to a third party's state of mind, except admit that Plaintiffs purport to quote from the Advisory Committee Meeting Transcript, but deny that they have quoted the entire document.  Defendants further state that no response is required to the extent that Plaintiffs claim losses allegedly caused by the Advisory Committee Vote on November 6, 2020, based on the First Circuit decision.  *See* First Cir. Op., Doc. No. 83.

291.    Defendants deny the allegations in paragraph 291, and lack knowledge or information sufficient to form a belief as to a third party's state of mind, except admit that Plaintiffs purport to quote from the Advisory Committee Meeting Transcript, but deny that they have quoted the entire document.  Defendants further state that no response is required to the extent that Plaintiffs claim losses allegedly caused by the Advisory Committee Vote on November 6, 2020, based on the First Circuit decision.  *See* First Cir. Op., Doc. No. 83.

292.    Defendants deny the allegations in paragraph 292, and lack knowledge or information sufficient to form a belief as to a third party's state of mind, except admit that Plaintiffs purport to quote from the Advisory Committee Meeting Transcript, but deny that they have quoted the entire document.  Defendants further state that no response is required to the extent that Plaintiffs claim losses allegedly caused by the Advisory Committee Vote on November 6, 2020, based on the First Circuit decision.  *See* First Cir. Op., Doc. No. 83.

293.    Defendants deny the allegations in paragraph 293.  Defendants further state that no response is required to the extent that Plaintiffs claim losses allegedly caused by the Advisory

Committee Vote on November 6, 2020, based on the First Circuit decision.  *See* First Cir. Op., Doc. No. 83.

294.     Defendants deny the allegations in paragraph 294, except admit that the opening price for Biogen common stock was $230.82 on November 9, 2020, and the closing price for Biogen common stock on $236.26, as reported by Bloomberg.  Defendants further state that no response is required to the extent that Plaintiffs claim losses allegedly caused by the Advisory Committee Vote on November 6, 2020, based on the First Circuit decision.  *See* First Cir. Op., Doc. No. 83.

295.     Defendants deny the allegations in paragraph 295.

296.     Defendants deny the allegations in paragraph 296, except admit that Plaintiffs purport to quote from the following documents, but deny that they have quoted the entire documents: (i) a November 7, 2020 article by Jacob Bell, Jonathan Gardner and Ned Pagliaulo in *Biopharma dive* titled "FDA advisors vote against Biogen's Alzheimer's drug, leaving its future in doubt"; (ii) a November 9, 2020 BMO Capital report titled "A-mab BLA Hits a Wall"; (iii) a November 6, 2020 J.P. Morgan report titled "Panel Votes No on FDA . . . and Aducanumab Too"; (iv) a November 6, 2020 Morgan Stanley report titled "The FDA Conundrum"; (v) a November 8, 2020 Piper Sandler report titled "AdCom Does The Right Thing, Will FDA?"; and (vi) a November 8, 2020 Wedbush report titled "We Repeat, Does the Aducanumab AdCom Really Matter? [Hint: No, Don't Think So]."

297.     Defendants deny the allegations in paragraph 297, except admit that Plaintiffs purport to quote from the December 9, 2020 letter from Public Citizen to Stephen M. Hahn and Patrizia Cavazzoni, but deny that they have quoted the entire document.

45

298.    Defendants deny the allegations in paragraph 298, except admit that Plaintiffs purport to quote from a November 6, 2020 *ScienceMag* article by Derek Lowe titled "Aducanumab at the FDA," but deny that they have quoted the entire document.

299.    Defendants deny the allegations in paragraph 299, except admit that Plaintiffs purport to quote from a November 6, 2020 Raymond James report titled, "Dunn and Done," and a November 9, 2020 BMO Capital report titled, "A-mab BLA Hits a Wall," but deny that they have quoted the entire document.

300.    Defendants deny the allegations in paragraph 300.

301.    Defendants deny the allegations in paragraph 301, except admit that Plaintiffs purport to quote from the FDA's February 2018 Draft Guidance titled "Early Alzheimer's Disease: Developing Drugs for Treatment," available at https://www.fda.gov/media/110903/download, but deny that they have quoted the entire document.

302.    Defendants deny the allegations in paragraph 302.

303.    Defendants deny the allegations in paragraph 303, except admit that Plaintiffs purport to quote from the Memorandum of Meeting Minutes for the December 16, 2014 meeting between Biogen and the FDA, but deny that they have quoted the entire document.

304.    Defendants deny the allegations in paragraph 304 and footnote 25, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the knowledge of *STAT* reporters, and admit that Plaintiffs purport to quote from the June 2019 Meeting Minutes, but deny that they have quoted the entire document.

