**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|   |   |
|---|---|
| NADIA SHASH and AMJAD KHAN, Indivudally and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIOGEN INC., MICHEL VOUNATSOS, ALFRED W. SANDROCK, JR., and SAMANTHA BUDD HAEBERLEIN,<br><br>Defendants. | Civil Action No.: 1:21-cv-10479-IT<br><br>Oral Argument Requested |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Rules 9(b) and 12(c) of the Federal Rules of Civil Procedure, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Defendants Biogen Inc., Michel Vounatsos, Alfred W. Sandrock Jr., M.D., Ph.D., and Samantha Budd Haeberlein, Ph.D. (together, "Defendants"), hereby move, by and through their undersigned attorneys, for an order granting judgment on the pleadings for Defendants in the above-captioned action. As grounds for this motion, Defendants state as follows:

1.      *First*, Plaintiffs fail to plead a claim for violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder (Count I). Plaintiffs have not pled, and cannot plead, that they relied on the only remaining alleged misrepresentation, because they purchased their Biogen shares after the information allegedly concealed by the sole remaining statement was publicly revealed. As a result, the claims asserted by Shash and Khan must be dismissed as a matter of law.

2.      *Second*, because Plaintiffs have failed to plead a viable primary claim under Section 10(b), their claim for "control person" liability under Section 20(a) of the Securities Exchange Act of 1934 (Count II) must necessarily fail as well.  Plaintiffs' claim against Defendant Budd Haeberlein must be dismissed for the additional reason that Plaintiffs have not adequately alleged that she was a control person under Section 20(a).

WHEREFORE, Defendants respectfully request that the Court grant Defendants' motion for judgment on the pleadings, dismiss the Second Amended Class Action Complaint with prejudice, and award such further relief as is just.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendants respectfully request to be heard at oral argument on their motion for judgment on the pleadings.

Dated:  February 5, 2024

Respectfully submitted,

 /s/ Audra J. Soloway
Theodore V. Wells, Jr. (*pro hac vice*)
Audra J. Soloway (*pro hac vice*)
Richard C. Tarlowe (*pro hac vice*)
Gregory F. Laufer (*pro hac vice*)
Samantha A. Bui (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
twells@paulweiss.com
asoloway@paulweiss.com
rtarlowe@paulweiss.com
glaufer@paulweiss.com
sbui@paulweiss.com

William J. Trach (BBO #661401)
LATHAM & WATKINS LLP
200 Clarendon Street

Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
william.trach@lw.com

*Counsel for Defendants Biogen Inc.,*
*Michel Vounatsos, Alfred W. Sandrock, Jr., and*
*Samantha Budd Haeberlein*

3

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), undersigned counsel hereby certifies that on January 23, 2024, and February 5, 2024, Defendants' counsel conferred with counsel for Plaintiffs in a good faith effort to resolve or narrow the issues raised in Defendants' Motion for Judgment on the Pleadings, and Plaintiffs oppose this motion.

*/s/ Audra J. Soloway*
Audra J. Soloway

## CERTIFICATE OF SERVICE

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent on February 5, 2024 to those identified as non-registered participants.

*/s/ Audra J. Soloway*
Audra J. Soloway

4