**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| NADIA SHASH and AMJAD KHAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> BIOGEN INC., MICHEL VOUNATSOS, ALFRED W. SANDROCK, JR., and SAMANTHA BUDD HAEBERLEIN, <br><br> Defendants. | Civil Action No.: 1:21-cv-10479-IT |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO ENFORCE DISCOVERY STAY**

Defendants Biogen Inc. ("Biogen"), as well as its former officers Michel Vounatsos, Alfred W. Sandrock, Jr., M.D., Ph.D., and Samantha Budd Haeberlein, Ph.D. (together, "Defendants") respectfully submit this memorandum of law in support of their motion to enforce the discovery stay imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") pending this Court's adjudication of their Rule 12(c) motion for judgment on the pleadings being filed simultaneously with this motion.

## PRELIMINARY STATEMENT

Following remand from the First Circuit, this Court held an initial case management conference on January 12, 2024. During that conference, after directing Defendants to file their anticipated motion to dismiss as a motion for judgment on the pleadings under Rule 12(c), the Court further directed that Defendants may move for a stay of discovery pending adjudication of that motion. (*See* 1/12/2024 Conf. Tr. at 14:4–9, Doc. No. 107; 1/12/2024 Electronic Clerk's Notes.) This motion seeks to enforce the discovery stay imposed automatically under the PSLRA in light of the pending Rule 12(c) motion.

A discovery stay is not only warranted, but automatic under the statute. The mandatory stay of discovery under the PSLRA applies with equal force to both Rule 12(b) motions to dismiss and Rule 12(c) motions for judgment on the pleadings. For this reason, courts around the country have consistently found that a Rule 12(c) motion triggers the automatic stay. Plaintiffs have identified no contrary authority, and Defendants have not located any case holding that Rule 12(c) does not trigger the PSLRA discovery stay. In fact, this principle is so well settled that Lead Plaintiff's counsel has agreed in two unrelated securities litigations that a Rule 12(c) motion triggers the PSLRA's automatic discovery stay under circumstances similar to, if not the same as, those present in this matter. The same outcome is appropriate here.

## **ARGUMENT**

### I.    **DEFENDANTS' RULE 12(C) MOTION STAYS DISCOVERY UNDER THE PSLRA**

The PSLRA states that "**all** discovery and other proceedings **shall** be stayed during the pendency of **any** motion to dismiss[.]" 15 U.S.C. § 78u-4(b)(3)(B) (emphases added). "The common sense reading of the PSLRA's plain language 'all discovery and other proceedings shall be stayed' is that no litigant shall take any steps in pursuit of discovery during the pendency of any motion to dismiss." *Petrie* v. *Elec. Game Card, Inc.*, 761 F.3d 959, 968 (9th Cir. 2014) (quoting 15 U.S.C. § 78u-4(b)(3)(B)). This is because the PSLRA's automatic discovery stay was specifically "intended to prevent unnecessary imposition of discovery costs on defendants" until the court "has sustained the legal sufficiency of the complaint." *SG Cowen Sec. Corp.* v. *U.S. Dist. Ct. for N. Dist. of CA*, 189 F.3d 909, 911, 913 (9th Cir. 1999) (first quoting H.R. Rep. No. 104-369, at 32 (1995) (Conf. Rep.), and then quoting S. Rep. No. 104-98, at 14 (1995) (Conf. Rep.)).

Although the PSLRA speaks of "motion[s] to dismiss," courts treat motions for judgment on the pleadings under Rule 12(c) as "functionally identical" to motions to dismiss under Rule 12(b). *In re eHealth Inc. Sec. Litig.*, No. 20-CV-02395, 2023 WL 3951178, at *2 (N.D. Cal. June 12, 2023); *see also Kando* v. *Rhode Island State Bd. of Elections*, 880 F.3d 53, 58 (1st Cir. 2018) ("A motion for judgment on the pleadings bears a strong family resemblance to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and these two types of motions are treated in much the same way.").

