**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

*Counsel for Plaintiffs*
*and the Putative Class*

[Additional Counsel on signature page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NADIA SHASH and AMJAD KHAN Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br>      v.<br><br>BIOGEN INC., MICHEL VOUNATSOS, ALFRED W. SANDROCK, JR., and SAMANTHA BUDD-HAEBERLEIN,<br><br>                Defendants. | **CASE No.: 1:21-cv-10479-IT**<br><br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE DISCOVERY STAY** |

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

PROCEDURAL BACKGROUND...................................................................................................... 1

    A.    Defendants Argued the Court Should Defer Deciding Reliance and Standing .................. 1

    B.    The First Circuit Holds That "Investors Adequately Alleged a Section 10(b) Claim." ..... 3

    C.    Plaintiffs Intend to Amend the Complaint to Add One or More Plaintiffs Who Purchased Before the Publication of the Massie Report. .................................................................... 3

ARGUMENT ..................................................................................................................................... 4

    A.    The PSLRA Does Not Require the Court to Stay Discovery Pending a Motion for Judgment on the Pleadings ............................................................................................................... 4

    B.    There Is No Justification for Extending the PSLRA Discovery Stay to a Motion for Judgment on the Pleadings in This Case............................................................................ 5

CONCLUSION.................................................................................................................................. 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fund Liquidation Holdings LLC v. Bank of Am. Corp.*,
991 F.3d 370 (2d Cir. 2021)...................................................................................... 6

*In re Allstate Corp. Sec. Litig.*,
966 F.3d 595 (7th Cir. 2020) .................................................................................... 6

*In re eHealth Inc. Securities Litig.*,
2023 WL 3951178 (N.D. Cal. June 12, 2023)........................................................... 5

*In re Glob. Crossing, Ltd. Sec. Litig.*,
322 F. Supp. 2d 319 (S.D.N.Y. 2004)....................................................................... 7

*In re Lernout & Hauspie Sec. Litig.*,
214 F. Supp. 2d 100 (D. Mass. 2002) ....................................................................... 7

*Kando v. Rhode Island State Bd. of Elections*,
880 F.3d 53 (1st Cir. 2018)....................................................................................... 4

*Latham v. Stein,*
2010 WL 3294722 (D.S.C. Aug. 20, 2010)............................................................... 7

*Murphy v. Dep't of Air Force*,
326 F.R.D. 47 (D.D.C. 2018)..................................................................................... 4

*Shash v. Biogen, Inc.*,
84 F.4th 1 (1st Cir. 2023)........................................................................................... 3

*Texas Pac. Land Tr. v. Oliver*,
No. 3:19-CV-1224-B (N.D. Tex. June 25, 2019) ...................................................... 5

*Yan v. ReWalk Robotics Ltd.*,
973 F.3d 22 (1st Cir. 2020)........................................................................................ 6

**Statutes**

15 U.S.C. § 78u-4(b)(3)(B)................................................................................................ 4

**Rules**

Fed. R. Civ. P. 12........................................................................................................ 4, 5, 8

Federal Rule of Civil Procedure 15 ........................................................................................ 6, 7

**INTRODUCTION**

Defendants propose to stay this three-year old case, citing a provision of the Private Securities Litigation Reform Act ("PSLRA") that expressly applies only to motions to dismiss and not to motions for judgment on the pleadings, while the Court adjudicates a motion that will not result in dismissal of this action. That proposal defies the plain text of the statute and would serve no useful purpose.

This case will go forward regardless of the how the Court rules on Defendants' motion for judgment on the pleadings because First Circuit law allows Plaintiffs to amend their Complaint to add named plaintiffs to whom Defendants' reliance and standing argument do not apply. Therefore, Defendants' proposed stay would serve only to delay discovery that will eventually go forward anyway. Defendants' request is made even more unreasonable by the fact that Defendants themselves advocated for the deferral of the reliance and standing issue during oral argument on their motion for dismiss.

Although some courts have extended the PSLRA stay provision beyond its terms to reach motions for judgment on the pleadings, they have generally done so because the rationale of the PSLRA applied. Where, as here, a stay does not serve the purposes of the PSLRA, it makes little sense to go outside the language of the statute to include motions for judgment on the pleadings.

Defendants' motion for judgment on the pleadings and this motion to stay are transparent attempts to delay discovery and prejudice Plaintiffs. The Court should deny the motions.

