UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

NADIA SHASH and AMJAD KHAN,              )
Individually and On Behalf of All        )
Others Similarly Situated,               )
                                         )
          Plaintiffs,                    )
                                         )
     v.                                  )    Civil Action No.
                                         )    1:21-cv-10479-IT
BIOGEN INC., MICHEL VOUNATSOS, ALFRED    )
W. SANDROCK, JR., and SAMANTHA BUDD      )
HAEBERLEIN,                              )
                                         )
          Defendants.                    )
                                         )
_____

BEFORE THE HONORABLE INDIRA TALWANI, DISTRICT JUDGE

CASE MANAGEMENT VIDEOCONFERENCE

Friday, January 26, 2024
3:04 p.m.

John J. Moakley United States Courthouse
Courtroom No. 9
One Courthouse Way
Boston, Massachusetts

Robert W. Paschal, RMR, CRR
Official Court Reporter
rwp.reporter@gmail.com

**A P P E A R A N C E S**

On behalf of the Plaintiffs:

 THE ROSEN LAW FIRM, PA
 BY: LAURENCE ROSEN
   JONATHAN R. HORNE
   BRIAN BURKONS ALEXANDER
 275 Madison Avenue
 40th Floor
 New York, NY  10016
 (212) 686-1060
 lrosen@rosenlegal.com
 jhorne@rosenlegal.com
 balexander@rosenlegal.com


On behalf of the Defendants:

 PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
 BY: AUDRA J. SOLOWAY
   THEODORE V. WELLS, JR.
 1285 Avenue of the Americas
 New York, NY  10019
 (212) 373-3000
 asoloway@paulweiss.com
 twells@paulweiss.com

**P R O C E E D I N G S**

(In open court at 3:04 p.m.)

THE DEPUTY CLERK:  United States District Court is now in session, the Honorable Judge Indira Talwani presiding.

This is Case Number 21-cv-10479, Shash, et al., v. Biogen Inc., et al.  Will counsel please identify themselves for the record.

MR. ROSEN:  Good afternoon, Your Honor.  This is Laurence Rosen on behalf of lead plaintiffs in the case.  Also with me from The Rosen Law Firm is Jonathan Horne and Brian Alexander.

THE COURT:  Good afternoon.

MS. SOLOWAY:  Hi, Your Honor.  Audra Soloway from Paul Weiss for the defendants, and with me is my colleague Ted Wells.

THE COURT:  Good afternoon.

So this is my no-heavy-lifting discovery conference.  Tell me what's going on.

MR. ROSEN:  Your Honor, we requested the conference because we had a meet-and-confer with the defendants about responding to our discovery, our written discovery requests.

And the discussion was really about three things:  One was that whether we opposed their intent, intended motion for judgment on the pleadings; whether we opposed their intended motion for a stay; and also, whether they were

planning to respond to our discovery requests that we made back in November.  We issued -- I think it was November 15th -- a set of requests for production of documents.

And we, of course, said that we, as we mentioned at the last hearing, that the plaintiffs opposed a motion to stay and that we're -- our understanding was that discovery was to move forward until it was -- unless and until it was formally stayed by the Court, which hasn't been the case yet.

And so the defendants said that -- it was, actually, I think, Mr. Laufer who was in the meet-and-confer for the defendants.  He's not here today.  But Mr. Laufer specifically said that defendants believed that a discovery stay is in place based on their intention to file a motion for judgment on the pleadings.  And so they said they would not respond to our discovery requests, they would not produce any documents, and that we could not engage in any discovery.

And so that's why we asked for this conference, to get some clarity from the Court, because we understand there's now a motion for class certification due on April 24th, and we will need to take discovery for that.  We need some documents for that.  There will be depositions in connection with that.  And so -- and we'd also like to get the case moving, of course, because it's been sitting for three years.

So we just wanted to get some clarity from the Court whether or not there was a stay in place right now or whether we were entitled to get some documents, particularly for class certification. A number of our requests in our document requests that we issued are relevant for class certification.

THE COURT: Okay.

MS. SOLOWAY: Your Honor, may I respond?

THE COURT: Absolutely.

MS. SOLOWAY: Thank you, Your Honor.

So I agree with some aspects of that. We did have a meet-and-confer, and we did convey at the time our intent to file a 12(c) motion and a stay motion.

Where I think we have parted ways is that what defendants have explained -- and I have now personally spoken to Mr. Rosen about it myself -- is that after the last conference, we went and did some research on the question of the PSLRA discovery stay in light of Your Honor's instruction that, rather than moving under 12(b)(6), that we file a motion for judgment on the pleadings under 12(c).

And the reason we asked Mr. Rosen for a conference or a meet-and-confer is because what we discovered -- and I didn't know this at our last conference, Your Honor -- is that all of the cases that have looked at this issue that we could find actually held that 12(c) motions also implicate

the automatic stay of discovery under the PSLRA.

So what we have shared with Mr. Rosen in asking him if he would consent to the stay is that it appears, based on our research, that the automatic stay, the concept is that it's automatically imposed by law, is implicated by the stay -- excuse me -- by the 12(c) motion.

But what I also said to Mr. Rosen is we understand the judge's instruction. There is a scheduling order in place. And unless and until we get relief from the Court by filing a motion to address this PSLRA discovery stay issue, we are going to meet the deadlines in the scheduling order.

We also told Mr. Rosen that, with respect to the previously served document requests, we would respond to them in written responses and objections 30 days from the day of the conference with Your Honor. So February 12th, we will respond in writing to the document requests that he sent over, of course reserving all rights that, if we file a motion and if we file a stay motion, we will reserve rights that at such time as it may be necessary for us to come before you to address what to do about discovery.

