**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| NADIA SHASH and AMJAD KHAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIOGEN INC., MICHEL VOUNATSOS, ALFRED W. SANDROCK, JR., and SAMANTHA BUDD HAEBERLEIN,<br><br>Defendants. | Civil Action No.: 1:21-cv-10479-IT<br><br>**Leave to File Reply Granted on February 29, 2024** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**DEFENDANTS' MOTION TO ENFORCE DISCOVERY STAY**

Defendants respectfully submit this reply in further support of their motion to enforce the PSLRA discovery stay pending this Court's adjudication of their Rule 12(c) motion for judgment on the pleadings.  (Doc. No. 119.)

## PRELIMINARY STATEMENT

Defendants' motion for a stay does not present a close call.  As Defendants showed in their moving papers, their Rule 12(c) motion triggered the PSLRA's automatic discovery stay under prevailing law.  In particular, Defendants identified seven decisions by courts from across the country uniformly compelling that conclusion, and noted the absence of any authority to the contrary.  Plaintiffs' opposition brief neither disputes that all available decisions hold that the PSLRA discovery stay applies to Rule 12(c) motions, nor identifies any contrary authority.

In the face of this authority foreclosing their litigation position here, Plaintiffs have no meaningful answer.  Instead, they assert that all of the seven decisions cited by Defendants (by seven federal district court judges) were wrongly decided.  But Plaintiffs' unilateral disagreement with those decisions—unsupported by any contrary authority of their own—does nothing to rebut Defendants' showing.  Nor does it help Plaintiffs to characterize those cases as distinguishable when they are on all fours with this matter in every relevant respect.

Plaintiffs' other attempts to evade the PSLRA discovery stay are similarly misguided.  Plaintiffs contend, for instance, that the "rationale behind the PSLRA" does not apply here "because th[is] case is almost certain to go forward regardless of how the Court decides" the Rule 12(c) motion.  (Pls.' Stay Opp'n, Doc. No. 123 at 10.)  Plaintiffs are mistaken.  The PSLRA's stay is automatic and its purpose is served here because no court has sustained the sufficiency of Plaintiffs' complaint to allow the case to proceed.  Furthermore, it is not true that the case will "go forward" if the Court grants Defendants' Rule 12(c) motion.  Plaintiffs say they "intend" to move to amend their complaint to "add named plaintiffs who purchased Biogen stock prior to the

publication of the Massie Report," which they claim would "obviat[e] Defendants' reliance argument." (*Id.*)  But no such motion is pending, making the question entirely hypothetical.  If the Court grants Defendants' Rule 12(c) motion, the case will be dismissed.  Plaintiffs cannot end-run the PSLRA's discovery stay, much less disregard the Federal Rules of Civil Procedure or the PSLRA's requirements for the maintenance of securities class actions.

## ARGUMENT

*Defendants' Rule 12(c) Motion Automatically Stays Discovery.*  Defendants showed in their moving papers that the PSLRA's discovery stay applies to their Rule 12(c) motion because although the PSLRA refers to "motion[s] to dismiss," courts consistently treat motions for judgment on the pleadings under Rule 12(c) as "functionally identical" to motions to dismiss under Rule 12(b).  (Defs.' Br., Doc. No. 120 at 3–5.)  As a result, and as illustrated by the cases cited in Defendants' moving brief, courts have held repeatedly that the PSLRA's discovery stay applies equally to motions for judgment on the pleadings made under Rule 12(c).  (*Id.* at 3–4 (collecting cases).)

In their opposition, Plaintiffs do not meaningfully address these authorities.  Instead, they attempt to distinguish Rule 12(b) motions from Rule 12(c) motions by arguing that "[t]he PSLRA discovery stay applies only to motions that ***actually are*** 'motions to dismiss,' not motions that merely 'resemble' such motions."  (Doc. No. 123 at 8.)  Plaintiffs, however, cite no relevant authority to support that argument, and courts have repeatedly rejected it.  *See, e.g.*, *In re PlayAGS, Inc. Sec. Litig.*, No. 20-CV-01209 (D. Nev. Mar. 23, 2023), Doc. No. 123 at 1 (explaining that the court "has not been persuaded" by plaintiffs' argument that the PSLRA discovery stay applies only to "motions to dismiss" because of purported differences between Rules 12(b) and 12(c)).

Plaintiffs nonetheless argue—in reliance on a single decision, *Murphy* v. *Department of the Air Force*, 326 F.R.D. 47 (D.D.C. 2018)—that "Rule 12(b)(6) motions to dismiss and Rule

12(c) motions for judgment on the pleadings are distinct procedural vehicles that cannot be seamlessly substituted for one another." (Doc. No. 123 at 8 (quoting *Murphy*, 326 F.R.D. at 48).) That reliance is misplaced. *Murphy* does not even address the PSLRA stay's applicability to Rule 12(c) motions and is, in any event, incompatible with binding First Circuit precedent holding that where, as here, "a motion for judgment on the pleadings 'is employed as a vehicle to test the plausibility of a complaint, *it must be evaluated as if it were a motion to dismiss*.'" *Linn* v. *Option One Mortg.*, 2024 WL 199784, at *2 (D. Mass. Jan. 17, 2024) (Talwani, J.) (emphasis added) (quoting *Shay* v. *Walters*, 702 F.3d 76, 82 (1st Cir. 2012)); *see also Kando* v. *Rhode Island State Bd. of Elections*, 880 F.3d 53, 58 (1st Cir. 2018). In short, Plaintiffs have not cited any case that supports their unsubstantiated view that the PSLRA discovery stay does not apply to Defendants' Rule 12(c) motion.

