**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

*Counsel for Plaintiffs*
*and the Putative Class*

[Additional Counsel on signature page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NADIA SHASH and AMJAD KHAN Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> BIOGEN INC., MICHEL VOUNATSOS, ALFRED W. SANDROCK, JR., and SAMANTHA BUDD-HAEBERLEIN, <br><br> Defendants. | **CASE No.: 1:21-cv-10479-IT** <br><br><br> **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO ADD ADDITIONAL PLAINTIFFS** |

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   PROCEDURAL BACKGROUND ..................................................................... 2

   A.   Defendants First Argue that Plaintiffs Lack Standing On their Motion to Dismiss Plaintiffs' Second Amended Complaint ................................................................................... 2

   B.   The First Circuit Reverses In Part ............................................................................ 3

   C.   Defendants File Their 12(c) Motion ....................................................................... 3

III.  ARGUMENT ...................................................................................................... 5

   A.   PLAINTIFFS' PROPOSED AMENDMENT MEETS RULE 15 ..................................... 5

      1.   Defendants Cannot Show Undue Delay, Bad Faith, Dilatory Motive, Repeated Failure to Cure Deficiencies by Amendments Previously Allowed, or That They Would be Prejudiced by Amendment. ................................................................... 5

      2.   Amendment is Not Futile ........................................................................ 7

         a)   Amendment to Add Mr. Havrda As Plaintiff is not Futile ............................ 7

         b)   Amendment to Add Messrs. Pawloski and Aftoora As Plaintiffs Is Not Futile Even if the Court Accepts Defendants' Argument ............................... 8

   B.   IN THE ALTERNATIVE, THE ADDITIONAL PLAINTIFFS MEET RULE 20 AND RULE 24 LIBERAL STANDARDS FOR JOINDER AND INTERVENTION ................ 9

   C.   THE COURT HAS JURISDICTION TO ALLOW AMENDMENT, JOINDER, OR INTERVENTION. ..................................................................................... 10

   D.   ADDING ADDITIONAL PLAINTIFFS IS CONSISTENT WITH THE PSLRA .......... 13

IV.   CONCLUSION ................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allco Renewable Energy Ltd. v. Haaland*,
2022 WL 2117828 (D. Mass. June 13, 2022) ........................................................................ 10

*Andersen v. Bayview Crematory, LLC*,
2007 WL 9797778 (D. Mass. Sept. 21, 2007) ......................................................................... 9

*Christopher v. Stanley-Bostitch, Inc.*,
240 F.3d 95 (1st Cir. 2001) ............................................................................................. 11, 12

*Cooper v. Charter Commc'ns Ents. I, LLC*,
2015 WL 1943858 (D. Mass. Apr. 28, 2015) ...................................................................... 7, 9

*Doe v. Brown Univ.*,
2017 WL 1365991 (D.R.I. Apr. 12, 2017) .............................................................................. 6

*Foman v. Davis*,
371 U.S. 178 (1962) ................................................................................................................. 5

*Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*,
862 F. Supp. 2d 322 (S.D.N.Y. 2012) ................................................................................... 13

*Gruber v. Gilbertson*,
647 F. Supp. 3d 100 (S.D.N.Y. 2022) ..................................................................................... 8

*Hatch v. Dep't for Child., Youth & Their Fams.*,
274 F.3d 12 (1st Cir. 2001) ..................................................................................................... 7

*In re Allstate Corp. Sec. Litig.*,
966 F.3d 595 (7th Cir. 2020) ................................................................................................. 14

*In re Herley Industries, Inc. Securities Litigation*,
2009 WL 3169888 n.7 (E.D. Pa. Sept. 30, 2009) ................................................................. 14

*In re Initial Pub. Offering Sec. Litig.*,
214 F.R.D. 117 (S.D.N.Y. 2002) ........................................................................................... 13

*In re Nat'l Austl. Bank Sec. Litig.*,
2006 WL 3844463 (S.D.N.Y. Nov. 8, 2006) ......................................................................... 14

