UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NADIA SHASH and AMJAD KHAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>BIOGEN INC.; MICHEL VOUNATSOS; ALFRED W. SANDROCK, JR.; and SAMANTHA BUDD HAEBERLEIN,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 1:21-cv-10479-IT<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER GRANTING
DEFENDANTS' MOTION TO ENFORCE DISCOVERY STAY

April 2, 2024

TALWANI, D.J.

This case has a long history, but in short: Plaintiffs brought this securities fraud putative class action under Sections 10(b) and 20(a) of the Securities and Exchange Act against Defendants Biogen Inc. ("Biogen") and three of its executives alleging Defendants misled investors. The case was filed in the Central District of California; after its transfer to this court, Defendants filed their Motion to Dismiss [Doc. No. 60] Plaintiffs' Second Amended Complaint [Doc. No. 62], which this court granted. See Memorandum & Order [Doc. No. 76]. On appeal, the First Circuit affirmed the dismissal except as to one allegedly misleading statement. See Opinion 3 [Doc. No. 83].

Following remand, Defendants advised the court during a case management conference that they planned to file a second motion to dismiss on an issue not addressed by the First Circuit. The court suggested a motion for judgment on the pleadings under Rule 12(c) was more procedurally appropriate. Defendants filed their Motion for Judgment on the Pleadings [Doc. No.

116] on February 5, 2024, and that motion is pending. Defendants also filed the instant <u>Motion to Enforce Discovery Stay</u> [Doc. No. 119] contending that the discovery stay imposed by the Private Securities Litigation Reform Act ("PSLRA") should be enforced while their <u>Motion for Judgment on the Pleadings</u> [Doc. No. 116] is pending.

The relevant section of PSLRA provides: "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss[.]" 15 U.S.C. § 78u-4(b)(3)(B). The parties dispute whether the provision also applies during the pendency of a 12(c) motion for judgment on the pleadings. Defendants contend that courts treat motions for judgment on the pleadings as "functionally identical" to motions to dismiss, and the stay provision applies equally to Rule 12(c) motions as to those under Rule 12(b). Plaintiffs counter that any stay of discovery under PLSRA is discretionary and that, in any case, a stay is not warranted here because of the procedural posture of this case and because 12(c) motions are not "motions to dismiss" as required by the statute.

The caselaw establishing that motions to dismiss and motions for judgment on the pleadings are functional equivalents is abundant. <u>See, e.g.</u>, <u>Shay v. Walters</u>, 702 F.3d 76, 82 (1st Cir. 2012) (holding that a 12(c) motion for judgment on the pleadings "must be evaluated as if it were a motion to dismiss"); <u>see also</u> <u>Kando v. R.I. State Bd. of Elections</u>, 880 F.3d 53, 58 (1st Cir. 2018). And Defendants point to cases from across circuits that expressly find that 12(c) and 12(b) motions are equivalent for purposes of PSLRA's discovery stay. <u>See</u> <u>Mem. of Law ISO Defs.' Mot. to Enforce Discovery Stay</u> 2-3 [Doc. No. 120]. Also abundant is caselaw establishing that the discovery stay provision is mandatory, not discretionary. <u>See, e.g.</u>, <u>Chadbourne & Parke LLP v. Troice</u>, 571 U.S. 377, 383 (2014) (noting PSLRA "permits

defendants to obtain automatic stays of discovery"); Petrie v. Elec. Game Card, Inc., 761 F.3d 959, 968 (9th Cir. 2014).

Plaintiffs' efforts to distinguish this case from others where a motion for judgment on the pleadings has triggered a discovery stay are unavailing. Plaintiffs offer no cases to support their contention that 12(c) motions for judgment on the pleadings should be treated differently from 12(b) motions to dismiss under PSLRA or that the discovery stay is discretionary, asserting only that those cases holding to the contrary were wrongly decided. The court is not persuaded.

Accordingly, the court finds that, pursuant to PSLRA, all discovery should be stayed during the pendency of the Motion for Judgment on the Pleadings [Doc. No. 116], and GRANTS Defendants' Motion to Enforce Discovery Stay [Doc. No. 119].

IT IS SO ORDERED.

April 2, 2024
/s/ Indira Talwani
United States District Judge