**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| NADIA SHASH and AMJAD KHAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIOGEN INC., MICHEL VOUNATSOS, ALFRED W. SANDROCK, JR., and SAMANTHA BUDD HAEBERLEIN,<br><br>Defendants. | Civil Action No.: 1:21-cv-10479-IT |

**DECLARATION OF GREGORY F. LAUFER**
**IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION**
**TO ADD ADDITIONAL PLAINTIFFS**

I, GREGORY F. LAUFER, hereby declare as follows:

1.    I am a member of the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP, attorneys for Defendants Biogen Inc. ("Biogen"), Michel Vounatsos, Alfred W. Sandrock, Jr., M.D., Ph.D., and Samantha Budd Haeberlein, Ph.D. ("Defendants"). I respectfully submit this declaration in support of Defendants' Opposition to Plaintiffs' Motion to Add Additional Plaintiffs. The information set forth below is based on my personal knowledge.

2.    During a meet-and-confer held by phone on November 16, 2023, Defendants informed Plaintiffs that they would seek the Court's leave to renew their arguments regarding reliance and standing, which had not been addressed by the First Circuit, in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

3. Defendants informed the Court of their anticipated motion to dismiss and the grounds for their motion in the parties' Local Rule 16.1(d) Joint Statement, filed on November 22, 2023. (Doc. No. 90 at 1–4.)

4. During the case management conference held on January 12, 2024, the Court suggested that Defendants instead move for judgment on the pleadings pursuant to Rule 12(c). (1/12/2024 Conf. Tr., Doc. No. 107 at 10:4–5.) The Court also permitted Defendants to move to enforce the automatic stay of discovery pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). (*Id.*)

5. On January 23, 2024, the parties met and conferred by phone regarding Defendants' forthcoming Rule 12(c) motion and their motion to enforce the PSLRA discovery stay, as required by Local Rule 7.1(a)(2). Plaintiffs stated that they opposed both motions.

6. On January 25, 2024, Plaintiffs informed Defendants for the first time that they would seek leave to amend the Second Amended Class Action Complaint ("SAC," Doc. No. 58), by adding Jiri Havrda, a member of the putative class, as a "named" plaintiff.

7. On February 5, 2024, Defendants filed their Answer, Rule 12(c) motion, and motion to enforce the PSLRA discovery stay. (Doc. Nos. 115, 116, 119.)

8. On February 7, 2024, Plaintiffs informed Defendants that, in addition to Havrda, they would seek to add Steven Flaumenbaum, another putative class member, as a "named" plaintiff.

9. On February 9, 2024, Defendants asked Plaintiffs to confirm whether Flaumenbaum was still holding the Biogen shares that he allegedly purchased, or if he had sold them, and if the latter, when he sold them.

10. During a meet-and-confer held by phone on February 13, 2024, Defendants stated that they would oppose the addition of Havrda. Defendants also asked that Plaintiffs provide the information that they had previously requested regarding Flaumenbaum's trading history.

11. On February 21, 2024, having heard nothing from Plaintiffs, Defendants again asked Plaintiffs to confirm whether Flaumenbaum was still holding the Biogen shares that he allegedly bought, or if he had sold them, and if the latter, when he sold them.

12. On February 26, 2024, Plaintiffs provided the information regarding Flaumenbaum's trading history, nearly three weeks after Defendants had first requested it.

13. On March 4, 2024, Defendants informed Plaintiffs that they would oppose the addition of Flaumenbaum. Defendants reiterated that they would oppose the addition of Havrda, including because he had incurred no damages under the PSLRA.

14. On March 7, 2024, Plaintiffs notified Defendants that they would also seek to add Albert Aftoora and Raymond Pawloski as "named" plaintiffs.

15. On March 15, 2024, the parties met and conferred by phone regarding Plaintiffs' anticipated motion. Defendants informed Plaintiffs that they would oppose Plaintiffs' motion because (i) Plaintiffs could not add new plaintiffs to the SAC on standing grounds; (ii) certain of the proposed new plaintiffs had incurred no damages under the PSLRA; and (iii) Plaintiffs could not circumvent the PSLRA's lead plaintiff appointment provisions, particularly given that all proposed plaintiffs had nonexistent or *de minimis* damages.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 8, 2024.

*/s/ Gregory F. Laufer*
Gregory F. Laufer

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th day of April, 2024, I caused a copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF system.

*/s/ Audra J. Soloway*
Audra J. Soloway