**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

*Counsel for Plaintiffs*
*and the Putative Class*

[Additional Counsel on signature page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NADIA SHASH and AMJAD KHAN Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> BIOGEN INC., MICHEL VOUNATSOS, ALFRED W. SANDROCK, JR., and SAMANTHA BUDD-HAEBERLEIN, <br><br> Defendants. | CASE No.: 1:21-cv-10479-IT <br><br><br> **DECLARATION OF BRIAN B. ALEXANDER IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO ADD ADDITIONAL PLAINTIFFS** |

I, BRIAN B. ALEXANDER, hereby declare as follows:

1.      I am a partner at The Rosen Law Firm, P.A., counsel for Lead Plaintiff Nadia Shash, Named Plaintiff Amjad Khan, additional named plaintiffs Jiri Havrda, Albert Aftoora, and Raymond Pawloski, and the Putative Class ("Plaintiffs"). I submit this declaration in support of Plaintiffs' Motion for Leave to Add Additional Plaintiffs.

2.      On January 25, 2024, Plaintiffs emailed Defendants a draft Third Amended Complaint whose sole  change was the addition of Mr. Havrda as a named plaintiff and asked Defendants to stipulate to its filing. Defendants never responded to Plaintiffs' email.

1

3.      When Plaintiffs again inquired about Defendants position on adding additional plaintiffs on a February 7, 2024 call, Defendants stated that they would not take a position until plaintiffs had identified all new shareholders they intended to add as named plaintiffs. On the same day, Plaintiffs emailed Defendants another draft Third Amended Complaint which again included Mr. Havrda and added another Plaintiff, Steven Flaumenbaun.

4.      After exchanging additional emails, the parties had another call on February 13, 2024. During that call, Defendants finally stated that they opposed the addition of Mr. Havrda, but the only basis they gave was that Mr. Havrada did not have damages under the PSLRA. Defendants further stated that they could not take a position on Mr. Flaumenbaun because they did not have enough information about his trading history. Accordingly, Defendants continued to give Plaintiffs the false impression that Defendants' position on adding named plaintiffs depended on the identity of the plaintiffs that Plaintiffs were moving to add.

5.      Based on the February 13 conversation, Plaintiffs, in good faith, searched for and proposed two more additional plaintiffs, Mr. Pawloski and Mr. Aftoora,  that they believed were not subject to Defendants' PSLRA damages argument. Mr. Pawloski and Mr. Aftoora signed their certifications on March 2, 2024 and Plaintiffs emailed them to Defendants and requested their position on adding them as named plaintiffs on March 7, 2024. Defendants ignored Plaintiffs request and Plaintiffs were forced follow up by email three times (on March 8, 12, and 13) before Defendants finally agreed to meet and confer on March 15, 2024.

6.      During the March 15, 2024 meet and confer, Defendants finally admitted that they opposed any amendment to add additional plaintiffs on the grounds that (1) Lead Plaintiff Shash and Named Plaintiff Khan lack standing and (2) that allowing the additional plaintiffs circumvented the PSLRA's lead plaintiff process.

2

Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 22, 2024

*/s/ Brian B. Alexander*
Brian B. Alexander

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2024, a true and correct copy of the foregoing **DECLARATION OF BRIAN B. ALEXANDER IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO ADD ADDITIONAL PLAINTIFFS** was served by CM/ECF to parties registered to the Court's CM/ECF system.

/s/Laurence Rosen