PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

DIRECT DIAL: (212) 373-3289
EMAIL: ASOLOWAY@PAULWEISS.COM

| | |
|---|---|
| BEIJING | TOKYO |
| HONG KONG | TORONTO |
| LONDON | WASHINGTON, DC |
| LOS ANGELES | WILMINGTON |
| SAN FRANCISCO | |

April 24, 2024

**By ECF**

Hon. Indira Talwani, United States District Judge
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:    *Shash, et al.* v. *Biogen Inc., et al.*, No. 1:21-CV-10479-IT (D. Mass.)

Dear Judge Talwani:

We represent Defendants in the above-referenced action. We write to provide notice of supplemental authority in further support of Defendants' Rule 12(c) motion.[1]

Attached is an order in *In re FibroGen Securities Litigation*, No. 3:21-CV-02623 (N.D. Cal.) ("Order"), unsealed March 11, 2024. Although decided at class certification, *FibroGen* directly supports Defendants' Rule 12(c) motion; specifically, Defendants' argument that the FDA Advisory Committee meeting regarding aducanumab was not a corrective disclosure. (Doc. No. 117 at 14; Doc. No. 136 at 10.)

The *FibroGen* plaintiffs alleged that the defendant's purported misrepresentations regarding its flagship drug were revealed in a series of corrective disclosures, culminating in an Advisory Committee vote against recommending approval. Order 5. The court held that the Advisory Committee vote was ***not*** a corrective disclosure because it was, in the court's words, merely "when the market learned about the FDA's reaction" to data and analyses contained in a previously-issued FDA briefing document, which was "a fact which cannot properly be characterized as a corrective disclosure because it was not previously known to Defendants and did not contradict a previously uncorrected misstatement." *Id.* 24. The court noted that "[t]his is so even if the [Advisory Committee] action was based on a prior corrective disclosure." *Id.* 22.

---

[1]    Defendants submit this notice pursuant to this Court's practices. *Roller Bearing Co.* v. *Raytheon Co.*, No. 1:20-CV-10889-IT (D. Mass. Oct. 5, 2023). The *FibroGen* order was unsealed and came to Defendants' attention after the Rule 12(c) motion was briefed. FRAP 28(j).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Indira Talwani, United States District Judge                                    2

So too here.  Plaintiffs contend that the Advisory Committee's "reaction to the Massie Report was itself new corrective information." (Doc. No. 122 at 18.)  But *FibroGen* further confirms that the Advisory Committee vote was not a corrective disclosure because, as Defendants have argued, "the only new information that entered the market [was] the ***outcome*** of the [Advisory Committee] vote," which simply reflected the Advisory Committee's opinions regarding the Massie Report.  (Doc. No. 136 at 11.)

Accordingly, the Massie Report is the sole alleged corrective disclosure.  And, because Plaintiffs purchased Biogen stock after it was published, they lack Article III standing and cannot plead reliance.

Respectfully submitted,

/s/ *Audra J. Soloway*

Audra J. Soloway

Attachment

cc:    Counsel of record