# The Rosen Law Firm

## INVESTOR COUNSEL

Laurence M. Rosen
lrosen@rosenlegal.com

April 25, 2024

**BY ECF**
Hon. Indira Talwani, United States District Judge
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:    *Shash v. Biogen Inc., et al.,* No: 1:21-cv-10479-IT (D. Mass.)

**Response to Defendants' Additional Authority**

Defendants bring to the Court's attention an out-of-circuit district-level case, *In re Fibrogen Sec. Litig.*, No. 21-CV-02623-EMC, Doc. No. 224 (Oct. 3, 2023). *Fibrogen* provides little support for Defendants' Rule 12(c) motion, Doc. No. 116 (the "Motion").

First, *Fibrogen* is a decision on class certification. As *Fibrogen* itself explained, "Rule 23 does not set forth a mere pleading standard." Slip Opinion, at 7. *Fibrogen* made an evidentiary determination based on a slew of analyst reports which were properly before the court and defendants' expert's report. Slip Opinion, at 21. The Court does not have any such evidence properly before it. At the proper time, Plaintiffs will provide evidence that the Advisory Committee meeting itself was a corrective disclosure.

Second, the *Fibrogen* plaintiffs did not adopt Plaintiffs' theory that the Advisory Committee report was necessary to make information set out in the Massie Report more accessible to investors. *See* Plaintiffs' Reply in Support of their Motion for Leave to Amend ("Reply"), Doc. No. 149, at 12-13; Plaintiffs' Opposition to Defendants' Motion for Judgment on the Pleadings, Doc. No. 122, at 16-18.

**Plaintiffs' Additional Authority**

The Fifth Circuit recently decided *Oklahoma Firefighters Pension & Ret. Sys. v. Six Flags Ent. Corp.*, 2024 WL 1674125 (5th Cir. Apr. 18, 2024) (Exhibit A). *Oklahoma* reverses one of the principal authorities Defendants cited in support of the Motion, *Oklahoma Firefighters Pension & Ret. Sys. v. Six Flags Ent. Corp.*, 675 F. Supp. 3d 731 (N.D. Tex. 2023). *Oklahoma* also explains that plaintiffs lack standing and reliance if they purchased shares after the full revelation of the truth because "the economic loss associated with a decline in price is not fairly traceable to the defendant's fraud." *Oklahoma*, 2024 WL 1674125, at *3 (cleaned up). Thus, because the First Circuit held that Plaintiffs allege that Biogen's stock price was inflated at the time Plaintiffs purchased the stock and fell when the fraud was revealed, Plaintiffs sufficiently allege both standing and reliance. Doc. No. 122 at 8-12.

Respectfully,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Laurence M. Rosen*
Laurence M. Rosen, Esq.

*Counsel for Plaintiffs and the Putative Class*

cc:    All counsel of record (*via ECF*)

THE ROSEN LAW FIRM, P.A.   275 MADISON AVENUE, 40TH FLOOR   NEW YORK, NY 10016   TEL: (212) 686-1060   FAX: (212) 202-3827