**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (pro hac vice)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

Counsel for Plaintiffs and the Putative Class

[Additional Counsel on signature page]

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NADIA SHASH and AMJAD KHAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIOGEN INC.; MICHEL VOUNATSOS; ALFRED W. SANDROCK, JR.; and SAMANTHA BUDD HAEBERLEIN,<br><br>Defendants. | Case No. 1:21-cv-10479-IT<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUBSTITUTION** |

### INTRODUCTION

Nadia Shash lost $2.3 million by buying Biogen stock at artificially inflated prices during the Class Period. Ms. Shash moved to be lead plaintiff in this action in her own name. In fact, she had caused the transactions to be conducted by her single-member limited liability company, PolyCon Solutions, LLC. PolyCon should have moved for appointment, not Ms. Shash. But due to a miscommunication between Ms. Shash and lead counsel, the error was not caught. The mistake was discovered when Ms. Shash produced trading records to her counsel in the summer of 2025.

1

Rule 17 permits the substitution of the real party in interest when a lawsuit is inadvertently filed by the wrong entity. Ms. Shash seeks to rectify the mistake by substituting PolyCon as lead plaintiff. The Court should permit the substitution because PolyCon is the real party in interest and Defendants were not prejudiced because Ms. Shash has treated PolyCon as an extension of herself in discovery. Further, while not required, PolyCon's failure to sue as real party in interest could not affect the Court's subject matter jurisdiction because every Complaint in this action was filed by at least one other Plaintiff who was indisputably the real party in interest.

## ARGUMENT

### The Court Should Grant Substitution as to PolyCon Solutions LLC Because Liberal Standards Apply to Motions To Amend Parties or Pleadings

Under Rule 17(a)(3), "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Rule 17(a)(3) "codifies the modern judicial tendency to be lenient when an honest mistake has been made in selecting the proper plaintiff." *Klein v. Qlik Techs., Inc.*, 906 F.3d 215, 227 (2d Cir. 2018). "[T]he bar for granting leave to join real parties is low." *See Wiwa v. Royal Dutch Petroleum Co.*, 2009 WL 464946, at *10 (S.D.N.Y. Feb. 25, 2009) (granting Rule 17(a)(3) motion where no bad faith or prejudice to defendants existed).

Rule 17 is designed "[t]o avoid forfeitures of just claims." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 2021 (2d Cir. 1997) (quoting Fed. R. Civ. Proc. 17 Adv. Cmt. Notes (1966)). It is also designed to protect defendants, but only because they might face a subsequent legal action from the real party in interest even after defeating a case brought by the wrong plaintiff. *Prevor-Mayorsohn Caribbean, Inc. v. Puerto Rico Marine Mgmt., Inc.*, 620 F.2d

2

1, 4 (1st Cir. 1980) (Rule 17 is meant to protect "a defendant from facing a subsequent similar action brought by one not a party to the present proceeding and to ensure that any action taken to judgment will have its proper effect as res judicata."). Thus, courts have tended to allow substitution when Defendants have been "protect[ed] … from facing a subsequent similar action brought by the" real party in interest. *BBJ, Inc. v. MillerCoors, LLC*, 2017 WL 925004, at \*4 (D. Mass. Mar. 8, 2017) (Talwani, J.).

## I.    PolyCon is the Real Party in Interest in this Action

"The real party in interest is the party with the legal title to the claim asserted and is the party with the stake in the controversy that is being used to invoke the court's jurisdiction." *See Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 389 (2d Cir. 2021).

Ms. Shash founded PolyCon in 2016. Declaration of Jonathan Horne in Support of Motion for Substitution ("Horne Dec."), Ex. 1 at 30:5-6. Doc. No. 186. She is its sole shareholder and member, and has been at all times. *Id.* at 30:22-31:6. As PolyCon's sole member, Ms. Shash has plenary authority to buy or sell any security in PolyCon's account. Because she caused PolyCon to buy Biogen stock, rather than through her own account, PolyCon is the real party in interest. See Notice of Filing Amended PSLRA Certification, Doc. No. 181 at 1.

## II.    Substitution of PolyCon as Plaintiff is Appropriate Under Federal Rule of Civil Procedure 17(a)(3)

Substitution pursuant to Federal Rule of Civil Procedure 17(a)(3) is allowed where: (1) "[t]he complaint's only pertinent flaw [i]s the identity of the party pursuing [the] claims"; and (2) the proposed substitution does not threaten to prejudice the defendants. *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 2021 (2d Cir. 1997).

"A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or

3

the participants." *Advanced Magnetics*, 106 F.3d at 20. The only flaw in Ms. Shash's complaint is its failure to name PolyCon as the real party in interest. In fact, Ms. Shash's complaint has already survived Defendants' two exhaustive dispositive motions. PolyCon is not adding new claims or changing the existing claims, nor even changing any factual allegations, save for substituting itself for Ms. Shash. The existing factual and legal allegations will remain unchanged. Substitution is appropriate because it is "merely formal." *Advanced Magnetics*, 106 F.3d at 20.

