# Exhibit G

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
Timothy W. Brown, Esq. (TB 1008)
350 5th Avenue, Suite 5508
New York, New York 10118
Tel: (212) 686-1060
Fax: (212) 202-3827
email: lrosen@rosenlegal.com
email: pkim@rosenlegal.com
email: tbrown@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

| | |
|---|---|
| JAKE VALE, on behalf himself and all others similarly situated, | Case No.: 09-CV-3807 (RMB) |
| Plaintiff, | CLASS ACTION |
| vs. | **DECLARATION OF LAURENCE ROSEN** |
| EDWIN J. MCGUINN, JR., VISHAL GARG, YARIV KATZ and RAZA KHAN, | |
| Defendants. | |

--------------------------------------------------------------X

| | |
|---|---|
| PETER GIANOUKAS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 09-CV-4963 (RMB) |
| Plaintiff, | CLASS ACTION |
| vs. | |
| EDWIN J. MCGUINN, JR., VISHAL GARG, YARIV KATZ and RAZA KHAN, | |
| Defendants. | |

--------------------------------------------------------------X

**<u>DECLARATION OF LAURENCE ROSEN</u>**

Laurence M. Rosen hereby declares under penalty of perjury:

1.      I am the managing shareholder of the Rosen Law Firm, P.A., proposed Lead Counsel in this action and have personal knowledge of the facts set forth herein.  I am duly admitted to practice law in the State of New York and before this Court.  I make this Declaration in support of the Motion of Plaintiffs Peter Gianoukas and Allan Borkowski (collectively the "Gianoukas Group") to be appointed Lead Plaintiff, and for approval of the Rosen Law Firm, P.A (the "Firm") to serve as Lead Counsel.

2.      This Declaration is not a waiver of the attorney-client privilege or work product immunity.

3.      In early May of 2009, I was contacted by Mr. Gianoukas about the securities class action filed on behalf of MRU shareholders.  After additional discussions and review of MRU's SEC filings, our Firm determined it was willing to represent Mr. Gianoukas.  Thereafter, I instructed one of the Firm's attorneys to prepare a draft complaint in this matter.

4.      On May 26, 2009, my office received a signed PSRLA certification from Peter Gianoukas via fax.  My firm's fax service is provided through eFax, an electronic service provider.  Incoming faxes to my office fax number are emailed to my Firm's email address and the email address of a Firm paralegal.  As a matter of course and practice, such faxes are saved by the Firm paralegal on the Firm's server.

5.      Thereafter, I prepared a civil coversheet and a final version of the complaint for filing, both of which I signed.  I then instructed the Firm paralegal to print a copy of Mr. Gianoukas's PSLRA certification form and to attach it to the signed complaint for filing.  I then instructed the same paralegal to go to the District Court to file the complaint and related documents.

6. On May 27, 2009, the Firm paralegal filed the Gianoukas complaint.

7. Thereafter, I learned the Gianoukas complaint had been filed without Mr. Gianoukas's PSLRA certification.

8. In response, I checked the Firm's server and located Mr. Gianoukas's signed PSLRA certification. The fax was dark and difficult to read. A copy of the fax of Mr. Gianoukas's signed PSLRA certification is attached hereto as Ex. 1. Both the fax header and Mr. Gianoukas's signature identify May 26, 2009 as the date the certification was signed by Mr. Gianoukas and faxed to the Firm.

9. Because portions of the trade data recorded on the PSLRA certification was dark and not clearly legible, I informed Mr. Gianoukas that the Firm would be sending him a clean certification to sign.

10. Prior to sending Mr. Gianoukas a new copy of his certification to sign, it was discovered by the Firm that two of Mr. Gianoukas's trades listed had been inadvertently entered as purchases instead of sales. These transactions - the 4,200 shares and 3,800 shares listed as purchases made on 6/23/08 - were in fact sales. *See* Ex. 1. Our paralegal emailed to Mr. Gianoukas the corrected and cleaner, unsigned copy of his PSLRA certification. Additionally, this new copy of the certification also included Mr. Gianoukas' post-class period sale of 47,100 shares at 1 cent per share, which, while not required in the certification, were included (*See* Ex. 1, "The following is a list of all purchases and sales I made in MRU securities during the *Class Period*.").

11. My Firm received this new copy of Mr. Gianoukas's certification on June 16, 2009. A true and correct copy of this certification form, bearing a fax header reading "6/16//09" is attached hereto as exhibit 2.

