**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

NADIA SHASH and AMJAD KHAN,
Individually and On Behalf of All Others
Similarly Situated,

      Plaintiffs,

      v.

BIOGEN INC., MICHEL VOUNATSOS, and
ALFRED W. SANDROCK, JR.,

      Defendants.

Civil Action No.: 1:21-cv-10479-IT

**Leave to File 2-Page Reply Granted on 10/6/2025**

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS LEAD PLAINTIFF SHASH
AND MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST SHASH**

Both parties agree that PolyCon, not Shash, transacted in Biogen stock, and Plaintiffs concede that Shash "lack[s] prudential standing." Doc. No. 203 at 2–3. Accordingly, she must be dismissed as a plaintiff in this lawsuit.

Plaintiffs' opposition instead raises the issue of what *order* the Court should address the competing motions. Arguing that Shash has Article III standing, Plaintiffs ask the Court to decide substitution first. *Id.* Plaintiffs are wrong because Shash lacks both Article III and statutory standing, but, most importantly, Shash cannot continue as a plaintiff in this lawsuit and dismissal of Shash should be granted irrespective of the resolution of the substitution issue.

Regarding Article III standing, Plaintiffs contend that because Shash "suffered an injury through an entity [she] own[s]"—PolyCon—she suffered a *personal* injury sufficient to convey Article III standing. *Id.* Plaintiffs rely on *Gianfrancesco* v. *Town of Wrentham*, 712 F.3d 634 (1st Cir. 2013), for the proposition that issues of "shareholder-standing" implicate "prudential standing," not constitutional standing. Doc. No. 203 at 2. But in a different opinion, which *Gianfrancesco* does not purport to overrule, the First Circuit explained that "[a]ctions to enforce corporate rights or redress injuries to [a] corporation cannot be maintained by a stockholder in his own name," as the shareholder would lack "Article III standing." *Diva's Inc.* v. *City of Bangor*, 411 F.3d 30, 42 (1st Cir. 2005). Other courts have relied on *Diva's* to explain that just as shareholders "lack Article III standing to enforce the rights of the corporation or redress the corporation's injuries in their individual capacities," a limited liability company member "cannot bring an action in his own name to enforce the rights or redress the injuries of the LLC." *One World, LLC* v. *Manolakos*, 2025 WL 2784990, at *5 (D. Mass. Sept. 30, 2025); *accord Rojas* v. *Cap. One Fin. Corp.*, 2024 WL 4045376, at *2 (D. Mass. Sept. 4, 2024) (similar).

Even under *Gianfrancesco*, a plaintiff must allege an injury, separate from any injury to

the LLC, to have Article III standing.  712 F.3d at 638; *Rojas*, 2024 WL 4045376, at *3 (same).

But Plaintiffs cite no evidence explaining Shash's "personal" injury, and Shash testified that ███

████████████████████████████████████████████████████████████████████████████

████████████████████████  Doc. No. 195 at 8; Doc. No. 189-3 at 35:19–21, 39:6–25,

53:20–24, 54:2–10, 54:20–55:16.  PolyCon alone suffered an alleged loss on its Biogen shares,

and without a "personal" injury, Shash lacks Article III standing.  *OneWorld*, 2025 WL 2784990,

at *5 (no Article III standing where LLC, "not [plaintiff] individually," allegedly harmed).[1]

Plaintiffs ask the Court to "bypass the standing question" and "defer resolution" until after

deciding substitution, relying again on *Gianfrancesco*.  Doc. No. 203 at 3.  But there, the proper

plaintiff was "unclear," so the court chose to "bypass" the "confusion" on the prudential standing

question "in favor of a more straightforward resolution on the merits."  712 F.3d at 637–38.  By

contrast, the court in *SonicSolutions Algae Control, LLC* v. *Diversified Power International, LLC*

faulted plaintiffs for "overread[ing] *Gianfrancesco*" and held that, where the "standing question is

clear," courts "will not bypass addressing" it.  722 F. Supp. 3d 16, 39–40 (D. Mass. 2024).  Here,

the standing question is clear:  PolyCon, not Shash, purchased Biogen stock at allegedly inflated

prices and purportedly suffered a loss when that stock declined.  Shash has had the opportunity to

identify a personal injury, but fails to do so.  Accordingly, there is no need to "defer" ruling.

For these reasons and those set forth in Defendants' opening brief, Defendants' Motions to

Dismiss Shash and for Judgment on the Pleadings against Shash should be granted.

---

[1] Plaintiffs offer no factual support for their characterization of PolyCon as a "single-member pass-through LLC," Doc. No. 203 at 3, nor do they identify any authority for the proposition that its tax status has any bearing on Shash's standing.  It does not.  As a Virginia LLC, PolyCon is "a legal entity entirely separate and distinct" from its members, and "any claim regarding [its] assets must be pursued by, and in the name of, the LLC, . . . even though the LLC has only a single member." *Erie Ins. Exch.* v. *EPC MD 15, LLC*, 822 S.E.2d 351, 356 (Va. 2019).

Dated: October 14, 2025

Respectfully submitted,

*/s/ Audra J. Soloway*

Audra J. Soloway (*pro hac vice*)
Richard C. Tarlowe (*pro hac vice*)
Daniel S. Sinnreich (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
asoloway@paulweiss.com
rtarlowe@paulweiss.com
dsinnreich@paulweiss.com

William J. Trach (BBO #661401)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
william.trach@lw.com

*Counsel for Defendants*
*Biogen Inc., Michel Vounatsos,*
*and Alfred W. Sandrock, Jr.*

3

## CERTIFICATE OF SERVICE

I hereby certify that a true, unredacted version of the foregoing document was served by electronic mail on all counsel of record this 14th day of October, 2025.

*/s/ Audra J. Soloway*
Audra J. Soloway
