**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| NADIA SHASH and AMJAD KHAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIOGEN INC., MICHEL VOUNATSOS, and ALFRED W. SANDROCK, JR.,<br><br>Defendants. | Civil Action No.: 1:21-cv-10479-IT |

**DECLARATION OF AUDRA J. SOLOWAY IN SUPPORT OF DEFENDANTS'**
**MOTION FOR LEAVE TO FILE A SUR-REPLY IN FURTHER**
**OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, AUDRA J. SOLOWAY, hereby declare as follows, pursuant to 28 U.S.C. § 1746:

1.      I am a member of the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP, an international law firm with its principal office at 1285 Avenue of the Americas, New York, New York 10019-6064, and represent defendants Biogen Inc., Michel Vounatsos, and Alfred W. Sandrock, Jr., M.D., Ph.D. (together, "Defendants") in the above-captioned action.  I respectfully submit this declaration in support of Defendants' Motion for Leave to File a Sur-reply in Further Opposition to Plaintiffs' Motion for Class Certification (the "Motion") (Doc. No. 216).  The information set forth below is based on my personal knowledge.

2.      Counsel for Plaintiffs has advised us that they object to Defendants' Motion on the purported basis that the parties agreed, several years ago, that Defendants would not file a sur-reply if Plaintiffs addressed price impact in their opening brief in support of class certification.

3.      No such agreement was reached between the parties.

4.     My recollection, supported by our internal contemporaneous notes, is that the parties had a single discussion over two years ago, on November 15, 2023, about whether to include a deadline for a sur-reply in the parties' proposed scheduling order.  Defendants had suggested adding a deadline for a sur-reply to the parties' proposed scheduling order.  Plaintiffs advised that they intended to address price impact in their opening brief, making a sur-reply unnecessary in their view.  Defendants then agreed to review Plaintiffs' opening brief before deciding whether a sur-reply was warranted and reserved all rights.  I did not agree that Defendants would not file a sur-reply, much less commit my clients to that position without even having seen Plaintiffs' opening brief or reply brief.

5.     We have searched our emails and other records in this case, and have located no record of an agreement with Plaintiffs' counsel not to file a sur-reply on Plaintiffs' motion for class certification.  My colleagues, including those who participated in the November 15, 2023 call, also do not recall any agreement by Defendants not to submit a sur-reply.  In response to our requests, Plaintiffs' counsel has not produced any written record of such an agreement.

6.     Attached as **Exhibit 1** is a copy of the Declaration of Audra J. Soloway in Support of Defendants' Sur-reply and accompanying exhibits.

7.     Attached as **Exhibit 2** is a copy of Defendants' Sur-reply in Further Opposition to Plaintiffs' Motion for Class Certification.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 25, 2025 in New York, New York.

*/s/ Audra J. Soloway*
Audra J. Soloway

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 25th day of November 2025, I caused a copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF system.

*/s/ Audra J. Soloway*
Audra J. Soloway