**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

*Counsel for Plaintiffs and the Putative Class*

[additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NADIA SHASH and AMJAD KHAN Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>BIOGEN INC., MICHEL VOUNATSOS, and ALFRED W. SANDROCK, JR.,<br><br>      Defendants. | CASE No.: 1:21-cv-10479-IT<br><br>**MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br><u>**CLASS ACTION**</u> |

Pursuant to Local Rule 7.1(b)(3), Lead Plaintiff Nadia Shash and Named Plaintiffs Amjad Khan and Albert Aftoora ("Plaintiffs") hereby move this Court for leave to submit a reply memorandum in further support of Plaintiffs' Motion for Leave to File Third Amended Complaint. As grounds for this motion, Plaintiffs state as follows:

1.      On January 9, 2026, Plaintiffs filed their Motion for Leave to File Third Amended Complaint. Doc. No. 229. On February 13, 2026, Defendants Biogen, Inc., Michel Vounatsos, and Alfred Sandrock ("Defendants") filed their opposition to same ("Opposition"). Doc. No. 239.

2.      There is good cause to grant Plaintiffs leave to file a reply.

1

3.      In their memorandum of law in support of the Motion, Plaintiffs affirmatively establish, as they must, that plaintiffs may amend complaints based on materials obtained in discovery, that the amendment meets the requirements of the precedent interpreting Rule 15(a), that Plaintiffs have good cause under Rule 15(a), and that the Complaint states a claim. Plaintiffs must affirmatively establish each of these points to be entitled to amendment. Doc. No. 230.

4.      In their Opposition, Defendants did not need to respond to all the points Plaintiffs made, because they only need to show that Plaintiffs do not meet specific elements. Instead, as they can, Defendants spend 30 pages making argument after argument that Plaintiffs did not show good cause, that the Complaint does not state a claim, or that amendment would prejudice Defendants. Doc. No. 239.

5.      If Plaintiffs do not respond to Defendants' arguments, the Court could find that Plaintiffs conceded them.

6.      Local Rule 7.1(b)(4) does not impose any page limits on replies. There is good cause to allow Plaintiffs to file a reply without imposing additional page limits. By default, Plaintiffs will have 20 pages for their Reply.

7.      Defendants do not oppose Plaintiffs' request to file a reply of up to 8 pages, but oppose any relief beyond that. With Plaintiffs' consent, the Court granted Defendants leave to file replies of up to 20 pages in support of their Motion to Dismiss the First Amended Complaint (Doc. No. 39), the Second Amended Complaint (Doc. No. 69) and their Motion for Judgment on the Pleadings (Doc. No. 136). Defendants' reply in support of their Motion to Dismiss was 17 pages long and their reply in support of their motion for judgment on the pleadings was 14 pages long. Plaintiffs will endeavor to write as succinctly as they can and hope to submit a brief that is shorter than 20 pages.

WHEREFORE, the Court should enter an Order permitting Plaintiffs to file a reply memorandum in further support of Plaintiffs' Motion for Leave to File Third Amended Complaint, due no earlier than two weeks after the Court grants leave.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned counsel for Plaintiffs certifies that he has conferred with counsel for Defendants, who advised that while Defendants would not oppose an 8-page reply brief, they oppose any brief of greater length, including the 20-page brief requested by Plaintiffs. Defendants also reserve the right to seek leave to file a sur-reply brief.

Dated: February 19, 2026    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ *Laurence Rosen*
Laurence M. Rosen, Esq. (pro hac vice)
Jonathan Horne, Esq. (pro hac vice)
Brian B. Alexander, Esq. (pro hac vice)
Sara Fuks, Esq. (pro hac vice)
Joshua Baker, Esq. (BBO #695561)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
lrosen@rosenlegal.com
jhorne@rosenlegal.com
balexander@rosenlegal.com
sfuks@rosenlegal.com
jbaker@rosenlegal.com

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 19, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/ *Laurence Rosen*</u>