**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

NADIA SHASH and AMJAD KHAN,
individually and on behalf of all others
similarly situated,

      Plaintiffs,

      v.

BIOGEN INC., MICHEL VOUNATSOS, and
ALFRED W. SANDROCK, JR.,

      Defendants.

Civil Action No. 1:21-cv-10479-IT

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS'
<u>MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT</u>**

Defendants respectfully submit this response to Plaintiffs' motion for leave to file a 20-page reply brief ("Reply Motion," Doc. No. 242). The Reply Motion correctly states that Defendants do not oppose the filing of an 8-page reply, but omits Defendants' basis for that position. (Defendants' position was explained to Plaintiffs by email on February 17, 2026, and is annexed as Ex. A.)

As the Reply Motion acknowledges, to obtain leave to amend the complaint—as Plaintiffs seek to do ("Amendment Motion," Doc No. 230)—Plaintiffs must "affirmatively establish" that the amended complaint "states a claim." Doc. No. 242 at 2. The Amendment Motion, however, did not address several of the grounds on which this Court dismissed the prior complaint—including Plaintiffs' failure to plead falsity and loss causation—or explain how the proposed amendment cures these deficiencies. Defendants' opposition brief necessarily addressed these issues, to show that the Proposed Third Amended Complaint fails to state a claim. Defs.' Opp. Br., Doc. No. 239 at 13-29. Plaintiffs now essentially admit their failure and ask for a reply brief

so they are not found to have "conceded" these points.  Doc. No. 242 at 2.  It was Plaintiffs' *choice* not to address these issues in their Amendment Motion—despite their admitted burden to "affirmatively establish" that the amendment "states a claim." *Id.*  That is why Defendants reserved all rights to object in the event that Plaintiffs address new issues for the first time in reply.  *See id.* at 3; Ex. A.

Finally, Defendants respectfully submit that an 8-page reply is sufficient because it would provide Plaintiffs with 30 total briefing pages, the same number of pages submitted by Defendants.  This proposed parity is consistent with the Court's recent Order setting equal page limits for class certification briefing.  *See* Dec. 8, 2025 Electronic Order, Doc. No. 220.[1]

---

[1] Plaintiffs' opening brief here was approximately 22 pages because it used 1.75x spacing in violation of Local Rule 7.1(b)(4).  *See* Doc. No. 230.  While Plaintiffs note that Defendants obtained permission to file 20-page replies during prior motion to dismiss briefing, Doc. No. 242 at 2, those replies were responding to longer opposition briefs.

Dated: February 19, 2026

Respectfully submitted,

/s/ *Audra J. Soloway*

Audra J. Soloway (*pro hac vice*)
Richard C. Tarlowe (*pro hac vice*)
Daniel S. Sinnreich (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
asoloway@paulweiss.com
rtarlowe@paulweiss.com
dsinnreich@paulweiss.com

William J. Trach (BBO # 661401)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
william.trach@lw.com

*Counsel for Defendants*
*Biogen Inc., Michel Vounatsos,*
*and Alfred W. Sandrock, Jr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2026, I caused a copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF system.

/s/ *Audra J. Soloway*
Audra J. Soloway