# Exhibit A

**From:**       Sinnreich, Daniel S
**Sent:**       Tuesday, February 17, 2026 6:04 PM
**To:**         Jonathan Horne; Patterson, Samuel B; Soloway, Audra J; Tarlowe, Richard; Patterson, Samuel B; Bui, Samantha; BJ Trach (william.trach@lw.com)
**Cc:**         Laurence Rosen; Brian Alexander; Erik Shawn
**Subject:**    RE: Biogen - follow up

Jonathan,

Defendants do not consent to Plaintiffs' request to file a 20-page reply brief, and we disagree with a number of the assertions in your request.

First, replies are not permitted without leave in this district, and there is no "local rule" setting forth a page limit for replies. To the extent you are referring to LR 7.1(b)(4), that rule applies to moving and opposition briefs, not replies.

Second, the assertion that plaintiffs have had "no opportunity to respond" to defendants' "full-fledged motion to dismiss" is wrong and misstates the posture. As your motion for leave to amend acknowledges, the proposed amendment is futile if the proposed third amended complaint ("PTAC") fails to state a claim. Indeed, your moving brief acknowledges that "the standard of review for futility is equivalent to that of a 12(b)(6) motion" and that "amendment is not futile if construing the well-pleaded facts of the complaint in the light most favorable to the plaintiff, the complaint states a claim for which relief can be granted." (Mot. 7-8.) Your moving brief also offers affirmative arguments for why the PTAC states a claim. It was Plaintiffs' choice, in their moving brief, not to address several essential elements of the proposed Section 10(b) claims. For example, Plaintiffs were certainly aware that the District Court dismissed the operative complaint on falsity grounds, but Plaintiffs nonetheless chose not to address those grounds in their motion, or to explain whether the PTAC cures the earlier-identified deficiencies. In Defendants' view it is inappropriate for Plaintiffs to lie in wait, and then address such arguments for the first time in a reply brief.

Third, Plaintiffs' request for 20 pages is disproportionate. Your page-length comparison ignores that Defendants needed to respond not only to your moving brief, but also the 136-page PTAC. We did so in 30 pages. Plaintiffs should not have 40 total pages of briefing, plus a 136-page proposed pleading, to address the same issues.

If Plaintiffs seek to file a reply, Defendants will not oppose an 8-page reply brief. Because your moving brief used incorrect spacing (1.75x instead of 2x), it was approximately 22 pages in length. An 8-page reply will give Plaintiffs 30 total pages, the same as Defendants received. This is consistent with the Court's recent order setting page limits for class certification briefing where each party received the same number of pages.

In offering this compromise, Defendants reserve the right to later respond to any arguments in Plaintiffs' proposed reply brief, should the Court permit additional briefing, that Defendants have not yet had the opportunity to address, including because Plaintiffs chose to save certain arguments for their reply.

We will address the balance of your questions in a separate email.

Best,
Dan

1

**Daniel S. Sinnreich** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 2540 (Direct Phone) | +1 631 379 4120 (Cell)
dsinnreich@paulweiss.com | www.paulweiss.com

---

**From:** Jonathan Horne <JHorne@rosenlegal.com>
**Sent:** Tuesday, February 17, 2026 12:33 PM
**To:** Patterson, Samuel B <spatterson@paulweiss.com>; Soloway, Audra J <asoloway@paulweiss.com>; Tarlowe, Richard <rtarlowe@paulweiss.com>; Sinnreich, Daniel S <dsinnreich@paulweiss.com>; Patterson, Samuel B <spatterson@paulweiss.com>; Bui, Samantha <sbui@paulweiss.com>; BJ Trach (william.trach@lw.com) <william.trach@lw.com>
**Cc:** Laurence Rosen <lrosen@rosenlegal.com>; Brian Alexander <balexander@rosenlegal.com>; Erik Shawn <eshawn@rosenlegal.com>
**Subject:** Biogen - follow up

Counsel

I am following up on the following issues. Please get us an update on these matters by February 19. We note that on the 2/9/2026 meet and confer, Defendants stated that they would get us answers in a few days.

  (1)  Defendants' acceptance of subpoenas to former Biogen employees.
  (2)  Defendants' position concerning the production of text messages.
  (3)  Defendants' position concerning the stipulation to adjourn the discovery cut off and other deadlines.
  (4)  Timing for Defendants' remaining productions.

In addition, I am stating Plaintiffs' position on the following:
  (1)  Plaintiffs will provide an updated privilege log.
  (2)  Having reviewed Defendants' opposition, it is clear that there is no reason to impose page limits on Plaintiffs' reply beyond those set out in the local rules. Defendants' opposition is essentially a full-fledged motion to dismiss that Plaintiffs have had no opportunity to respond to. Moreover, we note that Defendants had 18 pages for their reply ISO their motion to dismiss both the FAC and SAC. Nor were there limitations on Defendants' reply ISO their motion for judgment on the pleadings. Accordingly, there are no grounds to impose page limits on Plaintiffs' reply. Plaintiffs further propose that any reply be due on March 6. Please give us your position by February 19.

Thank you.


Jonathan Horne
275 Madison Avenue, 40th Floor
New York, New York 10016
Cell:  917-509-6721
Direct: 646-437-7791
Main: 212-686-1060
jhorne@rosenlegal.com

2