305.    Defendants deny the allegations in paragraph 305, except admit that Plaintiffs purport to quote from the Advisory Committee Meeting Transcript, but deny that they have quoted the entire document.

306.    Defendants deny the allegations in paragraph 306, except admit that Plaintiffs purport to quote from the Advisory Committee Meeting Transcript, but deny that they have quoted the entire document.

307.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 307 and admit that Plaintiffs purport to quote from the Advisory Committee Meeting Transcript, but deny that they have quoted the entire document.

308.    Defendants deny the allegations in paragraph 308, except admit that Plaintiffs purport to quote from a December 4, 2020 UBS report titled, "Thoughts and feedback now the dust has settled + Post-AdCom expert call transcript," but deny that they have quoted the entire document.

309.    Defendants deny the allegations in paragraph 309, except admit that Plaintiffs purport to cite a July 19, 2020 *New York Times* article by Pam Belluck, Sheila Kaplan and Rebecca Robbins, titled, "How an Unproven Alzheimer's Drug Got Approved," but lack knowledge or information sufficient to form a belief as to the truth of the matters reported in the article.

310.    Defendants deny the allegations in paragraph 310, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the internal workings of the FDA.

311.    Defendants deny the allegations in paragraph 311, except admit that Plaintiffs purport to quote from a July 19, 2020 *New York Times* article by Pam Belluck, Sheila Kaplan

and Rebecca Robbins, titled, "How an Unproven Alzheimer's Drug Got Approved," but deny that they have quoted the entire document.

312.    Defendants deny the allegations in paragraph 312.

313.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 313.

314.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 313 and footnote 27.

315.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the reasoning behind each of the attendees' votes, except admit that aducanumab was approved under accelerated approval based on reduction in amyloid beta plaque observed in patients treated with ADUHELM.

316.    Defendants deny the allegations in paragraph 316, except admit that Plaintiffs purport to quote from the June 7, 2021 Concurrence Memorandum by Peter Stein for BLA # 761178, and the July 13, 2021 *Journal of the American Medical Association* article by Billy Dunn, Peter Stein, and Patrizia Cavazzoni, titled, "Approval of Aducanumab for Alzheimer Disease – the FDA's Perspective," but deny that they have quoted the entire documents.

317.    Defendants deny the allegations in paragraph 317 except admit that Plaintiffs purport to quote from the following documents, but deny that they have quoted the entire documents: (i) the June 9, 2021 *Endpoint News* article by John Carroll titled "What does a clear majority of the bio-pharma industry think of the FDA approval of aducanumab? 'Horrifying' 'Dangerous' 'Confusing' 'Disaster'"; (ii) the American Neurological Association webpage "ANA Executive Committee Commentary on the FDA Approval of ADUHELM," available at https://myana.org/publications/news/ana-executive-committee-commentary-fda-approval-

48

aduhelm; and (iii) the July 19, 2020 *New York Times* article by Pam Belluck, Sheila Kaplan and Rebecca Robbins, titled, "How an Unproven Alzheimer's Drug Got Approved."

318.    Defendants deny the allegations in paragraph 318, except admit that the Phase 4 study is a post-marketing confirmatory study and a requirement of the FDA's accelerated approval.

319.    Defendants deny the allegations in paragraph 319, except admit that Biogen announced a yearly cost of the maintenance dose of aducanumab on June 7, 2021, and refer to the June 7, 2021 Biogen news release available at https://investors.biogen.com/news-releases/news-release-details/fda-grants-accelerated-approval-aduhelmtm-first-and-only for a complete statement of its contents.

320.    Defendants deny the allegations in paragraph 320, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning a meeting of the California Technology Assessment Forum and statements made by anyone at the meeting.

321.    Defendants deny the allegations in paragraph 321.

322.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 322, except deny the truth of the statements of Advisory Committee members alleged in paragraph 322.

323.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 323.

324.    Defendants deny the allegations in paragraph 324, and lack knowledge or information sufficient to form a belief as to a third party's state of mind, except admit that Plaintiffs purport to quote to from the June 17, 2021 letter from Senator Joe Manchin to President Joseph R. Biden, Jr., but deny that they have quoted the entire document.

325.    Defendants admit that two House Committees conducted investigations, which concerned the launch of ADUHELM, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 325 and footnote 30, except admit that Plaintiffs purport to quote from the *Committee on Oversight and Accountability* press release titled, "Chairs Maloney and Pallone Announce Investigation of Biogen's Alzheimer's Drug Aduhelm," but deny that they have quoted the entire document.