As a result, the statute's mandatory discovery stay applies equally to motions for judgment on the pleadings made under Rule 12(c). Defendants have identified at least seven decisions squarely on point from courts around the country, and have found no contrary authority. *See In re eHealth*, 2023 WL 3951178, at *3 (holding that defendants' motions for judgment on the pleadings

"trigger the PSLRA automatic stay of discovery"); *In re PlayAGS, Inc. Sec. Litig.*, No. 20-CV-01209 (D. Nev. Mar. 23, 2023), Doc. No. 123, at 1 ("The Court has not been persuaded in this case to depart from the case law concluding that the PSLRA's automatic say provision is triggered by the filing of a motion for judgment on the pleadings."); *Teamsters Loc. 237 Welfare Fund* v. *ServiceMaster Global Holdings, Inc.*, No. 20-CV-02553 (W.D. Tenn. July 1, 2022), Doc. No. 83, at 5 ("The Court holds that a stay of discovery and other proceedings [are] required while the parties finish briefing Defendants' motion for judgment on the pleadings and the Court makes its determination of the motion."); *Turner Ins. Agency, Inc.* v. *Farmland Partners Inc.*, No. 18-CV-02104 (D. Colo. Jan. 6, 2020), Doc. No. 85, at 2 (explaining that "th[e] court can find no basis for distinguishing between [Rule 12(c) and Rule 12(b)] motions for the purposes of the PLSRA"); *Texas Pac. Land Tr.* v. *Oliver*, No. 19-CV-1224 (N.D. Tex. June 25, 2019), Doc. No. 42, at 2 ("Based on the available authority and the rationale behind the PSLRA, the Court finds that the automatic discovery stay applies [to defendant's Rule 12(c) motion]."); *Gardner* v. *Major Auto. Cos.*, 2012 WL 1230135, at *3 (E.D.N.Y. Apr. 12, 2012) ("[A] Rule 12(c) motion is a 'motion to dismiss' within the meaning of the PSLRA automatic stay provision, and . . . therefore the stay is triggered by defendants' Rule 12(c) motion."); *Lewis* v. *Straka*, 2007 WL 2332421, at *4 (E.D. Wis. Aug. 13, 2007) ("[T]here is yet another motion for judgment on the pleadings pending, which is not fully briefed.  The [PSLRA] stay on discovery will remain in place until such motion is resolved.").

The same result—enforcing a stay of discovery pending disposition of Defendants' Rule 12(c) motion—is required here as well.  Defendants' 12(c) motion, filed simultaneously with this motion, seeks judgment on the pleadings on the basis that Plaintiffs cannot state a claim for (i) fraud under Section 10(b) because, as a matter of law, Plaintiffs did not rely on the alleged false

3

statement and (ii) control liability under Section 20(a) because Plaintiffs do not plead a primary

violation and/or control allegations. Under the PSLRA and the case law interpreting it, discovery

is stayed automatically until that motion is resolved.[1]

## II.    PLAINTIFFS' ARGUMENTS TO THE CONTRARY ARE MERITLESS

In light of the above authorities, Defendants requested to meet-and-confer with Plaintiff in

the hope that the parties could reach agreement as to the applicability of the PSRLA stay in this

case. On January 23, 2024, the parties held a telephonic meet-and-confer. Lead Plaintiffs' Counsel

in this matter acknowledged that it had agreed in prior litigation that Rule 12(c) motions trigger

---

[1] The PSLRA contains narrow exceptions not applicable here. It permits "particularized discovery" where "necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). Plaintiff has not claimed—and has no basis to claim, given that Defendants have complied with their document preservation obligations—that evidence is not being preserved. *See Mori* v. *Saito*, 802 F. Supp. 2d 520, 525 (S.D.N.Y. 2011) ("A party alleging that discovery is necessary to preserve evidence must . . . make a specific showing that the loss of evidence is imminent as opposed to merely speculative."); *see also Rampersad* v. *Deutsche Bank Sec. Inc.,* 381 F. Supp. 2d 131, 132 (S.D.N.Y. 2003) (rejecting request to lift PSLRA discovery stay where plaintiff "failed to show any relevant ongoing record keeping violations" or to "demonstrate[] that any relevant existing records [we]re at risk of being destroyed"). Nor can Plaintiffs show any undue prejudice. The few cases in which plaintiffs have established undue prejudice, such as *In re WorldCom, Inc. Securities Litigation*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002), are inapposite. In *WorldCom*, for example, the court lifted the PSLRA stay solely based on the "unique circumstances" present in that case, namely, coordinated settlement discussions and the "very real risk" that a bankrupt defendant, after settling with other parties and emerging from bankruptcy, would "no longer have anything or at least as much to offer" the plaintiffs. *Id.* at 305–06. No such exceptional circumstances are present here, and more recent decisions have tightly cabined *WorldCom*'s reasoning to the facts of that case. *See In re Tesla, Inc. Sec. Litig.*, 2019 WL 6320829, at *2 (N.D. Cal. Nov. 26, 2019) (rejecting *WorldCom* where there was "no demonstrable urgency attendant to" the plaintiff's request for discovery); *In re Petrobras Sec. Litig.*, 2015 WL 13653969, at *1–2 (S.D.N.Y. Apr. 13, 2015) (rejecting *WorldCom* given absence of its "exceptional circumstances"); *380544 Canada, Inc.* v. *Aspen Tech., Inc.*, 2007 WL 2049738, at *4 (S.D.N.Y. July 18, 2007) (rejecting *WorldCom* because there was "no indication that the discovery stay will hinder Plaintiffs from competing with non-PSLRA plaintiffs for the limited assets of insolvent defendants"). To the extent Plaintiffs contend that the discovery stay will delay the progress of this case, "delay in and of itself is not sufficient to establish undue prejudice, as delay is simply a part of the process in a securities case." *Altimeo Asset Mgmt.* v. *Qihoo 360 Tech. Co.*, 2022 WL 1663560, at *2 (S.D.N.Y. May 25, 2022).