**PROCEDURAL BACKGROUND**

**A. Defendants Argued the Court Should Defer Deciding Reliance and Standing**

This case was filed on November 13, 2020. Doc. No. 1. Nadia Shash was appointed lead plaintiff on February 24, 2021. Doc. No. 30. She and Named Plaintiff Amjad Khan filed their Amended Complaint on April 26, 2021. Doc. No. 42. Defendants filed their motion to dismiss the

1

First Amended Complaint on June 25, 2021, and did not argue that Plaintiffs had not sufficiently alleged standing or reliance. Doc. Nos. 52-54. Instead of opposing Defendants' motion, Plaintiffs (with Defendants' consent) filed a Second Amended Complaint to add allegations drawn from facts revealed after the filing of the First Amended Complaint. Doc. Nos. 56-58.

Defendants then moved to dismiss the Second Amended Complaint on September 20, 2021. Doc Nos. 60-62. Defendants argued, for the first time, that Plaintiffs lacked standing and had not pled reliance because they purchased Biogen shares shortly after the publication of the Massie Report. Doc. No. 61 at 39-40.

The Court held oral argument on May 10, 2022. Doc. No. 75. The Court considered whether it should decide Defendants' reliance and standing argument when it ruled on Defendants' motion to dismiss or defer the issue given that it only applied to class members who purchased stock after the publication of the Massie Report. Doc. No. 81 at 48-60. During the discussion, Plaintiffs' counsel stated that a shareholder who bought stock prior to the publication of the Massie Report could seek to intervene in the case or that Plaintiffs could move to amend the complaint to add such a person as a named plaintiff. *Id.* at 58:1-3. In response, Defendants' counsel sought to defer resolution of the reliance and standing issues, citing judicial efficiency:

> We've briefed this motion twice now. This is the second time the plaintiffs -- this is -- the plaintiffs have now amended twice; and ***there are four arguments in the motion to dismiss, three of which would be dispositive, not just for these two particular named plaintiffs, but for any plaintiff who might be interested in serving. So I think, as matter of efficiency, if Your Honor -- if Your Honor is going to resolve this case on ground one, two, or three, there's really no need to get to four.*** But I do -- we do think that there are standing issues with these two particular lead plaintiffs, yes.

Doc. No. 81 at 59:7-18 (emphasis added).

On September 12, 2022, the Court dismissed the case for failing to plead falsity, scienter, and loss causation. Doc. No. 76. The Court did not address the reliance and standing of class

members who purchased shortly after the publication of the Massie Report. *Id.* at 40-41.

**B. The First Circuit Holds That "Investors Adequately Alleged a Section 10(b) Claim."**

Plaintiffs appealed to the First Circuit. Doc. No. 80. On October 11, 2023, the First Circuit reversed in part, holding that "investors adequately alleged a section 10(b) claim as to" the statement:  "So consistent with the findings from ENGAGE and EMERGE, you really need to get to the higher dose. And I think our data are all consistent with that." *Shash v. Biogen, Inc.*, 84 F.4th 1, 11 (1st Cir. 2023). The First Circuit overturned the Court's ruling "that investors failed to adequately plead loss causation because the alleged corrective disclosure, Massie's report, was published before investors purchased Biogen stock," holding that "investors' allegations cannot be per se implausible simply because a gap in time separates the price drop from the corrective disclosure." *Id.*  at 20-22.

**C. Plaintiffs Intend to Amend the Complaint to Add One or More Plaintiffs Who Purchased Before the Publication of the Massie Report.**

On November 22, 2023, the Parties filed a joint Rule 16.1 statement in which Defendants stated that they intended to file a motion to dismiss arguing that Plaintiffs had not pled reasonable reliance. Doc. No. 90 at 1. Plaintiffs responded that Defendants' motion would violate the mandate rule and that, in any event, the First Circuit implicitly decided the argument in its discussion of loss causation. *Id* at 4-5. The Court held a scheduling conference concerning the Parties' joint submission on January 12, 2024 during which the Court held that Defendants could not file a second motion to dismiss, but could file a motion for judgment on the pleadings on their reliance argument. *See* Doc. No. 107 at 5. The Court confirmed that discovery was ongoing. *Id.* at 14.

On January 25, 2024, Plaintiffs' counsel emailed Defendants' counsel asking if Defendants would stipulate to plaintiffs amending the Complaint solely to add one or more named plaintiffs who purchased Biogen shares prior to November 4, 2020 and held them through the end of the

3

Class Period. Later that day, Plaintiffs' counsel emailed Defendants' counsel a draft Third Amended Complaint — the sole change from the Second Amended Complaint was the addition of Jiri Havrda as a named plaintiff.