But there is -- I have to say, I don't know what the dispute is right now, because we have not refused to do anything. We have not missed any deadline in the scheduling order. And we found out last night from the plaintiffs that they intend to amend their complaint. So we're now going to

be looking at an amended complaint, which reshapes the landscape here.

And, obviously, I don't know what I'm going to do with that amended complaint yet or what motions I might direct to it because I just found out last night that there is going to be an amended complaint.

THE COURT:  So let me get a point of clarification. Mr. Rosen, you used the November 15th date.  You were throwing that around.  But you would agree with Ms. Soloway that the time -- while you can serve at any time, the time for counting your 30 days to respond starts with a Rule 23 conference, yes?

MR. ROSEN:  Yeah, I'm not saying that -- you know, that they're 60 days or 30 days late, whatever it happens to be.  This is more of a big picture thing, which is are we in discovery?  Are we entitled to documents?

THE COURT:  Well, right now it is -- let's be precise.  When is it that you contend the time starts running?

And I have to say, Ms. Soloway, I have generally proceeded under the assumption, the same thinking that you just said, which is that, until you have your conference with the judge, the time doesn't start running.  But I was reading Rule 26, and it actually refers to the Rule 26 conference rather than the Rule 16 conference.  So I think the Rule 26

conference is when you confer to put together your proposed scheduling order.

MS. SOLOWAY:  Your Honor, and that -- I believe that is correct.  I think the issue was that when the plaintiffs originally sent over their document requests, we had told them we were going to be making another 12(b)(6) motion.  And I really did not believe there was any question that the stay was implicated.

THE COURT:  So let's do this, which is let's move this forward by putting down what we can agree on, and then you two can fight out what you need to fight out about.

MS. SOLOWAY:  I believe Mr. Rosen is comfortable with us serving written responses and objections on February 12th, which we've offered to do.

THE COURT:  Any disagreement, Mr. Rosen?

MR. ROSEN:  No, Your Honor.

THE COURT:  Okay.  So that's where we are.  And if their response is going to be they have no obligation because there was a 12(b)(6) automatic stay, they have a problem because there was no 12(b)(6) motion.

If their argument is they have no obligation to participate in discovery under a 12(c) automatic stay, that's something I would certainly have to look at, and you may have to look at.  I don't know off the top of my head.

And if their obligations are something completely

different, then we'll deal with that.  But we are in that process, and they are going to respond on that date.  If in the meantime they move for a stay, that might give us some clarification before the 12th, but --

MS. SOLOWAY:  Yes.  And, Your Honor, again --

THE COURT:  And there is no -- I mean, to be blunt about it, there is no motion pending of any kind right now. So it would seem the clock is ticking.

MS. SOLOWAY:  And just to add one more element to that, Your Honor, it sounds like we're getting an amended complaint.  So I don't know what's going to be the response to the amended complaint, but that is also going to need to be discussed among the parties, because I got a draft of it last night and haven't even had a chance yet to consider what possible motions we might direct to the amendment.

So, again, I don't think there's a dispute right now because we are happy to put together written responses and objections and get those out the door on the 12th.  And if we can't resolve all of these other issues, sadly, Your Honor, I think we will come back to you and tell you what we need.

THE COURT:  Okay.  Well, I think we're all on the same page, then.

MR. ROSEN:  Your Honor?

THE COURT:  The clock is ticking right now.

MR. ROSEN:  May I address --

THE COURT:  Sure.

MR. ROSEN:  -- what Ms. Soloway just said?

She mentioned that we informed her -- and we actually sent her a draft of this amended complaint.  And, actually, the amended -- the amendment to this complaint consists of one line, more or less, adding a plaintiff, an investor, named plaintiff, who purchased prior to the November 4th advisory committee briefing materials.

And so this argument about reliance would no longer be relevant to the -- to whether or not the case goes forward under any circumstance, because that would no longer be an issue as to -- that would be another plaintiff who had purchased earlier.  So that really wouldn't be something that would be dispositive of the litigation, and it would really take off the table the idea that discovery is not going to go forward one way or the other in the case.

And so I thought that would be relevant, you know, in considering all -- you know, how to proceed, whether, you know, to stay or not stay.  I mean, I think it sort of changes the landscape to that extent.

THE COURT:  Okay.  So everyone's got what they're thinking and planning on doing.  We have, I think, an understanding right now that we are currently in a world where there's a pending deadline for the defendant to file

responses as of February -- whatever you said -- 10th or 12th.

MS. SOLOWAY:  Twelfth.

THE COURT:  Twelfth.

In the meantime, you may file a motion to amend. You may file a motion to -- 12(c).  Who knows?  I hope you guys confer enough so that my workload is less, not more. But I leave that to you.

So I think that's all we can do for right now.

MR. ROSEN:  Thank you very much for your time, Your Honor.

THE COURT:  Okay.

MS. SOLOWAY:  Thank you, Your Honor.

Have a good weekend, all.

THE COURT:  You too.  Bye-bye.

THE DEPUTY CLERK:  We are in recess.

(Court in recess at 3:16 p.m.)

**CERTIFICATE OF OFFICIAL REPORTER**

I, Robert W. Paschal, Registered Merit Reporter and Certified Realtime Reporter, in and for the United States District Court for the District of Massachusetts, do hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing pages are a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 23rd day of February, 2024.

/s/ Robert W. Paschal

_____

ROBERT W. PASCHAL, RMR, CRR
Official Court Reporter