*Plaintiffs Have Not Distinguished* **Horowitz** *or* **VEON.** Plaintiffs fail to distinguish the cases in which their own Lead Plaintiff's counsel in this case explicitly represented to two federal district court judges that Rule 12(c) motions trigger the PSLRA discovery stay. Instead, Plaintiffs attempt to sideline their acknowledgment of applicable law on this subject by asserting in conclusory terms that "those cases involved different facts and arguments" on behalf of different parties. (Doc. No. 123 at 12.) But Defendants showed in their moving papers that *Horowitz* and *VEON* are on point with this case, and that any slight differences **bolster** Defendants' motion to enforce the PSLRA discovery stay in this case. (Doc. No. 120 at 6–7.) In those cases, as here, the defendants answered and subsequently filed Rule 12(c) motions. (*Id.*) And in both cases, Lead Plaintiff's counsel acknowledged that the Rule 12(c) motions automatically stayed discovery under the PSLRA. (*Id.*) The same outcome is appropriate here.

3

***The PSLRA Discovery Stay Is Automatic—Not Discretionary.*** Plaintiffs also attempt to circumvent established law by arguing that courts have "discretion to allow discovery to go forward" even where a dispositive Rule 12 motion is pending. (Doc. No. 123 at 7–8.) That is incorrect. As Defendants showed in their moving papers, the PSLRA discovery stay arises ***automatically*** upon the filing of a Rule 12(c) motion and is therefore ***not*** a matter of discretion. (Doc. No. 120 at 7, n.3.) Plaintiffs have not rebutted that showing. Instead, they rely on *In re Lernout & Hauspie Securities Litigation*, 214 F. Supp. 2d 100 (D. Mass. 2002), and *Latham* v. *Stein*, 2010 WL 3294722 (D.S.C. Aug. 20, 2019), to argue that courts have "discretion to allow discovery to go forward against . . . defendants whose motions to dismiss ha[ve] been denied[.]" (Doc. No. 123 at 11.) *Lernout* and *Latham*, however, permitted discovery to proceed on plaintiffs' claims against particular defendants only after sustaining the complaint's sufficiency as to those defendants. *Lernout*, 214 F. Supp. 2d at 106–07; *Latham,* 2010 WL 3294722, at *3. That rationale does not apply here because no court has sustained the sufficiency of Plaintiffs' reliance allegations.

Plaintiffs' opposition also cites *In re Global Crossing, Ltd. Securities Litigation*, 322 F. Supp. 2d 319 (S.D.N.Y. 2004), as support for their contention that the PSLRA stay is discretionary. (Doc. No. 123 at 7–8.) But *Global Crossing* says nothing of the sort. There, the court permitted discovery to proceed as to one defendant, after largely denying that defendant's motion to dismiss, because the plaintiffs had established, based on the specific facts of the case, that the exceptions to the PSLRA discovery stay were satisfied in light of the defendant's insolvency. *Glob. Crossing*, 322 F. Supp. 2d at 352–53 ("Given the concerns raised in a situation where the entity being sued is winding down, resumption of discovery is desirable *in order to prevent undue prejudice and preserve evidence.*" (emphasis added)). Defendants established in their moving papers (and

4

Plaintiffs do not dispute in their opposition) that those narrow exceptions do not apply here. (Doc. No. 120 at 5 n.1.)

**_Plaintiffs Cannot End-Run the PSLRA Discovery Stay._**  Finally, Plaintiffs argue in effect that the PSLRA discovery stay should not apply here because they can supposedly seek leave to add named plaintiffs who purportedly do not suffer from the same reliance-related issues as Plaintiffs Shash and Khan even if the Court grants Defendants' Rule 12(c) motion. (Doc. No. 123 at 10.) Plaintiffs' speculation about hypothetical future potential plaintiffs runs headlong into legal obstacles.  As Defendants showed in their moving papers, the PSLRA discovery stay remains in place until a court has sustained the legal sufficiency of the operative complaint. (Doc. No. 120 at 3.)  Here, Plaintiffs have not even sought leave to amend their complaint, much less received the Court's permission to do so.  The SAC thus remains the operative complaint in this action, and for the reasons explained in Defendants' Rule 12(c) motion, the Court should dismiss it as legally insufficient.  Moreover, the PSLRA sets forth specific procedures and requirements for the maintenance of securities fraud class actions, including provisions that govern the appointment of lead plaintiffs.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)–(iii) (requiring lead plaintiffs to "adequately represent[] the interests of class members").  Plaintiffs cannot short-circuit those rules based on conjecture and their own say-so.  Therefore, this argument provides no basis to lift the PSLRA discovery stay.

## **CONCLUSION**

For the foregoing reasons, and those set forth in Defendants' moving papers, Defendants' motion to enforce the PSLRA discovery stay should be granted, and all discovery should remain stayed pending this Court's adjudication of Defendants' motion for judgment on the pleadings.

Dated:  March 7, 2024

Respectfully submitted,

*/s/ Audra J. Soloway*

Theodore V. Wells, Jr. (*pro hac vice*)
Audra J. Soloway (*pro hac vice*)
Richard C. Tarlowe (*pro hac vice*)
Gregory F. Laufer (*pro hac vice*)
Samantha A. Bui (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
twells@paulweiss.com
asoloway@paulweiss.com
rtarlowe@paulweiss.com
glaufer@paulweiss.com
sbui@paulweiss.com

William J. Trach (BBO #661401)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
william.trach@lw.com

*Counsel for Defendants Biogen Inc.,*
*Michel Vounatsos, Alfred W. Sandrock, Jr., and*
*Samantha Budd Haeberlein*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of March, 2024, I caused a copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF system.

*/s/ Audra J. Soloway*
Audra J. Soloway