*In re Portal Software, Inc. Sec. Litig.*,
2005 WL 8179740 (N.D. Cal. Mar. 9, 2005) ......................................................................... 13

*In re Thornburgh*,
869 F.2d 1503 (D.C. Cir. 1989) ..................................................................................... 14

*In re WorldCom, Inc. Sec. Litig.*,
219 F.R.D. 267 (S.D.N.Y. 2003) ..................................................................................... 13

*Merriam v. Demoulas Super Markets, Inc.*,
2012 WL 931347 (D. Mass. Mar. 20, 2012).................................................................... 5

*Milcent v. City of Bos.*,
2017 WL 1536398 (D. Mass. Apr. 26, 2017) ................................................................... 6

*O & G Indus., Inc. v. Univ. of Massachusetts Bldg. Auth.*,
2013 WL 5522601 (D. Mass. Oct. 3, 2013)...................................................................... 6

*Patane v. Nestle Waters N. Am., Inc.*,
314 F. Supp. 3d 375 (D. Conn. 2018).............................................................................. 11

*Quintanilla v. WW Int'l, Inc.*,
541 F. Supp. 3d 331 (S.D.N.Y. 2021).............................................................................. 11

*Schneider v. BMW of N. Am., LLC*,
2019 WL 4771567 (D. Mass. Sept. 27, 2019) ................................................................ 10

*Shash v. Biogen, Inc.*,
84 F.4th 1 (1st Cir. 2023)................................................................................................... 5

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998)..................................................................................................... 10, 11

*Yan v. ReWalk Robotics Ltd.*,
973 F.3d 22 (1st Cir. 2020)........................................................................................ 5, 12

**Statutes**

15 U.S.C. § 78u-4(e)(1) ........................................................................................................... 8

15 U.S.C. §78u-4(a)(3)(B) ...................................................................................................... 13

**Rules**

Fed R. Civ. P. 20...................................................................................................................... 9, 10

Fed. R. Civ. P. 12(b) ............................................................................................................... 7, 11

## I.     **INTRODUCTION**[1]

Three putative class members seek to join this action: Jiri Havrda, Albert Aftoora, and Raymond Pawloski ("Additional Plaintiffs"). Because no discovery has occurred, allowing these plaintiffs to enter will not delay the action or prejudice defendants. Moreover, they would moot arguments Defendants have raised in a motion for judgment on the pleadings ("12(c) Motion").

The Court should allow the Additional Plaintiffs to join this action, whether through filing an amended complaint that adds them under Rule 15, or allowing them to join or intervene under Rules 20 and 24. Courts interpret all three Rules liberally to resolve the widest possible scope of claims in a single action and on the merits. Indeed, Lead Plaintiffs like Ms. Shash have not only the right but the obligation to put forward additional named plaintiffs to pursue all available claims. The Court should permit Ms. Shash to fulfil her mandate.

There is no reason to deny amendment. During the Parties' extensive efforts to meet-and-confer, Defendants never raised any of the traditional grounds to deny leave to amend, such as undue delay, bad faith, or prejudice. Defendants argued that Mr. Havrda could not state a claim, but their argument is wrong and, in any case, only applies to Mr. Havrda, not to Messrs. Aftoora and Pawloski. Defendants also told Plaintiffs that Ms. Shash cannot add Additional Plaintiffs because she lacks "standing", but their 12(c) Motion raises no constitutional defects, only arguing that Ms. Shash does not sufficiently allege the merits of her claim. There is a live case or controversy and Ms. Shash is well within her rights to bring in Additional Plaintiffs to ensure the putative class is as well represented as possible.

---

[1] Citations to "Exh. __" are to exhibits to the Declaration of Jonathan Horne in Support of Plaintiffs' Motion for Leave to Amend, filed herewith.

With the Additional Plaintiffs, this action will continue regardless of the Court's decision on Defendants' 12(c) Motion. The Court thus has no reason to stay discovery, as Defendants request. Doc. No. 119. Granting this motion should thus, finally, allow this case to proceed to discovery.