*Second*, substitution will not prejudice Defendants. *See Wiwa*, 2009 WL 464946, at *10, 12 (substitution appropriate where defendants were made aware of the allegations against them in the initial complaint); *Park B. Smith v. CHF Indus. Inc.,* 811 F. Supp. 2d 766, 775 (S.D.N.Y. 2011) (similar); *Fletcher v. City of New London*, 2017 WL 690533, at *6 (D. Conn. Feb. 21, 2017) (similar) The substitution of PolyCon for Ms. Shash is literally only a nominal change. Defendants have already litigated the sufficiency of the SAC. They do not need to substantively amend their Answer. No time will it be necessary to bring other counsel up to speed because PolyCon is represented by the same counsel as Ms. Shash and the other Plaintiffs.

No additional discovery will be necessary. Under Rule 34, Ms. Shash was required to produce documents within her "possession, custody, or control." Fed. R. Civ. Proc. 34(a)(1). When doing so, Ms. Shash also searched PolyCon's documents. Doc. No. 186 at 1 at 72:18-73:15. For example, she searched her PolyCon email account for relevant documents. *Id.* at 73:6-10. Ms. Shash has not withheld any documents because they were legally in PolyCon's possession rather than her own. *Id.* at 72:18-21. Defendants knew PolyCon was the real party in interest well in advance of Ms. Shash's deposition because she produced the very PolyCon account statements that allowed them to make the determination. See Declaration of Nadia Shash in Support of

4

Plaintiffs' Motion for Substitution ("Shash Dec.") Doc. No. 185 at ¶4. Ms. Shash sat for her deposition and answered all Defendants' questions about PolyCon.

Thus, this litigation will proceed in the exact same way even after substitution of PolyCon.

### III.    Although Not Required, There Was A Semblance of A Reasonable Basis For Ms. Shash's Mistake

While bound to allow substitution where it is necessary to avoid injustice, courts have noted that district court retains some discretion to dismiss an action where there was "no semblance of any reasonable basis" for the naming of an incorrect party. *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997). But on the whole, district courts should deny substitution only when the initial decision to sue was "deliberate or tactical." *Klein*, 906 F.3d at 227. Ms. Shash did not act in bad faith in suing in her personal capacity rather than in the name of PolyCon. She derived no benefit from suing in her personal capacity. Nor did she try to. She did not use PolyCon's separate legal existence to evade, or even affect, her discovery obligations. She produced PolyCon corporate documents to show she was its sole member. She answered questions about PolyCon at her deposition.

Ms. Shash did not try to hide anything. She was not required to allege her capacity to sue in her complaint, so she did not. F.R.C.P. 9(a)(1)(A) ("a pleading need not allege[] a party's capacity to sue"); F.R.C.P. 10(a) (requiring only a caption that "name[s] all the parties," not necessarily their assignees or representatives). She timely produced the documents that showed PolyCon was the real party in interest. She then promptly moved to correct the mistake when it was discovered.

There is some semblance of a reasonable basis for the failure to name PolyCon as real party in interest. Ms. Shash controls PolyCon. Because of a miscommunication between Ms. Shash and Counsel, her PSLRA certification did not identify PolyCon as the legal entity which purchased

Biogen stock and Counsel did not at the time obtain her account statements to check the certification.[1] Doc. No, 185 at ¶4. There was no reason to revisit her transactions until summer 2025, when she first provided account statements to Counsel to produce to Defendants. *Id.* The failure to identify PolyCon as real party in interest was a mere oversight resulting from miscommunication which Plaintiffs had no reason to revisit until much later in the litigation.

### IV.    The Court Has Always Had Subject Matter Jurisdiction

This action was filed by Plaintiff Victor Menashe, whose standing is not disputed. Since "Article III standing is determined at the time a case is filed," Menashe's standing suffices to establish the Court's subject-matter jurisdiction. *BBJ*, 2017 WL 925004, at *3 (citing *Ramirez v. Sanchez Ramos*, 438 F.3d 92, 97 (1st Cir. 2006)). Regardless, the First and Second Amended Complaints were all filed by both Ms. Shash and Amjad Khan. Defendants do not argue that Ms. Khan is not the real party in interest.

Thus, that Ms. Shash was not the real party in interest had no impact on the Court's subject matter jurisdiction.

### CONCLUSION

For the foregoing reasons the Court should grant substitution and allow this litigation to proceed in the name of PolyCon, the real party in interest under F.R.C.P 17.

---

[1] Ms. Shash testified at her deposition that she had provided her account statements to counsel around the time she moved for appointment as lead plaintiff. Ms. Shash was mistaken. She had provided a list of trades in Biogen stock at the time of her motion for appointment as lead plaintiff, but not the statements that would have revealed that the transactions were in PolyCon's name. Doc. No. 185 at ¶4.

Dated: September 9, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/Laurence M. Rosen*
Laurence M. Rosen, Esq. (*pro hac vice*)
Jonathan Horne, Esq. (*pro hac vice*)
Brian B. Alexander, Esq. (*pro hac vice*)
Joshua Baker, Esq. (BBO #695561)
Sara Fuks, Esq. (*pro hac vice)*
275 Madison Avenue, 40th Floor
New York, NY 100016
Tel: (212) 686-1060
Fax: (212) 202-3827
lrosen@rosenlegal.com
jhorne@rosenlegal.com
balexander@rosenlegal.com
jbaker@rosenlegal.com
sfuks@rosenlegal.com

*Counsel for Plaintiffs and [proposed] Class Counsel*

7

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2025, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUBSTITUTION** was served by CM/ECF to parties registered to the Court's CM/ECF system.

*/s/Laurence Rosen*