2

12.     On June 17, 2009, I prepared a notice of errata, and filed Mr. Gianoukas's certification with the Court.

I declare under penalty of perjury that the following is true and correct.

Executed: July 20, 2009

_____

Laurence M. Rosen

3

## CERTIFICATE OF SERVICE

I hereby certify that on this on the 20th day of July 2009, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim

4

# EXHIBIT 1

# THE ROSEN LAW FIRM P.A.
## 350 FIFTH AVENUE, SUITE 5508
## NEW YORK, NY 10118
## TEL:(212) 686-1060
## FAX: (212) 202-3827
## EMAIL: NHUDDELL@ROSENLEGAL.COM

### FACSIMILE TRANSMITTAL SHEET

| TO: Peter Gianoukas | FROM: Nathan Huddell |
|---|---|
| COMPANY: | DATE: 5/26/2009 |
| FAX NUMBER: (717) 464-1477 | TOTAL NO. OF PAGES INCLUDING COVER: 3 |
| PHONE NUMBER: | |

RE:
Certification in MRU Holdings Sec. Litig.

☐ URGENT  ☐ FOR REVIEW  ☐ PLEASE COMMENT  ☒ PLEASE REPLY  ☐ PLEASE RECYCLE

Notes/Comments:

Dear Mr. Gianoukas,

Faxed herewith please find a partially completed certification form in the matter of MRU Holdings securities litigation. Your trades have been recorded on the form, but your address, phone number, and signature are absent from it. Please enter your contact information and sign the certification form before faxing it back to our office at (212) 202-3827.

Regards,

Nathan Huddell

## CERTIFICATION

The individual or institution listed below (the "Plaintiff") authorizes the Rosen Law Firm, P.A. to file an action or amend a current action under the federal securities laws to recover damages and to seek other relief against the officers and directors of MRU Holdings, Inc. ("MRU"). The Rosen Law Firm, P.A. agrees to prosecute the action on a contingent fee basis not to exceed one-third of any recovery and will advance all costs and expenses. Any legal fees and expenses will be determined by, and payable, only upon order of the U.S. District Court.

Plaintiff declares, as to the claims asserted under the federal securities laws, that:

1.      I have reviewed the complaint against certain of its officers of MRU and authorized the filing thereof by the Rosen Law Firm, P.A., whom I retain as counsel in this action for all purposes.

2.      I did not engage in transactions in the securities that are the subject of this action at the direction of plaintiff's counsel or in order to participate in this or any other litigation under the securities laws of the United States.

3.      I am willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at deposition and trial.

4.      The following is a list of all of the purchases and sales I have made in MRU securities during the Class Period set forth in the complaint. I have made no transactions during the class period in the debt or equity securities that are the subject of this lawsuit except those set forth below.

| Number of Shares Purchased or Sold | Date(s) Purchased | Price Paid Per Share | Date(s) Sold (if applicable) | Price Sold Per Share |
|---|---|---|---|---|
| 7800 | 11/4/2008 | $0.13 | | $ |
| 1978 | 9/3/2008 | $1.08 | | $ |
| 100 | 9/3/2008 | $1.07 | | $ |
| 700 | 8/25/2008 | $0.94 | | $ |
| 4300 | 8/25/2008 | $0.94 | | $ |
| 5000 | 8/15/2008 | $1.22 | | $ |
| 5000 | 8/15/2008 | $1.20 | | $ |
| 2400 | 7/29/2008 | $1.60 | | $ |
| 7800 | 7/21/2008 | $2.00 | | $ |
| 4200 | 6/29/2008 | $2.19 | | $ |
| 5800 | 6/23/2008 | $2.19 | | $ |
| 700 | 5/30/2008 | $2.25 | | $ |
| 8200 | 5/30/2008 | $2.60 | | $ |

**PLEASE FAX CERTIFICATION TO ROSEN LAW FIRM: (212) 202-3827**

5. I have not, within the three years preceding the date of this certification, sought to serve or served as a representative party on behalf of a class in an action involving alleged violations of the federal securities laws, except: for the following company(ies):

6. I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as travel expenses and lost wages directly related to the class representation, as ordered or approved by the court pursuant to law.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _26_ day of ___MAY___, 2009.