326.    Defendants deny the allegations in paragraph 326, and lack knowledge or information sufficient to form a belief as to a third party's state of mind, except admit that Plaintiffs purport to quote from a July 6, 2021 letter from Katie Porter to Christi Grimm, but deny that they have quoted the entire document.

327.    Defendants deny the allegations in paragraph 327, except lack knowledge or information sufficient to form a belief to the extent the allegations purport to reflect third-party communications with reporters.

328.    Defendants deny the allegations in paragraph 328, except lack knowledge or information sufficient to form a belief to the extent the allegations purport to reflect third-party communications with reporters.

329.    Defendants deny the allegations in paragraph 329, except admit that Plaintiffs purport to quote from the July 12, 2021 letter and accompanying document requests, from Carolyn B. Maloney and Frank Pallone Jr. to Michel Vounatsos, but deny that they have quoted the entire documents.

330.    Defendants deny the allegations in paragraph 330, except admit that Plaintiffs purport to quote from a July 9, 2021 letter from Janet Woodcock to Christi A. Grimm, but deny that they have quoted the entire document.

331. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 331.

332. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 332.

333. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 333.

334. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 334, except admit that Plaintiffs purport to quote from a July 2021 Spherix Global Insights survey, but deny that they have quoted the entire document.

335. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 335, except admit that Plaintiffs purport to quote from a July 10, 2021 Bloomberg article by the Bloomberg editors, titled, "Alzheimer's Drug Controversy Points to Problems with FDA and Medicare," but deny that they have quoted the entire document.

336. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 336, except admit that Plaintiffs purport to quote from the October 30, 2020 Statement Contributed by David Knopman MD In Re: Biologics License Application (BLA) 761178, but deny that they have quoted the entire document.

337. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 337, including regarding the estimates of unspecified analysts.

338. Defendants deny the allegations in paragraph 338 and footnotes 32 and 33, except lack knowledge or information sufficient to form a belief as to the entire U.S. PET scan capacity,

except admit that in footnote 33 Plaintiffs purport to quote from the January 13, 2020 JP Morgan Healthcare Conference transcript, but deny that they have quoted the entire document.

339.    Defendants admit that aducanumab is administered every 4 weeks, with each infusion taking approximately one hour, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations about unspecified patients.

340.    Defendants deny the allegations in paragraph 340, except admit that: (i) one of aducanumab's potential side effects is ARIA, (ii) the use of MRI monitoring is used for ARIA risk mitigation, and (iii) in aducanumab's Phase III Studies 301 and 302, all study participants had regularly scheduled brain MRIs performed at 5 postbaseline visits during approximately the first year of the placebo-controlled period and at 2 visits during the last 6 months of the placebo-controlled period.

341.    Defendants deny the allegations in paragraph 341, and lack knowledge or information sufficient to form a belief as to the truth of the allegations that the unidentified five persons made the alleged statements to UBS.

342.    Defendants deny the allegations in paragraph 342.

343.    Defendants deny the allegations in paragraph 343.

344.    Defendants deny the allegations in the first sentence of paragraph 344, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

345.    Defendants deny the allegations in paragraph 345.

346.    Defendants deny the allegations in paragraph 345, except admit that Plaintiffs purport to quote from the transcript of the December 5, 2019 Biogen Investor Q&A call, but deny that they have quoted the entire document.

347.    Defendants deny the allegations in paragraph 347, except admit that Defendants presented certain Study 103 data to researchers.

348.    Defendants deny the allegations in paragraph 348.

349.    Defendants deny the allegations in paragraph 349, except admit that Defendant Sandrock spoke on the December 5, 2019 Biogen Investor Q&A call, and that Plaintiffs purport to quote from the transcript of the call, but deny that they have quoted the entire document.

350.    Paragraph 350 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations in paragraph 350.

351.    Paragraph 351 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations in paragraph 351, except admit that throughout the putative Class Period, the Company's securities were traded on NASDAQ.

352.    Paragraph 352 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations in paragraph 352.

353.    Paragraph 353 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations in paragraph 353, except lack knowledge or information sufficient to form a belief as to the truth of the allegations about lead counsel and Plaintiffs.

354.    Paragraph 354 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

355.    Paragraph 355 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations, except admit that the Company traded on NASDAQ and that the stock was covered by analysts.

356.    Paragraph 356 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

357.    Paragraph 357 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

358.    Paragraph 358 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

359.    Paragraph 359 states legal conclusions to which Defendants need not respond; to the extent a response is required, Defendants deny the allegations.