the PSLRA stay provision (addressed further below).  Plaintiffs nonetheless declined to consent, raising three arguments in opposition.  None has any merit.

*First*, Plaintiffs argued that a prior case in which Lead Plaintiff's counsel consented to a stay due to a Rule 12(c) motion is distinguishable based on the procedural posture of this case. Not so.  In *Horowitz* v. *Sunlands Technology Group*, No. 19-CV-3744 (E.D.N.Y.), the defendants filed an answer after the court denied their Rule 12(b) motion to dismiss the plaintiff's securities fraud claims.  One group of defendants then indicated in a letter to the court that they intended to file a Rule 12(c) motion for judgment on the pleadings.  *See* 5/19/2021 Ltr. Mot. for Pre-Mot. Conf., Doc. No. 47.  At a subsequent discovery conference, plaintiff's counsel (Plaintiffs' counsel here) explained to the court that "we have actually agreed that the case is stayed because—***the case is going to be stayed when [the defendants] file their 12(c) motion stayed under the mandatory PSR[L]A sta[y] provision***."  6/17/2021 Conf. Tr. at 2:18–22, Doc. No. 52 (emphasis added). Discovery in *Horowitz* thus remained stayed pending the filing and resolution of the defendants' Rule 12(c) motion.  *See* 6/17/2021 Minute Entry ("***Counsel agree that the pending 12(c) motion triggered a mandatory stay of discovery under the PSLRA***.  Adoption of a case management order is deferred until after the motion has been decided." (emphasis added)).[2]

---

[2] Any difference in the procedural posture of *Horowitz* actually bolsters Defendants' stay enforcement motion.  In *Horowitz*, the court had denied the defendants' original 12(b)(6) motion, whereas in this case, the Court deferred ruling on a legal argument contained in Defendants' 12(b)(6) motion—meaning that all arguments raised by Defendants at the outset regarding the sufficiency of the pleading here have not yet been addressed.  If the PSLRA automatically stayed discovery in *Horowitz*, where the court had actually determined that the complaint was sufficient, then surely the automatic discovery stay applies here, where no court has sustained the complaint's sufficiency.  *See SG Cowen*, 189 F.3d at 912–13 ("The "Stay of Discovery" provision of the Act clearly contemplates that 'discovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint.*'" (quoting S. Rep. No. 104-98, at 14 (1995) (Conf. Rep.))).  In any event, since the PSLRA stay is automatic, the slight difference in procedural posture between *Horowitz* and this case is irrelevant.

The other case involving Plaintiffs' counsel is *In re VEON Ltd. Securities Litigation*, No. 15-CV-08672 (S.D.N.Y.).  There, the court granted in part and denied in part the corporate defendant's Rule 12(b) motion to dismiss the plaintiff's securities fraud claims, and granted the individual defendants' Rule 12(b) motions.  Doc. Nos. 63, 123.  The corporate defendant then filed an answer and a Rule 12(c) motion, which the court denied without prejudice following the plaintiff's request to further amend the complaint.  Doc. No. 155.  After the plaintiff filed a second amended complaint, the court granted the corporate defendant's Rule 12(b) motion and appointed a new lead plaintiff (represented by Plaintiffs' counsel here).  Doc. Nos. 170, 186.  In a letter seeking leave to file a third amended complaint, the plaintiff's counsel (again, Plaintiffs' counsel here) acknowledged that discovery had been stayed while the defendants' Rule 12 motions were pending because "most courts" have concluded that the PSLRA discovery stay applies to "***any successive Rule 12 motion, even after the court has sustained the sufficiency of the complaint***." Doc. No. 201 at 3 (emphasis added).