Since then, the parties have been involved in protracted negotiations about whether Defendants will consent to the addition of named plaintiffs.

**ARGUMENT**

**A. The PSLRA Does Not Require the Court to Stay Discovery Pending a Motion for Judgment on the Pleadings**

The PSLRA calls for a discovery stay only "during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B). Defendants focus on the word "any," but they ignore the words "motion to dismiss." The fact is, Defendants have filed a motion for judgment on the pleadings under Rule 12(c), not a motion to dismiss under Rule 12(b). "Rule 12(b)(6) motions to dismiss and Rule 12(c) motions for judgment on the pleadings are distinct procedural vehicles that cannot be seamlessly substituted for one another." *Murphy v. Dep't of Air Force*, 326 F.R.D. 47, 48 (D.D.C. 2018) (Jackson, J.). Defendants' arguments ignore the plain text of the statute.

Defendants urge that a "motion for judgment on the pleadings bears a ***strong family resemblance*** to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Kando v. Rhode Island State Bd. of Elections*, 880 F.3d 53, 58 (1st Cir. 2018) (emphasis added). But that does not mean motions for judgment on the pleadings ***are*** motions to dismiss. The PSLRA discovery stay applies only to motions that ***actually are*** "motion[s] to dismiss," not motions that merely "resembl[e]" such motions.

There are good reasons why Congress would limit the PSLRA's discovery stay only to motions to dismiss and not motions for judgment on the pleadings. Motions to dismiss must be filed at the beginning of the case, "before pleading if a responsive pleading is allowed." Fed. R.

4

Civ. P. 12(b).  Motions for judgment on the pleadings, by contrast, need only be filed "early enough not to delay trial."  Fed. R. Civ. P. 12(c).  Moreover, a party that files a motion to dismiss "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). By contrast, a party may file any number of motions for judgment on the pleadings for failure to state a claim. Fed. R. Civ. P. 12(h)(2)(B).  Motions to dismiss are thus ordinarily one-shot filings at the outset of the case, while motions for judgment on the pleadings may be filed seriatim throughout the litigation.

Congress's limitation of the PSLRA's discovery stay to motions to dismiss means that the PSLRA stays discovery at the outset of the case, while the Court conducts its initial assessment of the sufficiency of the complaint. Expanding the discovery stay beyond its terms to motions for judgment on the pleadings gives securities defendants an unfettered right to bring discovery to a halt whenever they wish, even at multiple crucial moments during the litigation.  Nothing in the statute suggests that Congress intended that result.

**B. There Is No Justification for Extending the PSLRA Discovery Stay to a Motion for Judgment on the Pleadings in This Case**

Defendants are correct that some courts have applied the PSLRA stay provision beyond its terms to motions for judgment on the pleadings.  But even those courts have generally recognized that motions for judgment on the pleadings are not literally motions to dismiss. Instead, they have held the two types of motions are similar and that the rationale of the PSLRA stay position also applies to Rule 12(c) motions. *See, e.g.  In re eHealth Inc. Securities Litig.*, 2023 WL 3951178, at *2 (N.D. Cal. June 12, 2023) ("The PSLRA discovery stay provision is triggered by a motion for judgment on the pleadings in the same manner it is triggered by a motion to dismiss."); *Texas Pac. Land Tr. v. Oliver*, No. 3:19-CV-1224-B (N.D. Tex. June 25, 2019), Doc. No. 42, at 2 (holding that the "rationale behind the PSLRA" applies to defendants' Rule 12(c) motion).

Whatever the merits of that atextual expansion of the statute, the reasoning does not apply here.  The "rationale behind the PSLRA" does not apply in this case because the case is almost certain to go forward regardless of how the Court decides the motion for judgment on the pleadings.  First Circuit law is clear that Plaintiffs may amend their Complaint to add named plaintiffs who purchased Biogen stock prior to the publication of the Massie Report, thus obviating Defendants' reliance argument.  And Plaintiffs have made clear that they intend to do so.