## II.     PROCEDURAL BACKGROUND

### A.     Defendants First Argue that Plaintiffs Lack Standing On their Motion to Dismiss Plaintiffs' Second Amended Complaint

Ms. Shah and Mr. Khan are the current representative plaintiffs in this securities class action. They filed their First Amended Complaint in April 2021, and Defendants filed a motion to dismiss it ("MTD FAC"). Doc. No. 42, 52-54. Defendants' MTD FAC raised no argument that Plaintiffs had failed to plead reliance or lacked standing. *See* Doc. No. 53. In lieu of responding to Defendants' motion to dismiss, with Defendants' consent, Plaintiffs filed a Second Amended Complaint ("SAC"). Doc No. 58. When Defendants moved to dismiss the Second Amended Complaint ("MTD SAC"), they raised the new argument that Lead Plaintiff Shash and Named Plaintiff Khan had not pled reliance and did not have standing because they purchased their Biogen shares after the November 4, 2020 publication of the Massie Report, one of the corrective disclosures alleged in the SAC. Doc. No. 61 at 39-40.

The Court held oral arguments on the MTD SAC in May 2022. Doc. No. 75. The Court asked whether it should consider Ms. Shash and Mr. Khan's reliance and standing given that Defendants' arguments would not apply to class members who purchased stock before publication of the Massie Report. *See* Doc No. 81 at 55:10-56:14. While Plaintiffs argued that they could introduce new plaintiffs who bought stock before the Massie Report through amendment or intervention, Defendants urged the Court to defer ruling on Ms. Shash and Mr. Khan's individual reliance. *Id.* at 58:2-3, 7:18.  The Court accepted Defendants' invitation, dismissing for failure to

plead falsity, scienter, and loss causation, but deferring a ruling on reliance and standing. Doc. No. 76 at 40-41.

### B.    The First Circuit Reverses In Part

Plaintiffs appealed, and the First Circuit reversed in part. It held that Plaintiffs had sufficiently alleged a violation of Section 10(b) as to the statement "[s]o consistent with the findings from ENGAGE and EMERGE, you really need to get to the higher dose.  And I think our data are all consistent with that." Doc. No. 83 at 16. On loss causation, the First Circuit held that "investors' allegations cannot be per se implausible simply because a gap in time separates the price drop from the corrective disclosure." *Id.* at 38-42. Defendants did not specifically ask the First Circuit to dismiss for failure to plead reliance or lack of standing, and the First Circuit did not explicitly reach the issue.

### C.    Defendants File Their 12(c) Motion

On November 22, 2023, the Parties filed a joint Rule 16.1 statement in which Defendants stated their intention to file a motion to dismiss based on lack of reliance by Shah and Khan. Doc. No. 90 at 1. Plaintiffs argued that the Court should deny Defendants leave to file a motion to dismiss or a motion for judgment on the pleadings. *Id* at 4-5. Nevertheless, Mr. Havrda, then agreed to serve as a named plaintiff, thereby mooting Defendants' planned motion. Exh. 1 (certification signed December 4, 2023). At a January 12, 2024 conference in which the Court denied Defendants' request to file a motion to dismiss but noted that they were free to file a motion for judgment on the pleadings. Doc. No. 107, 109. Then, on January 25, 2024, Plaintiffs asked Defendants to stipulate to filing an amended complaint solely to add one or more named plaintiffs without changing any other allegations, emailing Defendants Mr. Havrda's Private Securities Litigation Reform Act ("PSLRA") certification.

3

Defendants did not take a position at the time, so Plaintiffs again requested Defendants' consent on February 7 and 12. On February 13, Defendants stated that they would oppose an amendment to add Mr. Havrda because, they claimed, he had not suffered any damages. On March 4, pressed further as to why, Defendants declined to provide any other specific arguments, but instead "reserve[d] all rights to make additional arguments in any forthcoming opposition to amendment."