Signature: _____

Name: Peter Gianoukas

Address: 5 Douglano Court Lancaster PA 17602

Tel: 717 409 9295

Email: PG10578 @ yahoo.com

Item. 4 (continue from prior page if needed)

| Number of Shares Purchased or Sold | Date(s) Purchased | Price Paid Per Share | Date(s) Sold (if applicable) | Price Sold Per Share |
|---|---|---|---|---|
| 500 | 5/30/2008 | $2.59 | | $ |
| 200 | 5/30/2008 | $2.54 | | $ |
| 1100 | 5/30/2008 | $2.53 | | $ |
| 14700 | 5/8/2008 | $2.25 | | $ |
| | 5/8/2008 | $2.24 | | $ |
| | 5/8/2008 | $2.25 | | $ |
| | 5/8/2008 | $2.22 | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |

PLEASE FAX CERTIFICATION TO ROSEN LAW FIRM at (212) 202-3827
THE ROSEN LAW FIRM P.A.
350 FIFTH AVENUE, SUITE 5508
NEW YORK, NY 10118

# EXHIBIT 2

5.      I have not, within the three years preceding the date of this certification, sought to serve or served as a representative party on behalf of a class in an action involving alleged violations of the federal securities laws, except: for the following company(ies):

6.      I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as travel expenses and lost wages directly related to the class representation, as ordered or approved by the court pursuant to law.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _____ day of _____, 2009.

Signature: _____
Name:      Peter Gianoukas
Address:
Tel:
Email:

Item. 4 (continue from prior page if needed)

| Number of Shares Purchased or Sold | Date(s) Purchased | Price Paid Per Share | Date(s) Sold (if applicable) | Price Sold Per Share |
|---|---|---|---|---|
| 500 | 5/30/2008 | $2.59 | | $ |
| 200 | 5/30/2008 | $2.54 | | $ |
| 1100 | 5/30/2008 | $2.53 | | $ |
| 14700 | 5/8/2008 | $2.25 | | $ |
| 4700 | 5/8/2008 | $2.24 | | $ |
| 300 | 5/8/2008 | $2.23 | | $ |
| 300 | 5/8/2008 | $2.22 | | $ |
| 47,100 | | $ | 2/10/2009 | $0.01 |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |

PLEASE FAX CERTIFICATION TO ROSEN LAW FIRM at (212) 202-3827
OR MAIL TO:
THE ROSEN LAW FIRM PA
350 FIFTH AVENUE, SUITE 5508
NEW YORK, NY   10118

2

## CERTIFICATION

The individual or institution listed below (the "Plaintiff") authorizes the Rosen Law Firm, P.A. to file an action or amend a current action under the federal securities laws to recover damages and to seek other relief against the officers and directors of MRU Holdings, Inc. ("MRU"). The Rosen Law Firm, P.A. agrees to prosecute the action on a contingent fee basis not to exceed one-third of any recovery and will advance all costs and expenses. Any legal fees and expenses will be determined by, and payable, only upon order of the U.S. District Court.

Plaintiff declares, as to the claims asserted under the federal securities laws, that:

1.      I have reviewed the complaint against certain of its officers of MRU and authorized the filing thereof by the Rosen Law Firm, P.A., whom I retain as counsel in this action for all purposes.

2.      I did not engage in transactions in the securities that are the subject of this action at the direction of plaintiff's counsel or in order to participate in this or any other litigation under the securities laws of the United States.

3.      I am willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at deposition and trial.

4.      The following is a list of all of the purchases and sales I have made in MRU securities during the Class Period set forth in the complaint. I have made no transactions during the class period in the debt or equity securities that are the subject of this lawsuit except those set forth below.

| Number of Shares Purchased or Sold | Date(s) Purchased | Price Paid Per Share | Date(s) Sold (if applicable) | Price Sold Per Share |
|---|---|---|---|---|
| 7800 | 11/4/2008 | $0.13 | | $ |
| 1978 | 9/3/2008 | $1.08 | | $ |
| 100 | 9/3/2008 | $1.07 | | $ |
| 700 | 8/25/2008 | $0.94 | | $ |
| 4300 | 8/25/2008 | $0.94 | | $ |
| 5000 | 8/15/2008 | $1.22 | | $ |
| 5000 | 8/15/2008 | $1.20 | | $ |
| 2400 | 7/29/2008 | $1.60 | | $ |
| 7600 | 7/29/2008 | $1.5899 | | $ |
| 4200 | | $ | 6/23/2008 | $2.1901 |
| 3800 | | $ | 6/23/2008 | $2.19 |
| 100 | 5/30/2008 | $2.25 | | $ |
| 8200 | 5/30/2008 | $2.60 | | $ |

PLEASE FAX CERTIFICATION TO ROSEN LAW FIRM: (212) 202-3827