360.    Defendants repeat and incorporate by reference herein their responses to each and every paragraph contained above.

361.    Defendants deny the allegations in paragraph 361.  Defendants further state that no response is required to the extent Plaintiffs refer to claims that have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

362.    Defendants deny the allegations in paragraph 362.  Defendants further state that no response is required to the extent Plaintiffs refer to claims that have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

363.    Defendants deny the allegations in paragraph 363.  Defendants further state that no response is required to the extent Plaintiffs refer to claims that have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

364.    Defendants deny the allegations in paragraph 364.  Defendants further state that no response is required to the extent Plaintiffs refer to claims that have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

365.    Defendants deny the allegations in paragraph 365.  Defendants further state that no response is required to the extent Plaintiffs refer to claims that have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

366.    Defendants deny the allegations in paragraph 366.  Defendants further state that no response is required to the extent Plaintiffs refer to claims that have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

367.    Defendants deny the allegations in paragraph 367.  Defendants further state that no response is required to the extent Plaintiffs refer to claims that have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

368.    Defendants deny the allegations in paragraph 368.  Defendants further state that no response is required to the extent Plaintiffs refer to claims that have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

369.    Defendants deny the allegations in paragraph 369.  Defendants further state that no response is required to the extent Plaintiffs refer to claims that have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

370.    Defendants repeat and incorporate by reference herein their responses to each and every paragraph contained above.

371.    Defendants deny the allegations in paragraph 371.  Defendants further state that no response is required to the extent Plaintiffs refer to claims that have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

372.    No response is necessary to the extent the allegations in paragraph 372 have been dismissed with respect to Individual Defendants.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  Defendants otherwise deny the allegations in paragraph 372, except admit that

the Individual Defendants conducted their job responsibilities in their employment at Biogen consistent with the federal securities laws.

373.    No response is necessary to the extent the allegations in paragraph 373 have been dismissed with respect to Individual Defendants.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  Defendants otherwise deny the allegations in paragraph 373, except admit that the Individual Defendants conducted their job responsibilities in their employment at Biogen consistent with the federal securities laws.

374.    No response is necessary to the extent the allegations in paragraph 374 have been dismissed with respect to Individual Defendants.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.  Defendants otherwise deny the allegations in paragraph 374, except admit that the Individual Defendants conducted their job responsibilities in their employment at Biogen consistent with the federal securities laws.

375.    Defendants deny the allegations in paragraph 375.  Defendants further state that no response is required to the extent Plaintiffs refer to claims that have been dismissed.  *See* Mem. & Order, Doc. No. 76; First Cir. Op., Doc. No. 83.

## PRAYER FOR RELIEF

Answering Plaintiffs' prayer for relief, WHEREFORE clauses and paragraphs A.-D., Defendants deny that Plaintiffs are entitled to relief against Defendants.

## JURY DEMAND

Answering Plaintiffs' demand for a jury trial, Defendants admit that Plaintiffs purport to demand a jury trial, and otherwise deny the allegations in this demand.

\*\*\*

## AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby repeat, reallege, and incorporate herein by reference their responses to the allegations in Paragraphs 1 through 375 of the Second Amended Complaint and plead their Affirmative and Other Defenses, without assuming the burden of proof, persuasion, or production not otherwise legally assigned to them, and without prejudice to their Answer. Defendants hereby reserve the right to amend or add additional defenses upon further investigation and discovery.

### FIRST DEFENSE

Plaintiffs fail, in whole or in part, to state a claim against Defendants upon which relief may be granted or for which the damages sought may be awarded.

### SECOND DEFENSE

Plaintiffs fail, in whole or in part, to plead facts underlying the alleged fraud with sufficient particularity as required by Federal Rule of Procedure 9(b) and the Private Securities Litigation Reform Act of 1995.

### THIRD DEFENSE

Defendants are not liable to Plaintiffs because the alleged fraudulent statement by Dr. Sandrock on July 22, 2020 (the "July 22 statement"), which is the only remaining challenged statement following remand from the First Circuit Court of Appeals, was accurate in all material respects.

### FOURTH DEFENSE

Defendants are not liable to Plaintiffs because the July 22 statement did not contain any material misrepresentations or omissions.

**FIFTH DEFENSE**

Plaintiffs' claims against Defendants are barred, in whole or in part, because no Defendant made any statements or omissions of material fact that they knew, or deliberately or recklessly disregarded, to be fraudulent or misleading.