*Second*, Plaintiffs suggested that the PSLRA discovery stay is "discretionary" and, therefore, that this Court could deny our stay motion.  Plaintiffs are mistaken.  As the Supreme Court has recognized, the PSLRA "permits defendants to obtain ***automatic*** stays of discovery." *Chadbourne & Parke LLP* v. *Troice*, 571 U.S. 377, 383 (2014) (emphasis added); *see also, e.g.*, *Petrie*, 761 F.3d 968 n.10 ("Most district courts that have directly addressed the question have recognized that a PSLRA discovery stay arises automatically, without the need for judicial declaration, upon the filing of a dispositive motion." (collecting cases)). We asked Plaintiffs for their authority that the stay is discretionary, and they declined to provide it.[3]

---

[3]  In the parties' Joint Statement Pursuant to Local Rule 16.1(d), Doc. No. 90, Plaintiffs relied on *In re Salomon Analyst Litigation*, 373 F. Supp. 2d 252 (S.D.N.Y. 2005).  *Salomon*'s concern regarding abusive successive motions to dismiss is inapplicable here, where Defendants timely

*Third*, Plaintiffs suggested that there is something unique about the procedural posture of this case that somehow overrides the PSLRA's automatic stay. In particular, they pointed to the fact that this case had gone up on appeal and was now back at the district court following remand. There is, however, nothing unique about that scenario, nor does it have legal significance. In fact, courts have reasoned that the PSLRA stay applies to renewed Rule 12 motions filed after an appeal, where the appellate court reinstated the complaint. *See, e.g.*, *In re Willis Towers Watson plc Proxy Litig.*, No. 17-CV-01338 (E.D. Va. Oct. 21, 2019), Doc. No. 84 (granting defendants' motion to stay discovery under the PSLRA pending filing of renewed motion to dismiss). Plaintiffs' counsel recently acknowledged in another unrelated securities litigation that the PSLRA discovery stay applies *even* where a court previously sustained the sufficiency of some (or all) of the complaint. As noted, in a letter to the court in support of the plaintiff's motion to file an amended complaint in *In re VEON Ltd. Securities Litigation*, No. 15-CV-08672 (S.D.N.Y.), the plaintiff's counsel (Plaintiffs' counsel here), noted that "most courts" have concluded that the PSLRA stays discovery "during the pendency of ***any successive Rule 12 motion***, ***even after the court has sustained the sufficiency of the complaint***." Doc. No. 201 at 3 (emphasis added). The same cases to which Plaintiffs' counsel alluded in their letter, *see id.* (citing *Petrie*, 761 F.3d at 968 (collecting cases)), further demonstrate that discovery should remain stayed while the Court considers Defendants' Rule 12(c) motion.

---

raised the reliance argument in their motion to dismiss. And in any event, *Salomon* stayed discovery while the defendants' renewed motions to dismiss were pending. The dicta in *Salomon* and *In re Lernout & Hauspie Securities Litigation*, 214 F. Supp. 2d 100 (D. Mass. 2002), that the PSLRA discovery stay is a matter of "discretion," has been roundly rejected by courts across the country. *See, e.g.*, *In re eHealth*, 2023 WL 3951178, at *3 (describing *Salomon* as "unpersuasive" and concluding that the PSLRA's discovery stay is "automatic").

**CONCLUSION**

For the reasons set out above, Defendants' motion to enforce the PSLRA discovery stay should be granted, and all discovery should be stayed pending this Court's adjudication of Defendants' motion for judgment on the pleadings.

Dated:  February 5, 2024

Respectfully submitted,

 /s/ Audra J. Soloway
Theodore V. Wells, Jr. (*pro hac vice*)
Audra J. Soloway (*pro hac vice*)
Richard C. Tarlowe (*pro hac vice*)
Gregory F. Laufer (*pro hac vice*)
Samantha A. Bui (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
twells@paulweiss.com
asoloway@paulweiss.com
rtarlowe@paulweiss.com
glaufer@paulweiss.com
sbui@paulweiss.com

William J. Trach (BBO #661401)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
william.trach@lw.com

*Counsel for Defendants Biogen Inc.,*
*Michel Vounatsos, Alfred W. Sandrock, Jr.,*
*and Samantha Budd Haeberlein*

## LOCAL RULE 7.1 and 37.1 CERTIFICATION

Pursuant to Local Rules 7.1(a)(2) and 37.1(b), undersigned counsel hereby certifies that on January 23, 2024, Defendants' counsel conferred with Plaintiffs' counsel by telephone in a good faith effort to resolve or narrow the issues raised in Defendants' motion, and Plaintiffs oppose this motion.

*/s/ Audra J. Soloway*
Audra J. Soloway

## CERTIFICATE OF SERVICE

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent on February 5, 2024 to those identified as non-registered participants.

*/s/ Audra J. Soloway*
Audra J. Soloway

9