In *Yan v. ReWalk Robotics Ltd.*, 973 F.3d 22, 36-38 (1st Cir. 2020), the First Circuit overturned the district court's ruling that the lead plaintiff could not move to add a named plaintiff after his Exchange Act claim was dismissed for lack of standing. The First Circuit reasoned that Federal Rule of Civil Procedure 15(d) allow parties to plead additional facts necessary to demonstrate standing and saw "no reason why this permissiveness does not extend to motions seeking to add a named party." *Id.* at 36-37. Accordingly, the court held that motions to add named plaintiffs are subject to the permissive criteria of Rule 15, which allows amendment freely in the absence of  "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Id.* at 38 (internal quotation marks omitted); s*ee also Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 393 (2d Cir. 2021) ("[S]o long as the amendment to add the [new named plaintiffs] as class representatives satisfies the requirements of Federal Rule of Civil Procedure 15(c)(1)(B) … the district court should grant [lead plaintiff's] motion to amend"); *In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 616 (7th Cir. 2020) (similar).

An amendment by Plaintiffs solely to add one or more named plaintiffs who purchased Biogen shares prior to November 4, 2020 and held them through the end of the Class Period would

6

easily meet the liberal standards of Rule 15.  The Court recently entered a scheduling order that allows Plaintiffs until September 24, 2024 to amend their pleadings (Doc. No. 110 at 1), and discovery has only just begun. Moreover, Plaintiffs discussed amending their Complaint to add named plaintiffs who purchased before the Massie Report during oral argument on Defendants' motion to dismiss, and Defendants argued that the issue should instead be deferred in favor of issues that would be dispositive for "any plaintiff who might be interested in serving."  Doc. No. 81 at 58:1-3, 59:7-18. Defendants cannot now argue that an amendment should be precluded by "undue delay, bad faith or dilatory motive" or "prejudice" by the very approach that Defendants themselves advocated.  Accordingly, the claims in this case will almost certainly go forward regardless of how the Court rules on Defendants' motion for judgment on the pleadings.

The only relevant case in the First Circuit that Plaintiffs are aware of, *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100 (D. Mass. 2002), supports Plaintiffs' position. It held that the court had discretion to allow discovery to go forward against four defendants whose motions to dismiss had been denied while motions to dismiss filed by other defendants were still pending, explaining that the purpose of the PSLRA stay was to deter "'strike suits' and 'fishing expeditions' by mandating that…'discovery…be permitted only after the court has sustained the sufficiency of the complaint.'" *Id.* at 104-107. Because the plaintiffs' complaint had survived those four defendants' motions to dismiss and the case would, therefore, proceed against them, that purpose was satisfied, and "the general presumption for liberal discovery" applied. *Id.* at 106-07; *see also Latham v. Stein,* 2010 WL 3294722, at *3 (D.S.C. Aug. 20, 2010) (declining to stay discovery as to defendants whose motions to dismiss had been denied even though a different defendant's motion to dismiss was still pending because "discovery will proceed as to these defendants regardless"); *In re Glob. Crossing, Ltd. Sec. Litig.*, 322 F. Supp. 2d 319, 352 (S.D.N.Y. 2004)

7

("There is no reason under the statute's language or its purpose to countenance further delay by preventing discovery from proceeding as to Andersen, against whom this case is now clearly going forward.")

Defendants' remaining cases are from out of circuit; the Court need not and should not follow their unpersuasive reasoning. And while Defendants discuss comments that Plaintiffs' counsel made about Rule 12(c) motions in other cases, those cases involved different facts and arguments on behalf of different parties. The statutory language speaks for itself, and there is no reason for this Court to distort that language to reach a situation that implicates neither the text nor the purposes of the statute.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion to Enforce Discovery Stay.

Dated: February 20, 2024                    Respectfully submitted,

                                            **THE ROSEN LAW FIRM, P.A.**

                                            */s/Laurence M. Rosen*
                                            Laurence M. Rosen, Esq. (pro hac vice)
                                            Jonathan Horne, Esq. (pro hac vice)
                                            Brian B. Alexander, Esq. (pro hac vice)
                                            Joshua Baker, Esq. (BBO #695561)
                                            Sara Fuks, Esq. (pro hac vice)
                                            275 Madison Avenue, 40th Floor
                                            New York, NY 100016
                                            Tel: (212) 686-1060
                                            Fax: (212) 202-3827
                                            lrosen@rosenlegal.com
                                            jhorne@rosenlegal.com
                                            balexander@rosenlegal.com
                                            jbaker@rosenlegal.com
                                            sfuks@rosenlegal.com

                                            *Counsel for Plaintiffs*

8

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 20, 2024, a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE DISCOVERY STAY** was served by CM/ECF to parties registered to the Court's CM/ECF system.

/s/Laurence Rosen

9