After Defendants expressed their opposition on February 13, Plaintiffs searched for and proposed two more representative plaintiffs who were not subject to what Plaintiffs presume is Defendants' argument. See Exh. 2 (Mr. Pawloski and Mr. Aftoora certifications signed March 2, 2024). On March 7, 2024, Plaintiffs asked Defendants whether they consented to adding these two new plaintiffs. Receiving no response, Plaintiffs reiterated their request on March 8 and 13, at which point, Defendants agreed to meet and confer on Friday March 15. On March 15, Defendants stated, for the first time, that they opposed any amendment because they took the position that: (1) Lead Plaintiff Shash and Named Plaintiff Khan cannot move to amend to add additional named plaintiffs because they lack standing and (2) adding named plaintiffs where the original lead plaintiff lacks standing is improper because it circumvents the PSLRA's lead plaintiff process.

Plaintiffs now move to amend their complaint solely to add Messrs. Havrda, Aftoora, and Pawloski as named plaintiffs. A copy of the [proposed] third amended complaint ("Complaint") is attached hereto as Exhibit 3. A redline of the Complaint against the SAC is attached as Exhibit 4.

On February 5, 2024, Defendants filed their 12(c) Motion. They argue that Plaintiffs' reliance was per se unreasonable because they purchased shares within hours or a day of the November 4, 2020 publication of the complex Massie Report. Defendants' 12(c) motion fails because it ignores consistent Supreme Court precedent entitling Plaintiffs to the fraud on the

market presumption of reliance and the First Circuit's ruling that "investors' allegations cannot be per se implausible simply because a gap in time separates the price drop from the corrective disclosure." *Shash v. Biogen, Inc.*, 84 F.4th 1, 21–22 (1st Cir. 2023).[2]

### III.    **ARGUMENT**

#### A.    **PLAINTIFFS' PROPOSED AMENDMENT MEETS RULE 15**

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts should grant leave to amend unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Yan v. ReWalk Robotics Ltd.*, 973 F.3d 22, 36-38 (1st Cir. 2020) (*quoting Foman*, 371 U.S. at 182 (1962)). The only Rule 15 argument Defendants have specifically raised is that amendment to add Mr. Havrda is futile because he has not suffered any damages. They have not argued that adding Mr. Pawloski or Mr. Aftoora is futile.

> 1.    *Defendants Cannot Show Undue Delay, Bad Faith, Dilatory Motive, Repeated Failure to Cure Deficiencies by Amendments Previously Allowed, or That They Would be Prejudiced by Amendment.*

Amendment is proper where, as here, "the case is in its early stages, no discovery has been conducted, no party will be prejudiced by plaintiffs' filing an amended complaint, and there are no allegations that plaintiffs have acted with undue delay or bad faith." *Merriam v. Demoulas*

---

[2] Defendants' 12(c) Motion also fails because though they must show that Plaintiffs were **un**reasonable, Plaintiffs would have had to incorporate information faster than the market, something the First Circuit has held is quasi-impossible. It also fails because in the cases Defendants cite, the market had already incorporated the correction of the false statements, which the cases specifically noted. It also fails because it ignores the second corrective disclosure alleged in Plaintiffs' complaint. *See generally* Doc. No. 122.

*Super Markets, Inc.*, 2012 WL 931347, at *6 (D. Mass. Mar. 20, 2012); *Doe v. Brown Univ.*, 2017 WL 1365991, at *1 (D.R.I. Apr. 12, 2017) (leave to amend allowed where case was in its early stages).