**SIXTH DEFENSE**

Defendants are not liable to Plaintiffs because no Defendant acted with the requisite scienter, nor did any Defendant culpably participate in the alleged fraud.

**SEVENTH DEFENSE**

Defendants acted at all times in good faith and had no knowledge that the July 22 statement was false or misleading.

**EIGHTH DEFENSE**

Plaintiffs' claims against Defendants are barred, in whole or in part, because they are predicated on a statement of opinion or belief, which was neither objectively false when made nor misrepresented the speaker's subjective opinion or belief.

**NINTH DEFENSE**

Plaintiffs' claims against Defendants are barred, in whole or in part, because the July 22 statement was immaterial to the investment decisions of a reasonable investor.

**TENTH DEFENSE**

Defendants are not liable to Plaintiffs to the extent that the July 22 statement was accompanied by sufficient cautionary language and risk disclosures.

**ELEVENTH DEFENSE**

Defendants are not liable to Plaintiffs because Defendants had no duty to disclose any information allegedly not disclosed.

58

## TWELFTH DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, because Plaintiffs did not rely, or could not have relied, upon the allegedly false July 22 statement.

## THIRTEENTH DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, because Plaintiffs lack standing to pursue their claims against Defendants.

## FOURTEENTH DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, because the risks of investing in Biogen securities that ultimately came to pass, if any, were adequately disclosed and thus Plaintiffs were warned of all the risks that Plaintiffs allege were misstated or omitted.

## FIFTEENTH DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, under the "truth on the market" doctrine because the information allegedly misrepresented or omitted was known to the market, already in the public domain and/or reasonably available to shareholders at the time Plaintiffs purchased their securities.

## SIXTEENTH DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, because Plaintiffs' alleged injuries were not legally or proximately caused by the allegedly false July 22 statement.

## SEVENTEENTH DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, because of the lack of transaction causation and/or loss causation.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims against Defendants are barred under Section 20(a) of the Securities Exchange Act of 1934 ("Section 20(a)") to the extent Plaintiffs cannot establish the primary liability necessary to assert a claim for control person liability.

**NINETEENTH DEFENSE**

Defendants Vounatsos, Sandrock, and Budd-Haeberlein are not liable under Section 20(a) because they acted in good faith and did not disseminate, culpably participate in, nor directly or indirectly induce, the making of any false or misleading statements or omissions.[1]

**TWENTIETH DEFENSE**

Defendant Budd-Haeberlein is not liable under Section 20(a) because she did not exercise control over the alleged primary violator or the challenged July 22 statement.

**TWENTY-FIRST DEFENSE**

To the extent asserted by a putative class, Plaintiffs' claims against Defendants are barred, in whole or in part, because they cannot satisfy the requirements for certification of a class under Federal Rule of Civil Procedure 23.

**TWENTY-SECOND DEFENSE**

Plaintiffs are not entitled to recover attorney's fees, experts' fees, or other costs and expenses.

---

[1] *See In re Stone & Webster, Inc., Sec. Litig.*, 414 F.3d 187, 196 n.6 (1st Cir. 2005) ("[T]his Circuit has taken no position on the question whether a plaintiff must prove 'culpable participation' on the part of the defendant in order to prevail under § 20(a)."); *see also SEC* v. *First Jersey Sec., Inc.*, 101 F.3d 1450, 1472 (2d Cir. 1996) (requiring Section 20(a) plaintiff to show that "controlling person was in some meaningful sense a culpable participant in the fraud perpetrated by the controlled person").

**TWENTY-THIRD DEFENSE**

Defendants hereby provide notice that they may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserve the right to amend their Answer and to assert any additional defenses, cross-claims, counterclaims, and third-party claims as they become known or available.

WHEREFORE, Defendants respectfully request that the Court dismiss the Second Amended Complaint with prejudice, with costs and disbursements to Defendants, and seek such other legal and equitable relief, including an award of attorneys' fees, as the Court may deem just and proper.

Dated:  February 5, 2024

/s/  Audra J. Soloway
Theodore V. Wells, Jr. (*pro hac vice*)
Audra J. Soloway (*pro hac vice*)
Richard C. Tarlowe (*pro hac vice* pending)
Gregory F. Laufer (*pro hac vice*)
Samantha A. Bui (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
twells@paulweiss.com
asoloway@paulweiss.com
rtarlowe@paulweiss.com
glaufer@paulweiss.com
sbui@paulweiss.com

William J. Trach (BBP #661401)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
william.trach@lw.com

*Counsel for Defendants Biogen Inc., Michel Vounatsos, Alfred W. Sandrock, Jr. and Samantha Budd Haeberlein*