During the Parties' extensive meet-and-confer process, Defendants never stated that they would oppose amendment based on any of the above procedural Rule 15 grounds. In any case, there is no undue delay, still less bad faith or dilatory motive. Only delays that, unlike here, are both lengthy and unexplained are "undue" and warrant denial of leave to amend. *O & G Indus., Inc. v. Univ. of Massachusetts Bldg. Auth.*, 2013 WL 5522601, at *1 (D. Mass. Oct. 3, 2013) (four month delay not sufficient to deny amendment); *see also Milcent v. City of Bos.*, 2017 WL 1536398, at *2 (D. Mass. Apr. 26, 2017) (amendment allowed where "plaintiff has made no secret of the fact that she intended to amend the complaint to add new parties"). In moving to amend to add representative plaintiffs who purchased before the Massie Report's publication, Plaintiffs are doing precisely what they told the Court at oral arguments on Defendants' motion to dismiss. Plaintiffs have also moved expeditiously to add plaintiffs who address as many of Defendants' arguments as possible before moving to amend. And Plaintiffs file their motion little more than a week after Defendants stated that they would oppose ***any*** motion for leave to amend. Moreover, the deadline to amend pleadings is still six months away. Doc. No. 110 at 2.

Defendants will not suffer *any* prejudice, let alone "undue" prejudice. Even motions to amend brought after considerable discovery do not raise undue prejudice. *O & G*, 2013 WL 5522601, at *1. Here, no discovery has taken place since Defendants have taken the position that the PSLRA stays discovery and proceedings during the pendency of their 12(c) Motion. They have refused even to meet and confer concerning their objections to Plaintiffs' request for production.

6

And Defendants asked for any amendment to add additional plaintiffs be delayed during the oral argument on their motion to dismiss. They cannot now argue that a delay was prejudicial.[3]

### 2.    *Amendment is Not Futile*

"If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the 'futility' label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)." *Cooper v. Charter Commc'ns Ents. I, LLC*, 2015 WL 1943858, at *3 (D. Mass. Apr. 28, 2015) (*quoting Hatch v. Dep't for Child., Youth & Their Fams.*, 274 F.3d 12, 19 (1st Cir. 2001).

Defendants informed Plaintiffs they believe adding Havrda as a named plaintiff would be futile because he has not suffered any damages. Defendants are wrong. Moreover, Defendants have not proffered any reason for not consenting to adding Messrs. Aftoora and Pawloski as plaintiffs, thus conceding that these two plaintiffs have damages.

### a)    *Amendment to Add Mr. Havrda As Plaintiff is not Futile*

When Defendants stated they would oppose adding Mr. Havrda because he did not suffer any damages, they declined to substantiate their argument. However, Plaintiffs believe Defendants' argument to be that Mr. Havrda has no damages under the so-called 90-day lookback of the Private Securities Litigation Reform Act ("PSLRA"). The 90-day lookback, as relevant here, provides:

> [T]he plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

---

[3] Because the First Circuit upheld some of Plaintiffs' claims, there is no "repeated failure to cure deficiencies by previous amendments."

15 U.S.C. § 78u-4(e)(1).

Mr. Havrda purchased his shares for $263.52 and $264.99. Ex. 1. The 90-day lookback begins after the last corrective disclosure alleged in the Complaint. *Gruber v. Gilbertson*, 647 F. Supp. 3d 100, 121–22 (S.D.N.Y. 2022) (citing cases). Mr. Havrda sold his shares on November 9, the first trading day after the last corrective disclosure alleged in the Complaint. That day, Biogen's stock closed at $236.26 per share, or well below Mr. Havrda's purchase price. Mr. Havrda suffered damages.

That said, if Defendants improperly begin the 90-day lookback after the first corrective disclosure on November 4, then the 90-day lookback price is the average of the closing prices on November 5 and 9 (excluding November 6 because trading was halted so there was no "mean trading price" that day). That price is $282.58. This improper use of the November 4 date is, Plaintiffs presume, the reason Defendants argue Mr. Havrda has no damages.

> b)      *Amendment to Add Messrs. Pawloski and Aftoora As Plaintiffs Is Not Futile Even if the Court Accepts Defendants' Argument*

This argument does not apply to Messrs. Aftoora and Pawloski, who each suffered damages even under the incorrect premise that the 90-day lookback started after November 4:

|  | Mr. Havrda | Mr. Pawloski | Mr. Aftoora |
|---|---|---|---|
| Purchase price | $263.52 (at least) | $265.85 | $279.77 |
| Average trading price if 90-day lookback starts after November 6 | $236.26 | $239.56 | $241.35 |
| Does Additional Plaintiff have damages? | *Yes* | *Yes* | *Yes* |
| Average trading price if 90-day lookback starts after November 4 | $282.58[4] | $257.42[5] | $255.95[6] |
| Does Additional Plaintiff have damages? | No | *Yes* | *Yes* |

Thus, even accepting Defendants' argument, Plaintiffs Pawloski and Aftoora still have damages.

### B.    IN THE ALTERNATIVE, THE ADDITIONAL PLAINTIFFS MEET RULE 20 AND RULE 24 LIBERAL STANDARDS FOR JOINDER AND INTERVENTION

In addition to Plaintiffs' proposed amendment meeting the standards of Rule 15, the Additional Plaintiffs also meet the standards for joinder under Rule 20 and permissive intervention under Rule 24. Accordingly, those two Rules provide additional, independent, grounds for the Court to allow the Additional Plaintiffs to join the case.

"Where, as here, a motion to amend only requests the addition of new plaintiffs, Rule 20 as opposed to Rule 15 provides the framework for analyzing the merits of the motion." *Andersen v. Bayview Crematory, LLC*, 2007 WL 9797778, at *1 (D. Mass. Sept. 21, 2007). Joinder under

---

[4] Consists of the average of the closing prices on November 5 and November 9.
[5] Consists of the average of the closing prices on November 5 and November 9-12.
[6] Consists of the average of the closing prices on November 5 and November 9-13.

Rule 20 is allowed if plaintiffs allege "a right of relief" arising from "the same transaction, occurrence, or series of transactions or occurrence" and there is a question of law or fact common to all of the parties." Fed R. Civ. Proc. 20. "The requirements of Rule 20(a) are construed liberally in order to promote the broadest scope of action consistent with fairness to the parties." *Cooper*, 2015 WL 1943858, at \*5 n.3.

Likewise, Rule 24(b)(1)(B) provides that "on timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." While courts have very broad discretion to decide motions to intervene, they generally allow intervention when an intervenor agrees, and has an incentive, to work with existing parties to proceed expeditiously. *Allco Renewable Energy Ltd. v. Haaland*, 2022 WL 2117828, at \*2 (D. Mass. June 13, 2022).

The Additional Plaintiffs meet Rules 20 and 24's low thresholds. The Additional Plaintiffs have identical interests in the litigation to the existing Plaintiffs and have retained the same counsel. They ask to add their names to the Complaint, not to amend it substantively. Their claims are identical, which more than suffices. *See Schneider v. BMW of N. Am., LLC*, 2019 WL 4771567, at \*5 (D. Mass. Sept. 27, 2019). Further, no discovery has taken place because of Defendants' position that discovery stops because they filed a motion for judgment on the pleadings. Courts routinely grant requests to intervene at this stage of the litigation. *Allco*, 2022 WL 2117828, at \*2.

### C.    THE COURT HAS JURISDICTION TO ALLOW AMENDMENT, JOINDER, OR INTERVENTION.

Defendants have claimed that Ms. Shash lacks standing to add the Additional Plaintiffs. Defendants appear to argue that if they prevail on their 12(c) Motion, it will mean that the Court did not have subject-matter jurisdiction over this case. Thus, Defendants contend, because there was no case or controversy, there is no lawsuit for Additional Plaintiffs to join.

10

Defendants' argument fails at the first premise. "[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (emphasis in original). To the contrary, "the district court has jurisdiction if 'the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another,' [citation], unless the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Id.*

Failure to allege an element of the cause of action, like reliance, means dismissal under Rule 12(b)(6), not for lack of subject-matter jurisdiction under Rule 12(b)(1). *See Quintanilla v. WW Int'l, Inc.*, 541 F. Supp. 3d 331, 341 (S.D.N.Y. 2021) ("whether [] reliance [] was reasonable" is "quintessential merits question[.]"); *Patane v. Nestle Waters N. Am., Inc.*, 314 F. Supp. 3d 375, 380 (D. Conn. 2018) ("[T]he possibility that any prior lawsuits or media coverage put plaintiffs on notice of anything is a fact question that is not suitable for me to resolve at the pleading stage on a motion to dismiss."). Thus, even if the Court granted the 12(c) Motion, dismissal would be for failure to plead a claim, not for lack of jurisdiction.

Here, in every instance, the courts and the parties *have* treated reliance as an element of Plaintiffs' claim that does not go to constitutional standing. Defendants first raised a reliance argument on a motion to dismiss under Rule 12(b)(6), failure to state a claim, rather than Rule 12(b)(1), lack of subject-matter jurisdiction. Doc. No. 52 at 1. They sought dismissal with prejudice and requested that the Court defer ruling on reliance; the Court agreed. Yet if the Court lacks jurisdiction, it must dismiss the case without prejudice and make no rulings on the merits. *Christopher v. Stanley-Bostitch, Inc.*, 240 F.3d 95, 100 (1st Cir. 2001) ("orders relating to the

11

merits of the underlying action are void if issued without subject matter jurisdiction."). A court can only terminate claims if it has the power to hear them.

Likewise, finding that the Court lacks jurisdiction would contravene the First Circuit's mandate. The First Circuit would have had no jurisdiction to reverse a portion of the Court's judgment. Nor, more pointedly, would it have jurisdiction to dismiss anything with prejudice. Thus, to find that Plaintiffs lack constitutional standing, the Court would have to vacate the part of the Mandate which affirms its rulings.

Indeed, Defendants' new position that Plaintiffs lack **constitutional** standing contradicts the motion for judgment on the pleadings that supposedly shows why this is so. Their motion asks the Court to dismiss because Plaintiffs supposedly failed "to state a claim", not because they failed to allege constitutional standing; they ask the Court to dismiss with prejudice, not without prejudice, contravening *Christopher*, 240 F.3d at 100. Doc. No. 116.

Controlling authority provides that adding plaintiffs to address non-constitutional defects in a complaint is proper. *Yan*, 973 F.3d at 35-39.[7] In *Yan*, the plaintiff brought non-fraud securities claims based on one theory and, separately, securities fraud claims based on a different scheme that began after the plaintiff's purchases. *Id.* at 27-30. Like here, during the pendency of the defendants' motion to dismiss, the plaintiff sought leave to add a plaintiff who unquestionably had standing to pursue the fraud claims (in *Yan*, the plaintiff purchased shares after the scheme began). *Id.* at 30. The district court dismissed the plaintiff's non-fraud claims because it found the plaintiff had failed to allege a false statement, found that he lacked standing to pursue the fraud claims, and

---

[7] To be clear, *Yan* does **not** hold that a constitutional defect prevents the addition of named plaintiffs, it just never reached the issue. Instead, in *Yan*, a single judge wrote that a plaintiff could add additional representatives notwithstanding a lack of standing. Two judges joined the opinion "on the basis that the standing defect in this case may be viewed as a lack of statutory standing." *Id.* at 39 n.6.

on that basis denied the plaintiff's motion to add a plaintiff with standing to pursue the fraud claims. *Id.* The First Circuit affirmed the dismissal of the securities claims on the merits, affirmed the dismissal for lack of standing, but then reversed the part of the opinion which denied leave to amend to add a plaintiff. *Id.* at 35-39. Class representatives who plead claims that fail on the merits but are not frivolous may amend their pleadings to add other plaintiffs. *Id.* at 38-39. Because the question of whether Ms. Shash and Mr. Khan's reliance was reasonable is just as much a merits question as whether Yan had sufficiently alleged falsity for his non-fraud claims, the Plaintiffs may also add Additional Plaintiffs who, even accepting Defendants' arguments, still sufficiently allege reasonable reliance.

### D. ADDING ADDITIONAL PLAINTIFFS IS CONSISTENT WITH THE PSLRA

Defendants stated that they opposed the addition of any plaintiffs because it purportedly circumvented the PSLRA's lead plaintiff selection process.[8] Yet it is well established that a lead plaintiff can add named plaintiffs to aid it in representing the class. *See In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 286 (S.D.N.Y. 2003) ("[N]othing in the text of the PSLRA indicates that every named plaintiff who satisfies the requirements of Rule 23 must also satisfy the criteria established under the PSLRA for appointment as lead plaintiff and actually be appointed as a lead plaintiff."); *In re Portal Software, Inc. Sec. Litig.*, 2005 WL 8179740, at *4 (N.D. Cal. Mar. 9, 2005)(allowing the addition of named plaintiff because "the need to add representative plaintiffs may arise after a case has been initiated" and that restarting the PSLRA lead plaintiff selection process every time that occurred "would turn securities litigation into a game of snakes and ladders [where] the action must 'go back to square one.'").

---

[8] The PSLRA requires the Court to select a lead plaintiff at the beginning of the action, who will be responsible for its prosecution. 15 U.S.C. §78u-4(a)(3)(B).

13

And it is proper for a lead plaintiff to bring claims for which they personally lack standing because "for a claim to be asserted on behalf of a putative class, only the named plaintiffs—but not necessarily the lead plaintiff—must have standing." *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 862 F. Supp. 2d 322, 329 (S.D.N.Y. 2012) (quoting *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 122 (S.D.N.Y. 2002)). Where "courts have considered the existence of a standing problem for the lead plaintiff, those courts simply substituted appropriate plaintiffs." *In re Herley Industries, Inc. Securities Litigation*, 2009 WL 3169888, at *4 n.7 (E.D. Pa. Sept. 30, 2009). Adding named plaintiffs before class certification serves "only to rearrange the seating chart within a single, ongoing action." *In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 616 (7th Cir. 2020).

In a class action, "courts not only may, but should, 'respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative.'" *In re Nat'l Austl. Bank Sec. Litig.*, 2006 WL 3844463, at *3 (S.D.N.Y. Nov. 8, 2006) (quoting *In re Thornburgh*, 869 F.2d 1503, 1509 (D.C. Cir. 1989)). This protects the putative class members and promotes the "aims of the preferred class action vehicle." *Id.* at *2. For example, after dismissing all lead plaintiffs—most for lack of subject matter jurisdiction, but one because he failed to allege damages—the *National Australia Bank* court nonetheless granted leave to substitute a class representative who did have damages. *Id.* at *4.

## IV.    CONCLUSION

For the foregoing reasons, the Court should permit the Additional Plaintiffs to appear in this action, either through an amended complaint under Rule 15, or through intervention under Rules 20 or 24.

14

Dated: March 25, 2024     Respectfully submitted,

           **THE ROSEN LAW FIRM, P.A.**

           */s/Laurence M. Rosen*
           Laurence M. Rosen, Esq. (pro hac vice)
           Jonathan Horne, Esq. (pro hac vice)
           Brian B. Alexander, Esq. (pro hac vice)
           Joshua Baker, Esq. (BBO #695561)
           Sara Fuks, Esq. (pro hac vice)
           275 Madison Avenue, 40th Floor
           New York, NY 100016
           Tel: (212) 686-1060
           Fax: (212) 202-3827
           lrosen@rosenlegal.com
           jhorne@rosenlegal.com
           balexander@rosenlegal.com
           jbaker@rosenlegal.com
           sfuks@rosenlegal.com

           *Counsel for Plaintiffs*

15

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2024, a true and correct copy of the foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO ADD ADDITIONAL PLAINTIFFS** was served by CM/ECF to parties registered to the Court's CM/ECF system.

/s/Laurence Rosen

16